

**GEORGIA M. PESTANA**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

February 23, 2022

**BY ECF**
Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: Joseph Srour v. City of New York et. al.,
      22-CV-0003 (JPC)

Your Honor:

   I am an attorney in the office of Georgia M. Pestana, Corporation Counsel of the City of New York, attorney for defendants City of New York ("City") and New York City Police Department ("NYPD") Commissioner Keechant Sewell in the above-entitled action. Pursuant to Your Honor's Individual Rules of Practice, I write to respectfully request a pre-motion conference regarding defendants' anticipated motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

   This case stems from the NYPD License Division's determination denying plaintiff's applications for a premises residence handgun license ("handgun license") and a rifle/shotgun permit. Both applications were denied in a final determination issued by the License Division on or about November 7, 2019[1] citing plaintiff's history of arrests for attempted murder and criminal trespass, plaintiff's failure to disclose the arrests on both license applications until the investigator independently learned of the arrests and asked plaintiff for an explanation, and his history of driving violations and driver's license revocations. As a preliminary matter, the complaint contains incorrect or misleading factual allegations regarding the content of the NYPD's final determination denying plaintiff's applications for a premises residence handgun license and rifle/shotgun license which are easily disproven by review of the document itself. Compl. at ¶¶ 89-98. For example, the Complaint asserts that plaintiff disclosed his arrest history to the License Division, while the NYPD's determination demonstrates that plaintiff indicated he had no arrest history until after he was informed that the investigator knew about his prior arrests. Id. Plaintiff also appears to minimize the findings regarding his driver's

---

[1] While a court typically only examines the allegations of a pleading on a motion to dismiss, "[d]ocuments that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered." Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007) (citations omitted).

license history. Id. Plaintiff's factually incorrect assertions regarding the content of the administrative determination need not be relied upon by the court.[2]

Plaintiff now challenges the provisions directing that the NYPD consider, inter alia, an applicant's arrest history (Title 38 of the Rules of the City of New York ("RCNY") §§ 3-303(a) & 5-10(a)), lack of candor (38 RCNY §§ 3-303(e) & (n) and 5-10(e) & (n)), and driving history (38 RCNY §§ 3-303(h) & 5-10(h)) when making a determination regarding an application for a firearm license. Plaintiff also challenges New York City Administrative Code ("AC") § 10-303(a)(2) & (9) which provides that an applicant for a rifle/shotgun license is not entitled to a license if such person, inter alia, "is not of good moral character" or "good cause exists for the denial" of the application, and AC § 10-310 which makes it a misdemeanor to, inter alia, possess or purchase a firearm without a license.[3] Plaintiff argues that the Challenged Regulations violate the Second Amendment on their face and as applied to plaintiff, and that they are pre-empted by New York State Penal Law ("PL") §§ 265.00 and 400.00.

Plaintiff fails to state a claim for relief. First, plaintiff cannot maintain a Second Amendment claim because governing law establishes that the challenged provisions are substantially related to the achievement of an important government interest. Since defendants are entitled to dismissal of plaintiff's federal claims, this Court should not exercise supplemental jurisdiction over the state law pre-emption claim, which, in any event, fails on the merits.

**A.   Plaintiff Fails to Plausibly Allege a Second Amendment Violation.**

First, the Challenged Regulations easily pass intermediate scrutiny, the applicable level of scrutiny according to Second Circuit precedent. See, e.g., N.Y. State Rifle & Pistol Ass'n v. Cuomo ("NYSRPA"), 814 F.3d 242, 254 (2d Cir. 2015). Where a challenged legislation "impinges upon conduct protected by the Second Amendment," the appropriate level of scrutiny is determined by "(1) how close the law comes to the core of the Second Amendment right, and (2) the severity of the law's burden on the right." Id. at 257-58 (citations omitted). Courts in the Second Circuit use intermediate scrutiny to evaluate claims challenging the constitutionality of regulations aimed at restricting gun possession by individuals who are not the "law-abiding, responsible citizens" to whom the Second Amendment guarantees the right to possess arms. See, e.g., Toussaint v. City of New York, No. 17-CV-5576 (NGG), 2018 U.S. Dist. LEXIS 152985, *13 (E.D.N.Y. Sept. 6, 2018); Mishtaku v. City of New York, No. 14-CV-0839 (VSB), 2015 U.S. Dist. LEXIS at *10 (S.D.N.Y. May 4, 2015). Indeed, Title 38, Chapters 3 and 5 of the RCNY, and AC § 3-303(a)(2) & (9) have been reviewed under intermediate scrutiny in prior cases, and have passed constitutional muster. See, e.g., Toussaint, 2018 U.S. Dist. LEXIS at *13; Mishtaku, 2015 U.S. Dist. LEXIS at *10.

