

**T**HE **C**ITY OF **N**EW **Y**ORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**Hon. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

AIMEE K. LULICH
Senior Counsel
Phone: (212) 356-2369
Fax: (212) 356-1148
Email: alulich@law.nyc.gov

March 7, 2022

**BY ECF**
Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   <u>Joseph Srour v. City of New York, et. al.</u>,
             22-CV-0003 (JPC)

Your Honor:

      Pursuant to Your Honor's Order dated January 7, 2022, the parties write jointly to address the subjects set forth by the Court in advance of the Initial Pre-Trial Conference scheduled for March 14, 2022 at 10:00 a.m. A proposed case management plan and scheduling order is also being filed by the parties today.

**1.**    **A brief statement of the nature of the action and the principal defenses thereto;**

      Plaintiff brings declaratory, injunctive, and substantive claims against Defendants for violations of the Second Amendment under 42 U.S.C. §1983 because the challenged New York City regulations prohibit the exercise of the Second Amendment based on factors having no longstanding, historically accepted grounds as prohibitors to firearm possession.

      Defendants assert that plaintiff has failed to state a claim under the Second Amendment. Defendants further assert that this Court should decline to exercise jurisdiction over the claims of pre-emption in the absence of a Federal claim, but, in any event, that plaintiff also fails to state a claim of pre-emption. Defendants further assert that, to the extent plaintiff intends to challenge the NYPD's factual determinations, such challenge is barred by the statute of limitations and by failure to exhaust administrative remedies.

2. **A brief explanation of why jurisdiction and venue lie in this Court;**

This Court has jurisdiction over this action as it involves a federal question (28 U.S..C. §1331); involves a matter concerning Plaintiff's civil rights pursuant to 42 U.S.C. §1983 (28 U.S.C. § 1343); the declaration of the rights of the parties 28 U.S.C. § 2201) and any further and necessary relief based on the declaratory judgment (28 U.S.C. § 2202). Venue in this Court is proper because defendant New York City, New York and the defendant NYPD Police Commissioner are located in the Southern District of New York for venue purposes (28 U.S.C. § 1391).

3. **A brief description of all outstanding motions and/or all outstanding requests to file motions;**

On February 23, 2022, defendants filed a pre-motion conference request seeking leave to file a motion to dismiss the complaint. As detailed in that letter, defendants argue that plaintiff fails to state a claim for relief under the Second Amendment and that state law does not pre-empt the challenged regulations. Pursuant to the Court Order dated February 24, 2022, the parties anticipate that this motion will be discussed at the initial conference, and that a briefing schedule will be set if appropriate.

With respect to the grounds for Defendants' intended motion to dismiss, there are no administrative remedies for Plaintiff to exhaust and he has no legal obligation to pursue an Article 78 proceeding or any other state law claim prior to, or instead of, bringing a claim under 42 U.S.C. § 1983; and 42 U.S.C. § 1983 has a three-year statute of limitations, which would have expired three years from the November 7, 2019 final decision denying his respective applications - November 7, 2022.

4. **A brief description of any discovery that has already taken place, and that which will be necessary for the parties to engage in meaningful settlement negotiations;**

No discovery has taken place to date. The parties anticipate that discovery will include plaintiff's applications submitted to NYPD seeking a premises residence handgun license and a rifle/shotgun permit, and the investigative documents relied upon by the NYPD in denying both licenses.

Plaintiff also anticipates that discovery will include, *inter alia,* the production of statistics related to the number of applicants who have applied for a handgun license and/or a rifle/shotgun permit and have been denied; the number who have been denied based on the City's implementation of the challenged statutes; documents related to

the creation, implementation, and/or enforcement of the challenged statutes; documents related to the policies and procedures of the NYPD License Division.

5. **A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of each discussions, if any;**

   No settlement discussions have taken place to date.

6. **The estimated length of trial;**

   The parties anticipate that this matter will likely be resolved as a matter of law, and that no trial will be necessary. To the extent there are questions of fact necessitating a trial or hearing, the parties believe, at most, one to two days would be required.

7. **The parties' views on how <u>New York State Rifle & Pistol Association, Inc. v. Bruen</u>, No. 20-843 (U.S.) will affect this case; and**

   As the Court is no doubt aware, <u>Bruen</u> involves a challenge to the "proper cause" requirement for receipt of a concealed carry handgun license permitting the individual to carry a firearm outside of his home. Briefly, "proper cause" for concealed carry requires that the individual show some special need for self-protection distinguishable from that of the general community. See <u>Kachalsky v. Westchester</u>, 701 F.3d 81, 86 (2d Cir. 2012). Here, plaintiff challenges the NYPD's denial of his applications for licenses to possess a handgun, rifle or shotgun *in his home*, which does not involve a "proper cause" inquiry. Specifically, plaintiff challenges NYPD regulations providing for the consideration of an applicant's arrest history, lack of candor, and/or history of significant driving infractions or suspensions or revocations of licenses. Plaintiff additionally challenges the Administrative Code provision that prohibits possessing or buying a firearm without a license. Thus, it does not appear that the <u>Bruen</u> decision will be dispositive.

8. **Any other information the parties believe may assist this Court is resolving the action.**

   The parties have completed a proposed pre-trial scheduling order to the best of their abilities at this early stage. It is not clear, for example, that expert discovery will be useful in this matter; however, it has been factored into the schedule in an abundance of caution.

   We thank the Court for its attention to this matter.

                                                                Respectfully submitted,

- 4 -

/S
Aimee K. Lulich
Senior Counsel