

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
L**AW** D**EPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

July 25, 2022

**BY ECF**
Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: <u>Joseph Srour v. City of New York et. al.</u>,
      22-CV-0003 (JPC)

Your Honor:

   I am an attorney in the office of Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for defendants City of New York ("City") and New York City Police Department ("NYPD") Commissioner Keechant Sewell in the above-entitled action. Defendants write to respectfully request that this matter remain stayed for an additional 60 days while the City works to amend its regulations regarding firearm licenses to comport with the Decision in Bruen and New York State's recent amendments to the Penal Law. This is the second request for an enlargement of the stay. I have conferred with plaintiff's counsel, who indicated that plaintiff takes no position on this request.

   By way of background, beginning March 14, 2022, this matter was stayed pending a decision by the U.S. Supreme Court in the matter of <u>New York State Rifle & Pistol Assoc. v. Bruen</u> ("<u>Bruen</u>"), and the parties were directed to file a letter update and proposed case management plan or pre-motion conference letter within seven days following the issuance of the <u>Bruen</u> decision. Thereafter, on June 30, 2022, the Court granted defendants' request for a 30 day enlargement of time to file said letter update pending the outcome of the New York State legislature's special session to enact new firearm license laws.

   On July 1, 2022, the New York State Senate passed Bill S51001, which amended "the penal law, the general business law, the executive law, the civil practice law and rules and the state finance law, in relation to licensing and other provisions relating to firearms." <u>See</u> New York State Senate Bill S51001 available at https://legislation.nysenate.gov/pdf/bills/2021/S51001. The Bill was also signed into law on July 1, 2022, and is set to go into effect on September 1, 2022. <u>Id.</u> Of note, the amendments include changes to the factors to be considered in denying firearm licenses. As a result, the City is now considering amendments of its own firearm licensing procedures to conform to the amended

State laws, including anticipated changes to the Rules of the City of New York ("RCNY") and Administrative Code ("Admin. Code").  As the State law amendments appear to implicate most of the provisions being challenged by plaintiff herein, plaintiff's challenges to these provisions may be moot in or before September of 2022.

Specifically, plaintiff challenges consideration of his arrest history (38 RCNY § 3-03(a) & § 5-10(1)(a)), driving history (38 RCNY § 3-03(h) & § 5-10(1)(h)), "other information demonstrates an unwillingness to abide by the law, a lack of candor towards lawful authorities, a lack of concern for the safety of oneself and/or other persons and/or for public safety, and/or other good cause for the denial of the permit" (38 RCNY § 3-03(n) & § 5-10(1)(n)), whether the applicant is of "good moral character" (Admin. Code 10-303(a)(2)), and whether "good cause exists for the denial" (Admin. Code 10-303(a)(9)).  It is currently not clear whether or how these factors will remain part of the City's licensing procedure in the short- or long-term.[1]  As such, defendants respectfully request an additional 60 days to file a joint update and case management plan or pre-motion conference letter.  This enlargement will ensure that the parties can properly consider how this matter is affected by the Bruen decision, the new State laws, and the City's anticipated amendments to its procedures including any possible applicable regulations, in determining their positions and setting a case management plan.

As noted above, plaintiff takes no position on this request.  For the reasons set forth above, defendants respectfully request that the court grant a 60 day enlargement, until September 25, 2022, for the parties to update the Court regarding case scheduling and/or motions.

Respectfully submitted,

/S
Aimee K. Lulich

cc:   Amy L. Bellantoni (By ECF)
      Attorney for Plaintiff

SO ORDERED.
Date: July 26, 2022
      New York, New York

JOHN P. CRONAN
United States District Judge

This request is granted.  The parties shall file the joint status letter by September 25, 2022.  The letter must include the previous information that the Court ordered the parties to include.  See 3/14/22 Minute Entry.  If New York City amends any of the challenged provisions, then the joint letter must also address the effect, if any, that Plaintiff's request for "an award of presumed compensatory damages in at least a nominal amount for the constitutional violations incurred by Plaintiff" has on the mootness analysis for Plaintiff's claims.  See Uzuegbunam v. Preczewski, 141 S. Ct. 792 (2021).  The Clerk of the Court is respectfully directed to close the motion pending at Docket Number 16.

---

[1] Defendants note that two of the provisions challenged herein are unlikely to be materially changed.  Plaintiff challenges the denial of applications for firearms licenses for making false statements on the application, failure to disclose his complete arrest history, including sealed arrests (38 RCNY § 3-03(e) & § 5-10(1)(e)), and/or lack of candor (38 RCNY § 3-03(n) & § 5-10(1)(n)).  The amendments to the Penal Law provide that firearms licenses may be revoked or denied if the applicant knowingly makes a materially false statement during the licensing process.  See Bill S51001 at p. 7:37-44.  Further, plaintiff challenges the provisions of the Admin. Code that make it unlawful to possess a firearm without a license or to sell a firearm to an individual who does not have a license (Admin. Code 10-310).  Per the Penal Law, a license will continue to be required to possess a firearm, and this requirement is consistent with the decision in Bruen.  See, id., (Alito, J., concurring); (Kavanaugh, J., concurring).