**Hon. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**AIMEE K. LULICH**
Senior Counsel
Phone: (212) 356-2369
Fax: (212) 356-1148
Email: alulich@law.nyc.gov

September 25, 2022

**BY ECF**
Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:  Joseph Srour v. City of New York, et. al.,
           22-CV-0003 (JPC)

Your Honor:

      Pursuant to Your Honor's Orders dated July 26, 2022 and March 14, 2022, the parties write jointly to address (1) each party's view regarding the effect of the decision in New York State Rifle & Pistol Ass'n, Inc. v. Bruen,__ U.S. __, 142 S. Ct. 2111 (2022); (2) a proposed scheduling order, and (3) an outline of anticipated motions.

**1.**      **The Bruen Decision's Impact on this Case.**

      Plaintiff's Position

      By his Complaint, Plaintiff seeks compensatory, injunctive, and declaratory relief including, among other relief, presumed monetary damages in at least a nominal amount for violations of his constitutional rights. Plaintiff brings facial and as applied challenges for violations of the Second and Fourteenth Amendments to (i) New York City's discretionary and permissive licensing of all firearms - handguns, rifles, and shotguns [see, NYC Admin Code 10-303(2) and (9)] and (ii) events and circumstances that have no longstanding, historically accepted prohibitors to the possession of firearms [see, 38 RCNY 5; 38 RCNY 3].

*Bruen* confirmed that the 2-step inquiry applied to Second Amendment challenges in the Second Circuit is inconsistent with *Heller* and *McDonald*, where the Court 'expressly rejected' 'interest balancing' and 'means-end scrutiny.' *New York State Rifle & Pistol Ass'n, Inc. v. Bruen,* 142 S. Ct. 2111, 2129 (2022). "The government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *ibid*.

> "We reiterate that the standard for applying the Second Amendment is as follows: When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.'" *Id.* at 15 citing, *Konigsberg v. State Bar of Cal*, 366 U. S. 36, 50, n. 10 (1961).

Plaintiff's conduct – possessing handguns, rifles, and shotguns – is conduct protected by the plain language of the Second Amendment. New York City "must affirmatively prove that its firearm regulations are part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *ibid*.

Defendants have not yet filed an Answer. The City's February 23, 2022 pre-motion letter, which urges application of the, now thrice rejected, interest-balancing, means-ends, intermediate scrutiny test, identifies no National historical or traditional support for its firearms regulations. "[P]ost-ratification adoption or acceptance of laws that are *inconsistent* with the original meaning of the constitutional text obviously cannot overcome or alter that text." *Bruen*, at 27 (emphasis supplied) quoting, *Heller*, 670 F. 3d, at 1274, n. 6 (Kavanaugh, J., dissenting); *Espinoza v. Montana Dept. of Revenue*, 591 U. S. ___, ___ (2020) (slip op., at 15). Even post-Civil War discussions of the Second Amendment, which took place 75 years after its ratification, do not provide much insight into its original meaning. *ibid.* Thus, the fledgling 'history' of New York City's discretionary licensing scheme (for handguns circa 1911, and for rifles/shotguns 2010) does not constitute longstanding, historical tradition in New York (or nationwide). If New York City cannot meet this burden, their firearm regulations violate the Second Amendment and must be stricken as unconstitutional.

Defendants' Position

Defendants assert that the Bruen decision, which held that the "proper cause" standard used in New York State to determine applications for concealed carry handgun licenses, does not resolve the instant action in which plaintiff challenges the denial of his applications for a premises license and a rifle/shotgun permit. See Bruen, 142 S. Ct. at 2126, & 2138 n.9; see also Frey v. Bruen, No. 21-CV-5334(NSR), 2022 U.S. Dist. LEXIS 158382, *5 (S.D.N.Y. Sept. 1,

2022). The "proper cause" standard was not used in determining plaintiff's applications. Further, the <u>Bruen</u> decision indicated that gun regulations and licensing requirements may be imposed by the state if those regulations are consistent with historical tradition. <u>See</u> <u>Bruen</u>, 142 S. Ct. at 2126, & 2138 n.9; <u>see also</u> <u>Frey v. Bruen</u>, No. 21-CV-5334(NSR), 2022 U.S. Dist. LEXIS 158382, *5 (S.D.N.Y. Sept. 1, 2022). Defendants assert that the challenged regulations are consistent with historical tradition. However, the <u>Bruen</u> decision does alter the legal standard used in deciding Second Amendment cases. For that reason, defendants believe the legal issues herein should be addressed in a motion for summary judgment rather than the motion to dismiss previously anticipated.

Defendants believe that discovery is necessary before the parties file motions for summary judgment. Plaintiff brings as-applied challenges to the various statutory provisions in addition to facial challenges, and disputes relevant facts such as his candor on his applications for licenses and, it appears, his arrest history. Further, plaintiff's claims of damages require discovery.

**2.     Proposed Case Scheduling Order**

Plaintiff seeks a briefing schedule for a motion for summary judgment. However, defendants oppose such a motion prior to discovery. As a result, the parties have been unable to agree upon a proposed scheduling order.

Additionally, defendants request 14 days, until October 7, 2022, to file an Answer.

**3.     Anticipated Motions**

Plaintiff intends to move for summary judgment. Defendant opposes summary judgment practice prior to discovery. Should the court wish to hold a conference to discuss how to proceed in this matter, the parties respectfully submit that they are available at the court's convenience during the week of October 10, 2022.

We thank the Court for its attention to this matter.

                                                    Respectfully submitted,

                                                    /S
                                                    Aimee K. Lulich
                                                    Senior Counsel