

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**AIMEE K. LULICH**
*Senior Counsel*
alulich@law.nyc.gov

October 17, 2022

**BY ECF**
Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    Joseph Srour v. City of New York et. al.,
                22-CV-0003 (JPC)

Your Honor:

      I am an attorney in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for defendants City of New York ("City") and New York City Police Department ("NYPD") Commissioner Keechant Sewell in the above-entitled action. Pursuant to Your Honor's Order dated September 26, 2022, I write in response to plaintiff's pre-motion conference letter regarding an immediate summary judgment motion dated October 12, 2022. Defendants oppose an immediate motion for summary judgment because there are currently material disputes of fact, and discovery is necessary before this matter can be fully decided.

      This case stems from the NYPD License Division's determination denying plaintiff's applications for a premises residence handgun license ("handgun license") and a rifle/shotgun permit. The determination, dated November 7, 2019, cited plaintiff's history of arrests for attempted murder and criminal trespass, plaintiff's failure to disclose the arrests on both license applications until the investigator independently learned of the arrests and asked plaintiff for an explanation, and his history of driving violations and driver's license revocations. Plaintiff now challenges the provisions of law directing that the NYPD consider, inter alia, an applicant's arrest history, lack of candor, and driving history when making a determination regarding an application for a firearm license, and that provide for denial of an application where the applicant, inter alia, "is not of good moral character" or "good cause exists for the denial" of the application.[1] Plaintiff challenges the regulations both facially and *as applied to him*, and

---

[1] While not addressed in plaintiff's pre-motion letter, the Complaint additionally raises claims challenging New York City Administrative Code § 10-310 which makes it a misdemeanor to, inter alia, possess or purchase a firearm without a license, and argues that the Challenged Regulations are pre-empted by New York State Penal Law ("PL") §§ 265.00 and 400.00.

seeks injunctive and declaratory relief, nominal damages, and *compensatory damages*. Compl. at ¶ 2. Accordingly, defendants require the opportunity to conduct discovery regarding plaintiff's claims and alleged damages, and to attempt to resolve questions of fact as set forth below.

Summary judgment is appropriate if the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment should only be granted "if *after discovery*, the nonmoving party 'has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.'" Berger v. United States, 87 F.3d 60, 65 (2d Cir. 1996) (quoting Celotex Corp., 477 U.S. at 323 (alteration in original and emphasis added). A party opposing a motion for summary judgment "must have 'had the opportunity to discover information that is essential to his opposition' to the motion." Trebor Sportswear Co. v. Limited Stores, Inc., 865 F.2d 506, 511 (2d Cir. 1989) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 242 n.5 (1986)).

Here, the Complaint raises issues of fact that preclude summary judgment at this stage, and requests relief about which defendants are entitled to conduct discovery. First, it is highly unlikely that this matter can be resolved without consideration of plaintiff's as-applied challenges, about which the record is currently replete with factual disputes. In order to prevail on a facial challenge to the regulations, plaintiff must prove that "no set of circumstances exists under which the statute would be valid." See, e.g., U.S. v. DeCastro, 682 F.3d 160, 163 (2d Cir. 2012). In order to succeed in this action without reaching the as-applied challenge, plaintiff would have to prove that *no set of circumstances* exist under which a firearm licensing authority may consider *any* of the following: arrest history, lack of candor in the application process, violations of law or misconduct related to other licenses held by the individual, "good moral character" and "other good cause" to deny. Unless he can prove that all of the challenged regulations are facially invalid,[2] plaintiff cannot demonstrate that he is entitled to the relief sought unless the facially valid regulation was unconstitutional as applied to him. Because plaintiff cannot show that each and every challenged regulation is facially unconstitutional, this matter cannot be resolved without inquiry into the circumstances leading to the denial of plaintiff's applications.

There are material disputes of fact with regard to the circumstances leading to the denial of plaintiff's applications. Most notably, plaintiff denies that he falsely asserted he had never been arrested on his applications, while defendants' documentation indicates that he did not report arrests on the application notwithstanding instructions that specifically directed that all arrests must be reported. Compl at ¶¶ 97-98; see also Pl's Pre-Motion Conference Letter dated Oct. 12, 2022 at p. 2, FN 1. Further, plaintiff appears to dispute the seriousness of the arrests he failed to report, the number of moving violations, and the substance of the moving violations, considered by defendants in making the challenged determination. Compl. at ¶¶ 94-96; Oct. 12, 2022 Letter at p. 2, FN 2. These factual disputes are material to plaintiff's as-applied challenges,

---

[2] Defendants oppose plaintiff's sweeping assertions that each of the challenged regulations are inconsistent with the history of firearm regulation; however, because there are material issues of fact and defendants are entitled to discovery prior to being required to defend against a motion for summary judgment, the substantive arguments in opposition are not material to the instant request.

and will preclude summary judgment at this stage. In addition, defendants require discovery regarding plaintiff's assertions, which are currently unsupported by evidence.

Further, even assuming that plaintiff could prove a facial violation of each and every challenged regulation, defendants are entitled to seek discovery regarding plaintiff's claims that he sustained injuries, and in particular his assertion that he is entitled to compensatory damages. Compl. at Wherefore Clause.

Finally, given that the current legal standard involves historical analysis of lawful firearm possession, defendants anticipate that it may seek to use expert discovery to aid the court in considering the constitutionality of each of the challenged regulations.

Accordingly, defendants respectfully assert that any motion for summary judgment is premature because the parties have not had the opportunity to conduct discovery, and that plaintiff's request for an immediate motion for summary judgment should be denied. Defendants respectfully request that they be permitted to proceed to discovery in this action.

                                          Respectfully submitted,

                                              /S
                                        Aimee K. Lulich