

POLICE DEPARTMENT
License Division
One Police Plaza, Room 110A
New York, New York 10038

## NOTICE OF DISAPPROVAL AFTER APPEAL

November 7, 2019

Amy Bellantoni, Esq.
2 Overhill Road, Suite 400
Scarsdale, NY 10583

                                     Re:    Rifle/Shotgun Permit
                                                Application No. RS2018017145
                                                Appeal No. 99/19, and

                                                Premise Residence Handgun License
                                                Application No. PR2018017141
                                                Appeal No. 100/19

Dear Ms. Bellantoni:

       I am writing in response to your appeals of the disapprovals of both Mr. Srour's Premises Residence Handgun License application and Rifle/Shotgun Permit application. Based upon my review of the entire record, his appeals are denied.

       Section 400.00 of the New York State Penal Law states that "no license shall be issued except for an applicant… (b) of good moral character…and; (n) for whom no good cause exists for the denial of the license." Title 38 of the Rules of The City of New York (RCNY), Section 5-10, provides a list of factors to be considered in assessing moral character and "good cause." See, also, 38 RCNY 3-03.

### Arrest History

       Pursuant to 38 RCNY 5-10 and 38 RCNY 3-03, arrests may be grounds for disapproval of a handgun license or rifle/shotgun permit. On June 7, 1995, Mr. Srour was arrested for ▮▮▮▮▮▮▮▮▮▮ and on July 11, 1996, he was arrested for ▮▮▮▮▮▮▮▮. Although these cases were dismissed, pursuant to Criminal Procedure Law Section 160.50(1)(d)(3), the License Division may consider the circumstances surrounding theses arrests. While these arrests are not recent, Mr. Srour's having been arrested twice, as well as the violent nature of the circumstances surrounding the ▮▮▮▮▮▮▮▮▮ arrest, are factors supporting denial of his applications.

**Failure to Disclose**

Failure to disclose arrests on the application is a denial ground. 38 RCNY 5-10(e), 38 RCNY 3-303(e), as is a displaying a lack of candor or a failure to cooperate with the background investigation. Section 38 RCNY 5-10(n), 38 RCNY 3-03(n). The firearms applications require the applicant to indicate whether he or she was ever arrested, even if the arrest was dismissed, sealed, voided, or nullified by operation of law. However, Mr. Srour failed to disclose either of his two arrests on his application. He checked "No" in response to the question asking if he had ever been arrested (even if sealed, etc.). In addition, in connection with his Rifle/Shotgun application, Mr. Srour a signed and notarized an Arrest Information Affidavit stating that "By signing this document, you acknowledge that you understand the requirement to disclose all information relating to your arrest history. Any omission of a previous arrest or any false statements made in relation to your application for a Rifle/Shotgun permit is grounds for denial of a permit."

Mr. Srour only provided required statements describing the arrests after he had submitted his application, and the investigator, who had independently learned of the arrests, had requested the statements. Therefore, this submission does mitigate the negative impact on his application stemming from Mr. Srour's failure to disclose his arrests on his application, as required. Even though these were sealed and are not recent, he was very clearly instructed in the application to disclose them and he failed to do so.

Mr. Srour's failure to disclose on his applications that he had been arrested for ▮▮▮▮, and for other charges, demonstrates a lack of candor and is a strong ground for disapproval of his applications. 38 RNYC 3-03(e) and 5-10(e).

**Driver History**

Pursuant to 38 RCNY §§ 3-03(h) and 5-10(h), an applicant who has a "poor driving history, has multiple driver license suspensions, or has been declared a scofflaw by the New York State Department of Motor Vehicles," may be denied a rifle/shotgun permit and/or handgun license. Mr. Srour's driving history includes 28 moving violations from June 1991 to December 2013, 24 license suspensions between August 1991 and December 2000, and six license revocation between July 1992 and January 1995. In addition, he received two summons for Navigational Law violations in August 2012 and in August 2015, both of which were for the same offense (while on a jetski), showing a disregard for the rules even after being informed of them. Notably, Mr. Srour's Navigational Law violations occurred recently. Mr. Srour's poor driving history demonstrates an inability to abide by laws and regulations, shows a lack of moral character, and provides an additional ground for denial.

**Conclusion**

The circumstances surrounding Mr. Srour's two arrests, his failure to disclose his arrests on the Handgun and Shotgun/Rifle Applications, and poor driving history portray a lack of good

moral character and disregard for the law. For all of the reasons stated above, good cause exists to deny his applications and his appeal of the disapproval of your Premises Residence handgun license application as well as the Rifle/Shotgun Permit application is denied.

You may appeal this determination by commencing an Article 78 proceeding within four months of the date of this letter.[1]

Sincerely,

Jonathan David
Director

c: Joseph Srour
15 Dakota Place
Brooklyn, NY 11234

---

[1] You may submit an amended appeal within 30 days to address any denial grounds that were not included in either the handgun license or the rifle/shotgun permit Notices of Disapproval.