UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
JOSEPH SROUR,

                Plaintiff,                Case No.: 22 Civ. 3 (JPC)

    -against-

NEW YORK CITY, New York,
KEECHANT SEWELL, in her Official
Capacity as NYPD Police Commissioner,

                Defendants.
------------------------------------------------------x

**PLAINTIFF'S STATEMENT OF FACTS
PURSUANT TO LOCAL RULE 56.1**

1. Joseph Srour ("Mr. Srour") is a resident of Brooklyn, New York. See, Declaration of Joseph Srour ("Srour Dec.") at ¶ 1.

2. Mr. Srour is not prohibited from possessing, purchasing, receiving, or transferring firearms under state or federal law. Srour Dec. at ¶ 2.

3. Mr. Srour has never been convicted of a crime or any violation of the New York State Penal Law. Srour Dec. at ¶ 2; Exhibit 1.

4. In 2018, Mr. Srour applied to the NYPD License Division for a permit to possess rifles and shotguns in his home for self-protection ("Rifle/Shotgun Permit"). Srour Dec. at ¶ 3.

5. Mr. Srour's application for a Rifle/Shotgun Permit was denied. Srour Dec. at ¶ 3; Exhibit 2.

6. In 2019, Mr. Srour applied to the NYPD License Division for a permit to possess handguns in his home for self-protection ("Handgun License"). Srour Dec. at ¶ 4.

1

7. Mr. Srour's application for a license to possess handguns in his home for self-protection was denied. Srour Dec. at ¶ 4; Exhibit 3.

8. Mr. Srour timely filed an internal appeal of the denial of each application with the NYPD License Division, Appeals Unit (the "License Division"). Srour Dec. at ¶ 5.

9. By Notice of Disapproval After Appeal dated November 7, 2019, Mr. Srour was notified that both of his appeals were denied. Srour Dec. at ¶ 6; Exhibit 4.

10. During the licensing process, Mr. Srour was fingerprinted and subject to a thorough background investigation. Srour Dec. at ¶ 7.

11. Mr. Srour's background check revealed to the License Division that he has no criminal convictions. Srour Dec. at ¶ 7.

12. Mr. Srour's 2 prior arrests in 1995 and 1996 took place over 25 years ago. Srour Dec. at ¶ 8.

13. Neither of Mr. Srour's arrests resulted in a conviction. Srour Dec. at ¶ 8.

14. Both charges were dismissed and sealed. Srour Dec. at ¶ 8.

15. During the application process for each license, Mr. Srour informed the investigator of his prior arrests. Srour Dec. at ¶ 10; Exhibit 4.

16. Because of the challenged regulations – New York City Administrative Code 10-303(2) and (9); 38 RCNY 5-10 (a), (e), (h), and (n); 38 RCNY 3-03 (a), (e), (h), and (n); and NYC Admin. Code 10-310 – Mr. Srour is prohibited from exercising his right to possess handguns, rifles, and shotguns in his home for self-defense. Srour Dec. at ¶ 12.

17. "Good cause" and "moral character" are discretionary factors used to determine an applicant's eligibility to possess firearms, like Mr. Srour. Srour Dec. at ¶ 15.

18. Mr. Srour was denied the right to possess handguns, rifles, and shotguns for self-defense because of his driving history. Srour Dec. at Exhibit 4.

19. No other constitutional right is terminated based on traffic infractions. Srour Dec. at ¶ 16.

20. Mr. Srour was denied the right to possess handguns, rifles, and shotguns for self-defense because he did not immediately disclose charges that were dismissed and sealed over 25 years ago. Srour Dec. at Ex. 1, Exhibit 4.

Dated: December 16, 2022
      Scarsdale, New York

                                        THE BELLANTONI LAW FIRM, PLLC
                                        *Attorneys for Plaintiff, Joseph Srour*

                                        _____/s/_____
                                        Amy L. Bellantoni (AB3061)
                                        2 Overhill Road, Suite 400
                                        Scarsdale, New York 10583
                                        abell@bellantoni-law.com