UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------- x

JOSEPH SROUR,

                                       Plaintiff,

                     v.

NEW YORK CITY, New York,
KEECHANT SEWELL, in her Official
Capacity as NYPD Police Commissioner,

                                   Defendants.

------------------------------------------------------------------------------- x

**DEFENDANTS CITY OF NEW YORK AND COMMISSIONER KEECHANT SEWELL'S ANSWER TO THE COMPLAINT**

22-CV-0003 (JPC)

       Defendants City of New York ("City") and New York City Police Department ("NYPD")

Commissioner Keechant Sewell, in her official capacity, by their attorney, Hon. Sylvia O. Hinds-

Radix, Corporation Counsel of the City of New York, for their answer to the Complaint,

respectfully allege, upon information and belief, as follows:

       1.      Deny the allegations set forth in paragraph "1" of the Complaint, except admit

that plaintiff purports to proceed in this action as stated therein.

       2.      Deny the allegations set forth in paragraph "2" of the Complaint, except admit

that plaintiff purports to seek a declaratory judgment as stated therein

       3.      Deny the allegations set forth in paragraph "3" of the Complaint, except admit

that plaintiff purports to seek an injunction as stated therein.

       4.      Deny the allegations set forth in paragraph "4" of the Complaint.

       5.      Deny the allegations set forth in paragraph "5" of the Complaint.

       6.      Deny the allegations set forth in paragraph "6" of the Complaint.

7.      Deny the allegations set forth in paragraph "7" of the Complaint, except admit that plaintiff purports to establish jurisdiction and venue as stated therein.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint, except admits that, according to records on file with the NYPD License Division, Plaintiff is a United States citizen.

9.      Admit the allegations set forth in paragraph "9" of the Complaint insofar as the City of New York is a municipal corporation organized under the State of New York, and respectfully refer this Court to the New York City Charter for an accurate recitation of the relationship between the City and the State.

10.     Admit the allegations set forth in paragraph "10" of the Complaint insofar as Keechant Sewell is the NYPD Commissioner, that the NYPD issues firearm licenses for the City pursuant to N.Y. Penal Law § 400.00, and that plaintiff purports to proceed against her as stated therein.

11.     State that paragraph "11" of the Complaint is a quote from the Second Amendment to which no response is required.

12.     State that paragraph "12" of the Complaint contains legal argument to which no response is required, and respectfully refer this Court to the cases cited therein for their full text and true meaning.

13.     State that paragraph "13" of the Complaint contains legal argument to which no response is required, and respectfully refer this Court to the cases cited therein for their full text and true meaning.

14.     State that paragraph "14" of the Complaint contains legal argument to which no response is required, and respectfully refer this Court to the case cited therein for its full text and true meaning.

15.     State that paragraph "15" of the Complaint contains legal argument to which no response is required, and respectfully refer this Court to the case cited therein for its full text and true meaning.

16.     State that paragraph "16" of the Complaint contains legal argument to which no response is required, and respectfully refer this Court to the case cited therein for its full text and true meaning.

17.     State that paragraph "17 of the Complaint contains legal argument to which no response is required, and respectfully refer this Court to the case cited therein for its full text and true meaning.

18.     Deny the allegations set forth in paragraph 18 of the Complaint, except admit that New York Penal § 400 et seq. is one of the New York State laws regulating firearms and firearm licensing.

19.     Deny the allegations set forth in paragraph "19" of the Complaint.

20.     Deny the allegations set forth in paragraph "20" of the Complaint, and refer this Court to N.Y. Penal Law § 400.00(2) for its full text and true meaning.

21.     State that paragraph "21" of the Complaint is a quote from N.Y. Penal Law § 400.00(1) to which no response is required.

22.     Deny the allegations set forth in paragraph "22" of the Complaint, except admit that federal law prohibits the possession of firearms by individuals who, inter alia, have been

dishonorably discharged by the military, have certain criminal convictions, are unlawful users of or addicted to a controlled substance, are subjects of Orders of Protection, or have been committed to certain mental institutions, and refers this Court to federal law for an accurate recitation of federal prohibitors to firearm licensing.

23.     State that paragraph "23" of the Complaint contains a quotation from District of Columbia v. Heller to which no response is required, and respectfully refer this Court to the Heller Decision for its full text and true meaning.

