UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------- x

JOSEPH SROUR,

                                      Plaintiff,

          v.

NEW YORK CITY, New York,
KEECHANT SEWELL, in her Official
Capacity as NYPD Police Commissioner,

                                    Defendants.

------------------------------------------------------------------------------- x

**DEFENDANTS' STATEMENT OF FACTS PURSUANT TO LOCAL CIVIL RULE 56.1**

22-CV-0003 (JPC)

        Defendants City of New York ("City") and New York City Police Department ("NYPD") Commissioner Keechant Sewell, by their attorney Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, submit this statement pursuant to Local Rule 56.1 of the Local Rules of the United States District Court for the Southern District of New York, to set forth their response to plaintiff's Statement of Facts Pursuant to Local Rule 56.1:

        1.      Joseph Srour ("Mr. Srour") is a resident of Brooklyn, New York.  See, Declaration of Joseph Srour ("Srour Dec.") at ¶ 1.

        Response:  Admitted.

        2.      Mr. Srour is not prohibited from possessing, purchasing, receiving, or transferring firearms under state or federal law.  Srour Dec. at ¶ 2.

        Response: Paragraph 2 of the Statement of Facts is not material to the claim at issue and contains legal conclusions and should be stricken as improper.  See Local Civil Rule 56.1; see also Tartikov, 138 F. Supp. 3d at 393-94.

3. Mr. Srour has never been convicted of a crime or any violation of the New York State Penal Law. Srour Dec. at ¶ 2; Exhibit 1.

Response: Admitted insofar as the documents considered by NYPD in making the challenged determination, and the evidence of record in the instant proceeding, demonstrate that petitioner has not been convicted of a felony or misdemeanor in New York.

4. In 2018, Mr. Srour applied to the NYPD License Division for a permit to possess rifles and shotguns in his home for self-protection ("Rifle/Shotgun Permit"). Srour Dec. at ¶ 3.

Response: Admitted.

5. Mr. Srour's application for a Rifle/Shotgun permit was denied. Srour Dec. at ¶ 3; Exhibit 2.

Response: Admitted.

6. In 2019, Mr. Srour applied to the NYPD License Division for a permit to possess handguns in his home for self-protection ("Handgun License"). Srour Dec. at ¶ 4.

Response: Admitted.

7. Mr. Srour's application for a license to possess handguns in his home for self-protection was denied. Srour Dec. at ¶ 4; Exhibit 3.

Response: Admitted.

8. Mr. Srour timely filed an internal appeal of the denial of each application with the NYPD License Division, Appeals Unit (the "License Division"). Srour Dec. at ¶ 5.

Response: Admitted.

9. By Notice of Disapproval After Appeal dated November 7, 2019, Mr. Srour was notified that both of his appeals were denied. Srour Dec. at ¶ 6; Exhibit 4.

Response: Admitted.

10. During the licensing process, Mr. Srour was fingerprinted and subject to a thorough background investigation. Srour Dec. at ¶ 7.

Response: Admitted insofar as the firearm licensing process included fingerprinting Mr. Srour and obtaining a background report. See Local Civil Rule 56.1; see also Tartikov, 138 F. Supp. 3d at 393-94.

11. Mr. Srour's background check revealed to the License Division that he has no criminal convictions. Srour Dec. at ¶ 7.

Response: Admitted insofar as the License Division did not learn of any criminal convictions in plaintiff's history.

12. Mr. Srour's 2 prior arrests in 1995 and 1996 took place over 25 years ago. Srour Dec. at ¶ 8.

Response: Admitted insofar as Mr. Srour was arrested in 1995 and 1996, which was over 25 years ago.

13. Neither of Mr. Srour's arrests resulted in a conviction. Srour Dec. at ¶ 8.

Response: Admitted insofar as the arrests in 1995 and 1996 did not result in conviction.

14. Both charges were dismissed and sealed. Srour Dec. at ¶ 8.

Response: Disputed insofar as the 1995 and 1996 arrests involved five criminal charges, all of which are now sealed. See Plaintiff's Exhibits 2, 3, & 4.

15. During the application process for each license, Mr. Srour informed the investigator of his prior arrests. Srour Dec. at ¶ 10; Exhibit 4.

Response: Disputed. Srour Dec., Exhibits 2, 3, & 4.

16. Because of the challenged regulations – New York City Administrative Code 10-303(2) and (9); 38 RCNY 5-10 (a), (e), (h), and (n); 38 RCNY 3-03 (a), (e), (h), and (n); and NYC Admin. Code 10-310 – Mr. Srour is prohibited from exercising his right to possess handguns, rifles, and shotguns in his home for self-defense. Srour Dec. at ¶ 12.

