

July 15, 2023

**VIA ECF**

Hon. John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:  <u>Joseph Srour v. City of New York, et. al.,</u>
              22-CV-0003 (JPC)

Dear Judge Cronan,

    I represent the plaintiff, Joseph Srour, in the above-referenced matter. Please accept the following in response to the Court's Order dated July 5, 2023.

***Amendments to 38 RCNY 3-03 and 38 RCNY 5-10***

    38 RCNY 3 governs the licensing of rifles and shotguns. 38 RCNY 5 governs the licensing of handguns. 38 RCNY 3-03 and 38 RCNY 5-10 provide grounds to deny the respective licenses.

    Plaintiff challenges the same subsections of both regulations: (a), (e), (h), and (n). Each of the challenged subsections of both regulations remain intact, except for changes to subsection (n). As such, Plaintiff's challenges to subsections (a), (e), and (h) of 38 RCNY 3-03 and 5-10 remain unchanged and are not mooted.

    As far as subsection (n), the pre-*Bruen* language of 38 RCNY 3-03 and 5-10 read as follows:

"(n)  Other information demonstrates an unwillingness to abide by the law, a lack of candor towards lawful authorities, a lack of concern for the safety of oneself and/or other persons and/or for public safety, and/or other good cause for the denial of the license. In evaluating incidents or circumstances pursuant to this section, the License Division shall consider all relevant factors, including but not limited to the number, recency and severity of incidents and the outcome of any judicial or administrative proceedings." [see attached].

    The post-*Bruen* regulations read as follows:
"(n)  Other information that demonstrates the lack of good moral character, including but not limited to an unwillingness to abide by the law, a lack of candor towards lawful authorities, a lack of concern for the safety jof oneself and/or other persons and/or for public safety, and/or an inability to maintain handgun possession in a manner that is safe to oneself or others." [see

attached].[1]

Notwithstanding the amendments to subsection (n) to 3-03 and 5-10, Plaintiff continues to challenge their enforcement and seeks a declaration of their unconstitutionality.

As an initial matter, Plaintiff remains entitled to pursue claims for compensatory damages related to Second Amendment violations and presumed harm from the enforcement of the former provision of subsection (n). As such, independent of Plaintiff's claims against the amended subsection (n), his claim is not mooted.

Subsection (n) was changed to characterize the old language as being an assessment of an applicant's "lack of moral character," which is unconstitutionally discretionary in itself. But as an added insult, the change removed the consideration of mitigating factors such as the "consider[ation of] all relevant factors, including but not limited to the number, recency and severity of incidents and the outcome of any judicial or administrative proceedings" – worsening Plaintiff's chances of approval in the future. The final determination of the Appeals Unit bears out that the denial of Plaintiff's handgun license was also based on a "moral character" assessment, like the Rifle/Shotgun license, as discussed above. [ECF 27-4].

Plaintiff remains subject to the regulations under subsection (n) as his ability to possess a handgun, rifle, and/or shotgun for self-defense remains barred by their enforcement. As such, the revisions to subsection (n) do not affect Plaintiff's challenge.

*NYC Administrative Code 10-303*

Plaintiff challenges NYC Admin. Code 10-303(a)(2) and (9), which are grounds to deny a Rifle/Shotgun license based on a subjective assessment of whether the applicant "(2) is not of good moral character" and/or "(9) unless good cause exists for the denial of the permit." [see attached provisions of 10-303].

The written denial of Plaintiff's Rifle/Shotgun license indicates that Plaintiff's application was denied based on their conclusion that Plaintiff had "poor moral judgment" and that his "driving record" and "arrests" "reflect negatively on [Plaintiff's] moral character," which implicates NYC Admin. Code 10-303(a)(2). [see, Srour Dec. at Exhibit 2/ECF 27-2].

Plaintiff's Rifle/Shotgun application was also denied because the same conclusions "cast grave doubt on [Plaintiff's] fitness to possess a firearm", which implicates NYC Admin. Code 10-303(a)(9) – "good cause" for the denial. There is no separate Code provision allowing denial of a Rifle/Shotgun license based on a conclusion that the licensing authority believes that "grave doubt" has been "cast" on an applicant's "fitness to possess a firearm." The only catch-all provision under which the Rifle/Shotgun license could have been denied based on the City's conclusion is the "good cause" to deny provision of 10-303(a)(9). As such, 10-303(a)(9) is implicated and challenged herein.

*Basis for Other Forms of Relief*

In addition to Plaintiff's request for declaratory and injunctive relief, his Complaint sets forth a cause of action for substantive civil rights violations under the Second Amendment and includes a prayer for relief in the nature of, *inter alia*, damages for the violations of his civil rights, reasonable

---

[1] https://codelibrary.amlegal.com/codes/newyorkcity/latest/NYCrules/0-0-0-135512;
https://codelibrary.amlegal.com/codes/newyorkcity/latest/NYCrules/0-0-0-135595

statutory attorney's fees, and costs.

      Should Plaintiff prevail in his motion for summary judgment, the determination of damages and Plaintiff's anticipated motion for attorney's fees and costs would remain to be determined by the Court.
      Thank you for the Court's consideration.

