

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**AIMEE K. LULICH**
*Senior Counsel*
alulich@law.nyc.gov

July 21, 2023

**BY ECF**
Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   <u>Joseph Srour v. City of New York et. al.</u>,
              22-CV-0003 (JPC)

Your Honor:

      I am an attorney in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for defendants City of New York ("City") and New York City Police Department ("NYPD") Commissioner Edward Caban[1] in the above-entitled action. I write to provide supplemental briefing regarding the five issues raised by the court in Your Honor's Order dated July 5, 2023. Plaintiff filed a letter response to the July 5, 2023 Order on July 15, 2023.

      First, as the Court pointed out in the July 5, 2023 Order, the NYPD amended some sections of the Rules of the City of New York ("RCNY") Chapters 3 and 5. A copy of the NYPD Notice of Adoption of Final Rule dated December 13, 2022 is annexed hereto for the Court's convenience.[2] The City does not believe that the December 13, 2022 amendments render the instant matter moot. In determining applications for premises residence licenses and rifle shotgun licenses, the NYPD continues to consider, <u>inter alia</u>, arrest history, driving history, and lack of candor along with the other enumerated factors contained in the RCNY.

      Further, with regard to New York City Administrative Code ("Ad. Code") § 10-303, the Court is correct in noting that Ad. Code § 10-303 was not cited by the NYPD as a basis for denial of plaintiff's applications. Section 3-03 of the RCNY sets forth the factors to be

---

[1] Former Commissioner Keechant Sewell, who was previously named in her official capacity, recently resigned as NYPD Commissioner. Edward Caban was appointed NYPD Commissioner on July 17, 2023.

[2] Publicly available at https://rules.cityofnewyork.us/wp-content/uploads/2022/10/Permanent-Rule-FINAL-12.13.22.pdf (last visited July 21, 2023).

considered in determining whether an applicant lacks good moral character or other good cause exists for denial pursuant to Ad. Code § 10-303.  See 38 RCNY § 3-03.  Here, plaintiff's applications were denied pursuant to four of the fourteen subsections of 38 RCNY § 3-03.  By contrast, in order to prevail in a challenge to Ad. Code § 10-303 plaintiff must demonstrate that there are *no set of circumstances* under which the Ad. Code provision would be constitutional, including, inter alia, consideration of all fourteen subsections of 38 RCNY § 3-03.

With respect to plaintiff's claim for compensatory damages, pursuant to the Court's Order dated November 3, 2022, the Court effectively bifurcated the liability and damages phases of this action. See Minute Entry dated November 3, 2022.  The defendants agreed to forego discovery prior to plaintiff's motion for summary judgement on liability because the Court directed that, should summary judgment be granted in favor of plaintiff, defendants would be permitted to conduct discovery into any alleged damages. Id.  Thus, the instant motion for summary judgment should only include arguments on the facial constitutional challenge, and the Court should not decide damages at this stage, if at all.

Finally, on July 5, 2023, plaintiff filed a motion for reconsideration of the Court's Order directing the parties to submit unredacted copies any exhibits to the Motion for Summary Judgment that were filed with redactions.  Defendants take no position regarding the plaintiff's request for reconsideration or the Court's Order directing that unredacted copies be delivered to chambers.

Respectfully submitted,

/S
Aimee K. Lulich