Under intermediate scrutiny, a Court considers whether the statute at issue is substantially related to the achievement of an important governmental interest. See, e.g., NYSRA, 804 F.3d at 261. The Challenged Regulations easily meet this test. "New York has substantial, indeed compelling, governmental interests in public safety and crime prevention."

---

[2] To the extent plaintiff wished to challenge the NYPD's determinations based upon the factual record before it, such challenge should have been made in an Article 78 proceeding. No such proceeding was filed, and the statute of limitations has now run.

[3] Hereinafter, defendants will refer to 38 RCNY §§ 3-303 (a), (e), (h), & (n), 38 RCNY §§ 5-10 (a), (e), (h), & (n), AC 10-303(a)(2) & (9), and AC 10-310, collectively, as the "Challenged Regulations."

Kachalsky v. County of Westchester, 701 F.3d 81, 95 (2d Cir. 2012). As described above, Courts in the Second Circuit have routinely found that the Challenged Regulations pass intermediate scrutiny because, inter alia, they do not impose a substantial burden on the rights of law-abiding, responsible citizens to possess a firearm. See., e.g., Taveras, 2021 U.S. Dist. LEXIS 9618 *28; Abekassis, 477 F. Supp. 3d at 152-161; Toussaint, 2018 U.S. Dist. LEXIS 152985 *13; Mishtaku, 2015 U.S. Dist. LEXIS 193797 at *10. Accordingly, plaintiff has not stated a Second Amendment claim.

C. **State Law Does Not Pre-Empt the Challenged Provisions**

In the absence of federal claims, this Court should decline to exercise supplemental jurisdiction over plaintiff's state law claim. In any event, the Challenged Regulations are not pre-empted by State Law. "State preemption occurs in one of two ways-- first, when a local government adopts a law that directly conflicts with a State statute and second, when a local government legislates in a field for which the State Legislature has assumed full regulatory responsibility." DJL Rest. Corp. v. City of New York, 96 N.Y.2d 91, 95 (2001). Here, plaintiff merely makes the conclusory allegation that PL 400.00 et seq. is the "exclusive statutory mechanism for firearm licensing in New York State." Compl. at ¶ 175. This assertion is unsupported by facts, the face of the statute, or legal precedent. First, plaintiff has not identified any state statute that directly conflicts with the Challenged Regulations, and, therefore, any conflict pre-emption claim must fail. Further, plaintiff cannot establish that the state has enacted a detailed and comprehensive regulatory scheme such that the state intended to occupy the field of firearm licensing. On the contrary, PL § 400.00 contemplates that firearm licensing, including the investigation into the applicant's criminal history and "moral character," will be administered locally. See, e.g., Kachalsky, 701 F.3d at 87. The Challenged Regulations follow from PL 400.00's direction that the local authorities make determinations regarding applications consistent with PL 400.00 which directs, inter alia, that licenses shall be issued to applicants who are of "good moral character" and for whom "no good cause exists for the denial of the license." N.Y. Pen. Law § 400.0(1)(b) & (n). Finally, plaintiff's reliance on the decision in Matter of Chwick v. Mulvey, 81 A.D.3d 161 (2010) is misplaced. That matter involved a regulation restricting the color of firearms in Nassau County affecting the rights of license-holders in other counties, a fact pattern that is entirely dissimilar to the instant action. Id. Plaintiff's pre-emption claim fails.

Accordingly, defendants respectfully request a pre-motion conference regarding their anticipated motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, that Court endorse the following briefing schedule:

- Motion to Dismiss due by March 30, 2022;
- Opposition due by April 30, 2022; and,
- Reply due by May 14, 2022.

Respectfully submitted,

/S
Aimee K. Lulich

The Court will discuss Defendants' anticipated motion to dismiss at the Initial Pretrial Conference scheduled for March 14, 2022 at 10:00 a.m., see Dkt. 6, and if appropriate set any briefing schedule at that conference.

SO ORDERED.
Date: February 24, 2022
New York, New York

JOHN P. CRONAN
United States District Judge