24.     Deny the allegations set forth in paragraph "24" of the Complaint.

25.     Deny the allegations set forth in paragraph "25" of the Complaint.

26.     Deny the allegations set forth in paragraph "26" of the Complaint.

27.     Admit the allegations set forth in paragraph "27 of the Complaint insofar as New York State law requires a license to possess a handgun.

28.      Deny the allegations set forth in paragraph "28" of the Complaint, except admit that possessing a handgun without a license is unlawful in New York State and respectfully refer this Court to Penal Law § 265.00 et seq. for an accurate recitation of the law.

29.     Deny the allegations set forth in paragraph "29" of the Complaint, except admit that it is unlawful to possess a firearm in New York City without a license and that the NYPD is responsible for issuing firearm licenses in the City, and respectfully refer the Court to Penal Law § 265.00 et seq., § 400.00 et seq., and New York City Administrative Code ("Admin. Code") § 10-310 for an accurate recitation of the law regarding firearm licensing in the City.

30.     State that in paragraph "30" of the Complaint contains legal argument to which no response is required, and respectfully refer this Court to the cases cited therein for their full text and true meaning.

31.     State that paragraph "31" of the Complaint contains legal argument to which no response is required, and respectfully refer this Court to the case cited therein for its full text and true meaning.

32.     State that paragraph "32" of the Complaint contains legal argument to which no response is required, and respectfully refer this Court to the case cited therein for its full text and true meaning.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint insofar as it contains allegations of fact; insofar it contains legal argument, defendants state that no response is required and respectfully refer this Court to the cases cited therein for their full text and true meaning.

34.     State that paragraph "34" of the Complaint is a quotation from Title 38, Chapter 5, Section 10 of the Rules of the City of New York ("RCNY") to which no response is required.

35.     Deny the allegations set forth in paragraph "35" of the Complaint.

36.     State that paragraph "36" of the Complaint is a quotation from 38 RCNY § 3-03 to which no response is required.

37.     State that paragraph "37" of the Complaint is a quotation from Admin. Code  § 10-303 to which no response is required.

38.     State that paragraph "38" of the Complaint contains legal argument to which no response is required, and respectfully refer this Court to the cases cited therein for their full text and true meaning.

39.     State that paragraph "39" of the Complaint contains legal argument to which no response is required, and respectfully refer this Court to the case cited therein for its full text and true meaning.

40.     Deny the allegations set forth in paragraph "40" of the Complaint, except admit that Penal Law § 400.00 imposes eligibility requirements for firearm licenses and respectfully refer this Court to the Penal Law itself for its full text and true meaning.

41.     Deny the allegations set forth in paragraph "41" of the Complaint, and respectfully refer this Court to the statute cited therein for its full text and true meaning.

42.     Deny the allegations set forth in paragraph "42" of the Complaint, except admit that Penal Law § 400.00 applies to the City and respectfully refers this Court to the Penal Law itself for its full text and true meaning.

43.     Deny the allegations set forth in paragraph "43" of the Complaint.

44.     Deny the allegations set forth in paragraph "44" of the Complaint.

45.     Deny the allegations set forth in paragraph "45" of the Complaint.

46.     Deny the allegations set forth in paragraph "46" of the Complaint.

47.     Deny the allegations set forth in paragraph "47" of the Complaint.

48.     Deny the allegations set forth in paragraph "48" of the Complaint.

49.     State that paragraph "49" of the Complaint contains legal argument to which no response is required, and respectfully refer this Court to the case cited therein for its full text and true meaning.

50.     Deny the allegations set forth in paragraph "50" of the Complaint insofar as it contains allegations of fact; insofar as it contains conclusions of law, defendants state that no response is required and respectfully refer this Court to the Penal Law provisions and cases cited therein for their full text and true meaning.

51.     State that paragraph "51" of the Complaint contains legal argument to which no response is required, and respectfully refer this Court to the cases cited therein for their full text and true meaning.

52.     Deny the allegations set forth in paragraph "52" of the Complaint.

53.     Deny the allegations set forth in paragraph "53" of the Complaint, except admit that it is unlawful to possess a rifle or shotgun in the City without a license.

54.     Deny the allegations set forth in paragraph "54" of the Complaint.

55.     Deny the allegations set forth in paragraph "55" of the Complaint, except admit that the State legislature enacted Penal Law § 265.01 and respectfully refer this Court to the Penal Law itself for its full text and true meaning.