Response: Disputed because plaintiff states that he does keep firearms in his home. Complaint at ¶¶ 99 & 158 Further, Paragraph 16 of the Statement of Facts is not material to the claim at issue and contains legal conclusions and should be stricken as improper. See Local Civil Rule 56.1; see also Tartikov, 138 F. Supp. 3d at 393-94.

17. "Good cause" and "moral character" are discretionary factors used to determine an applicant's eligibility to possess firearms, like Mr. Srour. Srour Dec. at ¶ 15.

Response: Disputed, contains legal conclusions and should be stricken as improper. See Local Civil Rule 56.1; see also Tartikov, 138 F. Supp. 3d at 393-94.

18. Mr. Srour was denied the right to possess handguns, rifles, and shotguns for self-defense because of his driving history. Srour Dec. at (sic) Exhibit 4.

Response: Disputed. Srour Dec., Exhibits 2, 3, & 4; Complaint at ¶¶ 99 & 158.

19. No other constitutional right is terminated based on traffic infractions. Srour Dec. at v 16.

Response: Disputed. Paragraph 19 of the Statement of Material Facts contains argument and legal conclusions, not undisputed material facts, and should be stricken as improper. See Local Civil Rule 56.1; see also Tartikov, 138 F. Supp. 3d at 393-94.

20. Mr. Srour was denied the right to possess handguns, rifles, and shotguns for self-defense because he did not immediately disclose charges that were dismissed and sealed over 25 years ago. Srour Dec. at (sic) Ex. (sic) 1, Exhibit 4.

Response: Disputed. Srour Dec., Exhibits 2, 3, & 4; Complaint at ¶¶ 99 & 158.

**Defendants' Additional Undisputed Material Facts**

21. Plaintiff filed the Complaint in this action on or about January 2, 2022 bringing claims that Ad. Code § 10-303(a)(2) & (9), Ad. Code §§ 3-310, 38 RCNY § 3-03(a), (e), (h) & (n) and 38 RCNY § 5-10(a), (e), (h), & (n) violate the Second Amendment as applied and facially, and are pre-empted by New York State Penal Law. See Complaint, Lulich Decl., Exhibit A.

22. This matter was stayed on or about March 14, 2022 pending a decision by the Supreme Court of the United States in New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 142 S. Ct. 2111 (2022). See Minute Entry for Proceedings Held Before the Honorable John P. Cronan dated March 14, 2022.

23. The Bruen Decision was issued on June 23, 2022. Bruen, id.

24. Defendants filed an Answer to the Complaint on October 7, 2022. See Answer, Lulich Decl., Exhibit B.

25. Defendants sought to conduct discovery regarding the facts and circumstances of plaintiff's applications for firearm permits and any alleged damages sustained by plaintiff. See Defendants Letter dated October 17, 2022 at ECF Document No. 24.

26. On November 3, 2022, plaintiff withdrew his Second Amendment as-applied claims and preemption claims. See Minute Entry for Proceedings before the Honorable John P. Cronan dated November 3, 2022, Lulich Decl., Exhibit C.

27. The only claims remaining in this action are a facial Second Amendment claim challenging Ad. Code § 10-303(a)(2) & (9), Ad. Code § § 3-310, 38 RCNY § 3-03(a), (e), (h) & (n) and 38 RCNY § 5-10(a), (e), (h), & (n). Id.

February 21, 2023
New York, New York

    Hon. Sylvia O. Hinds-Radix
    Corporation Counsel of the City of New York
    *Attorney for Defendants City of New York & Keechant Sewell*
    100 Church Street
    New York, New York 10007
    (212) 356-2369

    By: ___/S_____
        Aimee K. Lulich
        Assistant Corporation Counsel

cc:    Amy Bellantoni, Esq. (By ECF)
       Attorney for Plaintiff

22-CV-0003 (JPC)

| |
|---|
| UNITED STATE DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| JOSEPH SROUR,<br><br>                                      Plaintiff,<br><br>                     v.<br><br>NEW YORK CITY, New York,<br>KEECHANT SEWELL, in her Official<br>Capacity as NYPD Police Commissioner,<br><br>                                  Defendants. |
| **DEFENDANTS CITY OF NEW YORK AND COMMISSIONER KEECHANT SEWELL'S RESPONSE TO PLAINTIFF'S RULE 56.1 STATEMENT** |
| **HON. SYLVIA O. HINDS-RADIX**<br><br>Corporation Counsel of the City of New York<br>*Attorney for Defendants City of New York & Keechant Sewell*<br><br>100 Church Street Rm 5-143<br>New York, N.Y.  10007<br><br>Of Counsel: Aimee K. Lulich<br>Tel:  (212) 356-2369<br>*NYCLIS No.* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.  ................................... , 2023 . . .*<br><br>*................................................................ Esq.*<br><br>*Attorney for .........................................................* |