Sincerely,

*Amy L. Bellantoni*
Amy L. Bellantoni

cc: Aimee Lulich (via ECF)

### § 3-03 Grounds for Denial of Permit.

In addition to other bases for disqualification pursuant to federal, state, and local law and this chapter, an application for a rifle/shotgun permit may be denied where it is determined that an applicant lacks good moral character or that other good cause exists for denial, pursuant to § 10-303 of the Administrative Code of the City of New York. Such a determination shall be made based upon consideration of the following factors:

   (a)   The applicant has been arrested, indicted or convicted for a crime or violation except minor traffic violations, in any federal, state or local jurisdiction.

   (b)   The applicant has been other than honorably discharged from the Armed Forces of this country.

   (c)   The applicant has or is reasonably believed to have a disability or condition that may affect the ability to safely possess or use a rifle or shotgun, including but not limited to alcoholism, drug use or mental illness.

   (d)   The applicant is or has been an unlawful user of, or addicted to, a controlled substance or marijuana.

   (e)   The applicant made a false statement on her/his application, or failed to disclose her/his complete arrest history, including sealed arrests. Sealed arrests are made available to the License Division pursuant to Article 160 of the Criminal Procedure Law when an application has been made for a permit to possess a gun.

   (f)   The applicant is the subject of an order of protection or a temporary order of protection.

   (g)   The applicant has a history of one or more incidents of domestic violence.

   (h)   The applicant has a poor driving history, has multiple driver license suspensions or has been declared a scofflaw by the New York State Department of Motor Vehicles.

   (i)   The applicant has failed to comply with federal, state or local law or with Police Department rules governing possession and use of handguns, rifles, shotguns or ammu- nition.

   (j)   The applicant has been terminated from employment under circumstances that demonstrate lack of good judgment or lack of good moral character.

   (k)   The applicant has demonstrated an inability to safely store firearms, such as through a history of lost/stolen firearms.

   (l)   The applicant has failed to pay legally required debts such as child support, taxes, fines or penalties imposed by governmental authorities.

   (m)   The applicant fails to cooperate with the License Division's investigation of her/his application or fails to provide information requested by the License Division or required by this chapter.

   (n)   Other information demonstrates an unwillingness to abide by the law, a lack of candor towards lawful authorities, a lack of concern for the safety of oneself and/or other persons and/or for public safety, and/or other good cause for the denial of the permit. In evaluating incidents or circumstances pursuant to this section, the License Division shall consider all relevant factors, including but not limited to the number, recency and severity of incidents and the outcome of any judicial or administrative proceedings.

### § 3-03 Grounds for Denial of Permit.

In addition to other bases for disqualification pursuant to federal, state, and local law and this chapter, an application for a rifle/shotgun permit may be denied where it is determined that an applicant lacks good moral character. For the purposes of this chapter, "good moral character" means having the essential character, temperament and judgment necessary to be entrusted with a weapon and to use it only in a manner that does not endanger oneself or others. For the purposes of the preceding sentence, the use of force that is reasonably necessary to protect oneself or others shall not be construed as endangering oneself or others. Such a determination shall be made based upon consideration of the following factors:

   (a)   The applicant has been arrested, indicted or convicted for a crime or violation except minor traffic violations, in any federal, state or local jurisdiction.

   (b)   The applicant has been other than honorably discharged from the Armed Forces of this country.

   (c)   The applicant has or is reasonably believed to have a disability or condition that may affect the ability to safely possess or use a rifle or shotgun, including but not limited to alcoholism, drug use or mental illness.

   (d)   The applicant is or has been an unlawful user of, or addicted to, a controlled substance or marijuana.

   (e)   The applicant made a false statement on her/his application, or failed to disclose her/his complete arrest history, including sealed arrests. Sealed arrests are made available to the License Division pursuant to Article 160 of the Criminal Procedure Law when an application has been made for a permit to possess a gun.

   (f)   The applicant is the subject of an order of protection or a temporary order of protection.

   (g)   The applicant has a history of one or more incidents of domestic violence.

   (h)   The applicant has a poor driving history, has multiple driver license suspensions or has been declared a scofflaw by the New York State Department of Motor Vehicles.

   (i)   The applicant has failed to comply with federal, state or local law or with Police Department rules governing possession and use of handguns, rifles, shotguns or ammunition.

   (j)   The applicant has been terminated from employment under circumstances that demonstrate lack of good judgment or lack of good moral character.

   (k)   The applicant has demonstrated an inability to safely store firearms, such as through a history of lost/stolen firearms.

   (l)   The applicant has failed to pay legally required debts such as child support, taxes, fines or penalties imposed by governmental authorities.

   (m)   The applicant fails to cooperate with the License Division's investigation of her/his application or fails to provide information requested by the License Division or required by this chapter.