56.     Deny the allegations set forth in paragraph "56" of the Complaint.

57.     Deny the allegations set forth in paragraph "57" of the Complaint, and respectfully refer this Court to the case cited therein for its full text and true meaning.

58.     Deny the allegations set forth in paragraph "58" of the Complaint and respectfully refer this Court to 38 RCNY § 5-10 for its full text and true meaning.

59.     Deny the allegations set forth in paragraph "59" of the Complaint, except admit that 38 RCNY § 5-10(a)-(n) and 38 RCNY § 3-03(a)-(n) contain some of the factors considered in determining applications for firearm licenses and respectfully refer this Court to the RCNY provisions themselves for their full text and true meaning.

60.     Deny the allegations set forth in paragraph "60" of the Complaint.

61.     Deny the allegations set forth in paragraph "61" of the Complaint.

62.     Deny the allegations set forth in paragraph "62" of the Complaint.

63.     Deny the allegations set forth in paragraph "63" of the Complaint.

64.     Deny the allegations set forth in paragraph "64" of the Complaint, except admit that Penal Law § 265.00 et seq. is applicable to the possession of rifles and shotguns in the State.

65.     Deny the allegations set forth in paragraph "65" of the Complaint.

66.     Deny the allegations set forth in paragraph "66" of the Complaint, except admit that Plaintiff cannot possess a firearm in the City without a firearm license issued by the NYPD.

67.     Deny the allegations set forth in paragraph "67" of the Complaint, except admit that it is unlawful for Plaintiff to possess a firearm in the City without a firearm license.

68.     Deny the allegations set forth in paragraph "68" of the Complaint, except admit that it is unlawful to possess a firearm in the City without a firearm license.

69.     Deny the allegations set forth in paragraph "69" of the Complaint, except admit that a firearm license is not required to possess a rifle or shotgun in many counties in New York State, and that a firearm license is required to possess a rifle or shotgun in the City.

70.     Deny the allegations set forth in paragraph 70 of the Complaint, except admit that a firearm license is required to possess a rifle or shotgun or ammunition in the City.

71.     Deny the allegations set forth in paragraph "71" of the Complaint, except admit that it is unlawful to possess a rifle or shotgun in the City without a license.

72.     Deny the allegations set forth in paragraph "72" of the Complaint, except admit that it is unlawful to possess a rifle or shotgun in the City without a license.

73.     Deny the allegations set forth in paragraph "73" of the Complaint, except admit that it is unlawful to possess a rifle or shotgun in the City without a license.

74.     Deny the allegations set forth in paragraph "74" of the Complaint, except admit that New York State law applies to the possession of handguns in the State and City.

75.     Deny the allegations set forth in paragraph "75" of the Complaint, except admit that it is unlawful to possess a handgun in New York State without a license.

76.     Deny the allegations set forth in paragraph "76" of the Complaint, and respectfully refers this Court to Penal Law § 400.00 et seq. for an accurate recitation of the powers and responsibilities of the local licensing officers.

77.     Deny the allegations set forth in paragraph "77" of the Complaint, except admit that a license is required for the lawful possession of a handgun in the State, and respectfully refers this Court to Penal Law § 400.00 et seq. for its full text and true meaning.

78.     Deny the allegations set forth in paragraph "78" of the Complaint, except admit that the NYPD License Division is the statutory licensing officer in the City and that a handgun license is required to lawfully possess a handgun in the City.

79.     Deny the allegations set forth in paragraph "79" of the Complaint, except admit that the NYPD License Division is the statutory licensing officer in the City and that a handgun license is required to lawfully possess a handgun in the City.

80.    Admit the allegations set forth in paragraph "80" of the Complaint insofar as Plaintiff submitted an application for a rifle/shotgun permit to the NYPD Licensing Division on or about November 12, 2018.

81.    Admit the allegations set forth in paragraph "81" of the Complaint insofar as Plaintiff's application for a rifle/shotgun permit was denied by Notice of Application Disapproval on or about June 13, 2019.

82.    Admit the allegations set forth in paragraph "82" of the Complaint insofar as Plaintiff submitted an application for a premises residence handgun license to the NYPD Licensing Division in or about February of 2019.

83.    Admit the allegations set forth in paragraph "83" of the Complaint insofar as Plaintiff's application for a premises residence handgun license was denied by Notice of Disapproval on or about June 13, 2019.