   (n)   Other information that demonstrates a lack of good moral character, including but not limited to an unwillingness to abide by the law, a lack of candor towards lawful authorities, a lack of concern for the safety of oneself and/or other persons and/or for public safety, or an inability to maintain rifle/shotgun possession in a manner that is safe to oneself or others. In evaluating incidents or circumstances pursuant to this section, the License Division shall consider all relevant factors, including but not limited to the number, recency and severity of incidents and the outcome of any judicial or administrative proceedings.

(Amended City Record 12/16/2022, eff. 12/16/2022)

## § 5-10 Grounds for Denial of Handgun License.

In addition to other bases for disqualification pursuant to federal, state, and local law and this chapter, an application for a handgun license may be denied where it is determined that an applicant lacks good moral character or that other good cause exists for denial, pursuant to New York State Penal Law § 400.00 (1). Such a determination shall be made based upon consideration of the following factors:

   (a)   The applicant has been arrested, indicted or convicted for a crime or violation except minor traffic violations, in any federal, state or local jurisdiction.

   (b)   The applicant has been other than honorably discharged from the Armed Forces of this country.

   (c)   The applicant has or is reasonably believed to have a disability or condition that may affect the ability to safely possess or use a handgun, including but not limited to alcoholism, drug use or mental illness.

   (d)   The applicant is or has been an unlawful user of, or addicted to, a controlled substance or marijuana.

   (e)   The applicant made a false statement on her/his application, or failed to disclose her/his complete arrest history, including sealed arrests. Sealed arrests are made available to the License Division pursuant to Article 160 of the Criminal Procedure Law when an application has been made for a license to possess a gun.

   (f)   The applicant is the subject of an order of protection or a temporary order of protection.

   (g)   The applicant has a history of one or more incidents of domestic violence.

   (h)   The applicant has a poor driving history, has multiple driver license suspensions or has been declared a scofflaw by the New York State Department of Motor Vehicles.

   (i)   The applicant has failed to comply with federal, state or local law or with Police Department rules governing possession and use of firearms, rifles, shotguns or ammu- nition.

   (j)   The applicant has been terminated from employment under circumstances that demonstrate lack of good judgment or lack of good moral character.

   (k)   The applicant has demonstrated an inability to safely store firearms, such as through a history of lost/stolen firearms.

   (l)   The applicant has failed to pay legally required debts such as child support, taxes, fines or penalties imposed by governmental authorities.

   (m)   The applicant fails to cooperate with the License Division's investigation of her/his application or fails to provide information requested by the License Division or required by this chapter.

   (n)   Other information demonstrates an unwillingness to abide by the law, a lack of candor towards lawful authorities, a lack of concern for the safety of oneself and/or other persons and/or for public safety, and/or other good cause for the denial of the license. In evaluating incidents or circumstances pursuant to this section, the License Division shall consider all relevant factors, including but not limited to the number, recency and severity of incidents and the outcome of any judicial or administrative proceedings.

### § 5-10 Grounds for Denial of Handgun License.

In addition to other bases for disqualification pursuant to federal, state, and local law and this chapter, an application for a handgun license may be denied where it is determined that an applicant lacks good moral character, pursuant to New York State Penal Law § 400.00 (1). Such a determination shall be made based upon consideration of the following factors:

   (a)   The applicant has been arrested, indicted or convicted for a crime or violation except minor traffic violations, in any federal, state or local jurisdiction.

   (b)   The applicant has been other than honorably discharged from the Armed Forces of this country.

   (c)   The applicant has or is reasonably believed to have a disability or condition that may affect the ability to safely possess or use a handgun, including but not limited to alcoholism, drug use or mental illness.

   (d)   The applicant is or has been an unlawful user of, or addicted to, a controlled substance or marijuana.

   (e)   The applicant made a false statement on their application, or failed to disclose their complete arrest history, including sealed arrests. Sealed arrests are made available to the License Division pursuant to Article 160 of the Criminal Procedure Law when an application has been made for a license to possess a gun.

   (f)   The applicant is the subject of an order of protection, a temporary order of protection, or an extreme risk protection order.

   (g)   The applicant has a history of one or more incidents of domestic violence.

   (h)   The applicant has a poor driving history, has multiple driver license suspensions or has been declared a scofflaw by the New York State Department of Motor Vehicles.

   (i)   The applicant has failed to comply with federal, state or local law or with Police Department rules governing possession and use of firearms, rifles, shotguns or ammunition.

   (j)   The applicant has been terminated from employment under circumstances that demonstrate lack of good judgment or lack of good moral character.

   (k)   The applicant has demonstrated an inability to safely store firearms, such as through a history of lost/stolen firearms.

   (l)   The applicant has failed to pay legally required debts including but not limited to child support, taxes, fines or penalties imposed by governmental authorities.

   (m)   The applicant fails to cooperate with the License Division's investigation of their application or fails to provide information requested by the License Division or required by this chapter.

   (n)   Other information that demonstrates the lack of good moral character, including but not limited to an unwillingness to abide by the law, a lack of candor towards lawful authorities, a lack of concern for the safety of oneself and/or other persons and/or for public safety, and/or an inability to maintain handgun possession in a manner that is safe to oneself or others.

(Amended City Record 12/16/2022, eff. 12/16/2022)