84.    Deny the allegations set forth in paragraph "84" of the Complaint, except admit that plaintiff filed an administrative appeal of the denial of the rifle/shotgun permit and the premises residence handgun license on or about June 26, 2019.

85.    Deny the allegations set forth in paragraph "85" of the Complaint, except admit that plaintiff filed an administrative appeal of the denial of the rifle/shotgun permit and the premises residence handgun license on or about June 26, 2019.

86.    Deny the allegations set forth in paragraph "86" of the Complaint, except admit that plaintiff's administrative appeals included a signed and notarized document entitled "Verification" signed by plaintiff under penalty of perjury.

87.     Deny the allegations set forth in paragraph "87" of the Complaint, except admit that the NYPD denied plaintiff's application for a rifle/shotgun permit by Notice of Disapproval of Renewal Application dated November 7, 2019, and plaintiff's application for a handgun permit by License by Notice of Disapproval of Renewal Application dated November 7, 2019, and respectfully refer this Court to the Notices of Disapproval themselves for an accurate recitation of their contents.

88.     Deny the allegations set forth in paragraph "88" of the Complaint, except admit that plaintiff's application for a handgun permit was denied pursuant to, inter alia, 38 RCNY § 5-10(a), (e), and (h) and plaintiff's application for a rifle/shotgun permit was denied pursuant to, inter alia, 38 RCNY § 3-03(a), (e), and (h), and respectfully refer this Court to the Notices of Disapproval themselves for their full text and true meaning.

89.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "89" of the Complaint, except admit that the NYPD Licensing Division does not have any record indicating that plaintiff had been convicted of a crime.

90.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "90" of the Complaint, except admit that the NYPD Licensing Division does not have any record indicating that plaintiff has been convicted of a crime.

91.     Deny the allegations set forth in paragraph "91" of the Complaint, except admit that plaintiff's application for a handgun permit was denied pursuant to, inter alia, 38 RCNY § 5-10(a), (e), and (h) and plaintiff's application for a rifle/shotgun permit was denied pursuant to, inter alia, 38 RCNY § 3-03(a), (e), and (h), and respectfully refer this Court to the Notices of Disapproval themselves for their full text and true meaning.

92.     Deny the allegations set forth in paragraph "92" of the Complaint, except admit that the NYPD fingerprints individuals who apply for a handgun or rifle/shotgun permit and obtains criminal history reports from the New York State Division of Criminal Justice Services and/or Federal Bureau of Investigation.

93.     Deny the allegations set forth in paragraph "93" of the Complaint, except admit that plaintiff's application for a handgun permit was denied pursuant to, inter alia, 38 RCNY § 5-10(a), (e), and (h) and plaintiff's application for a rifle/shotgun permit was denied pursuant to, inter alia, 38 RCNY § 3-03(a), (e), and (h), and respectfully refer this Court to the Notices of Disapproval themselves for their full text and true meaning.

94.     Deny the allegations set forth in paragraph "94" of the Complaint.

95.     Deny the allegations set forth in paragraph "95" of the Complaint.

96.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "96" of the Complaint, except admit that plaintiff violated the Navigational Law in 2012 and 2015.

97.     Deny the allegations set forth in paragraph "97" of the Complaint.

98.     Deny the allegations set forth in paragraph "98" of the Complaint

99.     Deny the allegations set forth in paragraph "99" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's intent.

100.    Deny the allegations set forth in paragraph "100" of the Complaint, except admit that it is unlawful, and punishable by, inter alia, incarceration and/or fines, to possess firearms in the City without a license.

- 12 -

101.    Deny the allegations set forth in paragraph "100" of the Complaint, except admit that a conviction under Penal Law § 265.00 <u>et seq</u>. can be a felony or "serious offense" and that a felony or "serious offense" is a basis for denial of an application for a firearm license under Penal Law  § 400.00 <u>et</u> <u>seq</u>.

102.    Deny the allegations set forth in paragraph "102" of the Complaint.

103.    Deny the allegations set forth in paragraph "103" of the Complaint.

104.    State that paragraph "104" of the Complaint contains legal argument to which no response is required, and respectfully refer this Court to the cases cited therein for their full text and true meaning.

105.    Deny the allegations set forth in paragraph "105" of the Complaint, except admit that plaintiff does not currently have a license to lawfully possess a firearm in the City.

106.    State that paragraph "106" of the Complaint contains legal argument to which no response is required, and respectfully refer this Court to the case cited therein for its full text and true meaning.

107.    State that paragraph "107" of the Complaint contains legal argument to which no response is required, and respectfully refer this Court to the cases cited therein for their full text and true meaning.

108.    Deny the allegations set forth in paragraph "108" of the Complaint, and respectfully refer this Court to the statutes and regulatory provisions themselves for their full text and true meaning.

109.    Deny the allegations set forth in paragraph "109" of the Complaint, and respectfully refer this Court to the statutes and regulatory provisions themselves for their full text and true meaning.

110.    Deny the allegations set forth in paragraph "110" of the Complaint, except admit that Penal Law § 400.00(1) sets forth some factors that require denial of an application for a firearm.

111.    Deny the allegations set forth in paragraph "111" of the Complaint.

112.    Deny the allegations set forth in paragraph "112" of the Complaint and respectfully refer this Court to the laws cited therein for their full text and true meaning.

113.    Deny the allegations set forth in paragraph "113" of the Complaint, except admit that plaintiff does not currently have a license to lawfully possess a firearm in the City.

114.    Deny the allegations set forth in paragraph "114" of the Complaint and respectfully refer this Court to the cases cited therein for their full text and true meaning.

115.    Deny the allegations set forth in paragraph "115" of the Complaint, and refer this Court to the Notices of Disapproval themselves for an accurate recitation of the reasons for denial of plaintiff's applications.

116.    Deny the allegations set forth in paragraph "116" of the Complaint.

117.    Deny the allegations set forth in paragraph "117" of the Complaint.

118.    Deny the allegations set forth in paragraph "118" of the Complaint.

119.    Deny the allegations set forth in paragraph "119" of the Complaint and refers this Court to the regulations cited therein for their full text and true meaning.

120.    Deny the allegations set forth in paragraph "120" of the Complaint and refers this Court to Penal Law § 400.00 et seq., Admin. Code § 10-303, and Title 38, Chapters 3 & 5 of the RCNY for an accurate recitation of the regulations regarding applications for firearm licenses.

121.     Deny the allegations set forth in paragraph "121" of the Complaint and refers this Court to Penal Law § 400.00 et seq., Admin. Code § 10-303, and Title 38, Chapters 3 & 5 of the RCNY for an accurate recitation of the regulations regarding applications for firearm licenses.

122.     Deny the allegations set forth in paragraph "122" of the Complaint.

123.     Deny the allegations set forth in paragraph "123" of the Complaint.

124.     Deny the allegations set forth in paragraph "124" of the Complaint.

125.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "125" of the Complaint.

126.     Deny the allegations set forth in paragraph "126" of the Complaint insofar as it contains allegations of fact; insofar as it contains conclusions of law, defendants state that no response is required.

127.     Deny the allegations set forth in paragraph "127" of the Complaint.

128.     Deny the allegations set forth in paragraph "128" of the Complaint.

129.     Deny the allegations set forth in paragraph "129" of the Complaint, and refer this Court to the statutes and regulations cited therein for their full text and true meaning.

130.     Deny the allegations set forth in paragraph "130" of the Complaint, and refer this Court to the statutes and regulations cited therein for their full text and true meaning..

131.     Deny the allegations set forth in paragraph "131" of the Complaint.

132.     Deny the allegations set forth in paragraph "132" of the Complaint.

133.     Deny the allegations set forth in paragraph "133" of the Complaint.

134.     Deny the allegations set forth in paragraph "134" of the Complaint, except admits that individuals who submit an application for a firearm to the NYPD are fingerprinted as part of the application process.

135.    Deny the allegations set forth in paragraph "135" of the Complaint, except admit that the NYPD obtains criminal history reports regarding applicants for firearm licenses.

136.    Deny the allegations set forth in paragraph "136" of the Complaint.

137.    Deny the allegations set forth in paragraph "137"of the Complaint.

138.    Deny the allegations set forth in paragraph "138" of the Complaint.

139.    Deny the allegations set forth in paragraph "139" of the Complaint.

140.    Deny the allegations set forth in paragraph "140" of the Complaint.

141.    Deny the allegations set forth in paragraph "141" of the Complaint.

142.    State that paragraph "142" of the Complaint contains legal argument to which no response is required, and respectfully refer this Court to the case cited therein for its full text and true meaning.

143.    Deny the allegations set forth in paragraph "143" of the Complaint.

144.    Deny the allegations set forth in paragraph "144" of the Complaint insofar as it contains allegations of fact; insofar as it contains legal argument, defendants state that no response is required.

145.    Deny the allegations set forth in paragraph "154"[1] of the Complaint insofar as it contains allegations of fact; insofar as it contains legal argument, defendants state that no response is required.

146.    Deny the allegations set forth in paragraph "155" of the Complaint insofar as it contains allegations of fact; insofar as it contains legal argument, defendants state that no response is required.

---

[1] The Complaint does not contain paragraphs numbered "145" through "153."

147.    Deny the allegations set forth in paragraph "156" of the Complaint insofar as it contains allegations of fact; insofar as it contains legal argument, defendants state that no response is required.

148.    Deny the allegations set forth in paragraph "157" of the Complaint.

149.    Deny the allegations set forth in paragraph "158" of the Complaint.

150.    Deny the allegations set forth in paragraph "159" of the Complaint.

151.    Admit the allegations in paragraph "160" of the Complaint insofar as defendants deny the allegations set forth in paragraphs "157" through "159" of the Complaint.

152.    In response to the allegations set forth in paragraph "161" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

153.    Deny the allegations set forth in paragraph "162" of the Complaint.

154.    Deny the allegations set forth in paragraph "163" of the Complaint.

155.    In response to the allegations set forth in paragraph "164" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

156.    Deny the allegations set forth in paragraph "165" of the Complaint.

157.    Deny the allegations set forth in paragraph "166" of the Complaint.

158.    In response to the allegations set forth in paragraph "167" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

159.    Deny the allegations set forth in paragraph "168" of the Complaint.

160.    Deny the allegations set forth in paragraph "169" of the Complaint.

161.    In response to the allegations set forth in paragraph "170" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

162.    Deny the allegations set forth in paragraph "171" of the Complaint.

163.    Deny the allegations set forth in paragraph "172" of the Complaint.

164.    In response to the allegations set forth in paragraph "173" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

165.    Deny the allegations set forth in paragraph "174" of the Complaint.

166.    Deny the allegations set forth in paragraph "175" of the Complaint.

167.    Deny the allegations set forth in paragraph "176" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

168.    The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

169.    Defendants City of New York and Keechant Sewell have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

170.    This action may be barred, in whole or in part, by a lack of standing.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

171.    This action may be barred, in whole or in part, by plaintiff's failure to exhaust administrative remedies.

**WHEREFORE**, Defendants City of New York and Keechant Sewell, in her official capacity as NYPD Commissioner, request judgment dismissing the Complaint as against them, with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

October 7, 2022
New York, New York

Hon. Sylvia O. Hinds-Radix
Corporation Counsel of the City of New York
*Attorney for Defendants City of New York &
Keechant Sewell*
100 Church Street
New York, New York 10007
(212) 356-2369

    /S

By: _____

    Aimee K. Lulich
    Assistant Corporation Counsel

cc:    Amy Bellantoni, Esq. (By ECF)
        Attorney for Plaintiff

22-CV-0003 (JPC)

| |
|---|
| UNITED STATE DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |

| |
|---|
| JOSEPH SROUR,<br><br>                                              Plaintiff,<br><br>                    v.<br><br>NEW YORK CITY, New York,<br>KEECHANT SEWELL, in her Official<br>Capacity as NYPD Police Commissioner,<br><br>                                              Defendants. |

| |
|---|
| **DEFENDANTS   CITY   OF   NEW   YORK   AND<br>COMMISSIONER KEECHANT SEWELL'S ANSWER TO<br>THE COMPLAINT** |

| |
|---|
| **HON. SYLVIA O. HINDS-RADIX**<br><br>Corporation Counsel of the City of New York<br>*Attorney for Defendants City of New York & Keechant Sewell*<br><br>100 Church Street Rm 5-143<br>New York, N.Y.  10007<br><br>Of Counsel: Aimee K. Lulich<br>Tel:  (212) 356-2369<br>*NYCLIS No.* |

| |
|---|
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.  ...................................., 2022 . . .*<br><br>*...................................................................... Esq.*<br><br>*Attorney for ........................................................* |