**New York City Police Department**

## NOTICE OF ADOPTION OF FINAL RULE

**NOTICE IS HEREBY GIVEN PURSUANT TO THE AUTHORITY VESTED IN** the Commissioner of the New York City Police Department by Sections 435 and 1043 of the New York City Charter, and in accordance with the requirements of Section 1043 of the New York City Charter, that the NYPD hereby amends sections 3-02, 3-03, 3-05, 3-15, and 3-16 of Chapter 3 of the Title 38; section 4-03 of Chapter 4 of Title 38; and sections 5-01, 5-02, 5-03, 5-05, 5-05.1, 5-06, 5-07, 5-09, 5-10, 5-11, 5-12, 5-22, 5-23, 5-24, 5-25, 5-26, 5-27, 5-28, 5-29, 5-30, 5-31, 5-32, 5-33, and 5-34 of Chapter 5 of Title 38 of the Rules of the City of New York, amending the standards and conditions for issuing a handgun license and rifle/shotgun permit; and repeals related emergency rules.

This rule was first published in the City Record on October 18, 2022, and a public hearing was held on November 18, 2022.

## STATEMENT OF BASIS AND PURPOSE

Prior to June 23, 2022, New York State required applicants to meet a "proper cause" standard in order to obtain a concealed carry handgun license. The "proper cause" standard required applicants to demonstrate a special need for self-protection, distinguishable from that of the general community, in order to qualify for a carry license.  Consistent with State-law requirements, Police Department rules likewise required handgun license applicants to establish "proper cause."  On June 23, 2022, the United States Supreme Court ruled in N.Y. State Rifle & Pistol Ass'n v. Bruen, 142 S. Ct. 2111 (2022), that New York State's "proper cause" requirement for obtaining a concealed carry firearm license was an unconstitutional restriction on an individual's Second Amendment right to bear arms for self-defense. In light of the Supreme Court's decision in Bruen, New York State can no longer require individuals to show "proper cause" in order to receive a carry license.

On July 1, 2022, New York State enacted new statewide licensing standards removing the "proper cause" standard and including additional criteria, effective September 1, 2022, for carry license applicants (Chapter 371 of the Laws of 2022).  On August 19, 2022, the NYPD promulgated an emergency rule to ensure that applications for carry and special licenses that were pending as of August 31, 2022, or were denied or were offered a more restrictive license solely on proper cause grounds prior to that date (that is, before the new licensing standards set forth in Chapter 371 took effect), are evaluated consistent with the Supreme Court's ruling in Bruen, while also maintaining a licensing scheme that preserves public safety within the city.  The NYPD published additional emergency rules amending the licensing standards set forth in Chapter 3 and Chapter 5 of Title 38 of the Rules of the City of New York for applying and obtaining a carry license, making them consistent with the new standards enacted by New York State in Chapter 371.  An amendment issued on September 19 clarified that individuals who receive a license after

1

September 1, 2022 must successfully complete the mandatory live firearms safety course, required under section 400.00(19) of the Penal Law.

Consistent with the emergency rules, the NYPD is codifying amendments to its rules to make them conform to Chapter 371. This rule also codifies an existing expedited hearing process for licensees and permittees whose license or permit has been suspended or revoked.

Based upon consideration of testimony and comments submitted during the rule review process, section 5-09 of Title 38 will be amended to apply only to carry guards. Chapter 371 added a new provision to Penal Law section 265.20, authorizing a person to possess a pistol or revolver while undergoing live-fire range training. This addition means that a pre-license exemption for individuals conducting live fire training pursuant to the requirement in Penal Law 400.00(19) is not required. However, some training courses that are necessary to become a licensed armed guard pursuant to Article 7-A of the General Business Law require submission of a valid handgun permit. To facilitate applications to become an armed security guard, the permanent rule makes an adjustment to section 5-09 to retain the pre-license exemption process for carry guard license applicants only.

In addition, some comments objected to the application process for obtaining a handgun license. Many of the suggestions would not require a changes to Chapter 5 of Title 38 of the Rules of the City of New York, and the NYPD is committed to streamlining paperwork, exploring new technologies, and necessitating fewer in-person requirements, to the extent possible. Any changes to the processing of license applications that do not require new rulemaking will be posted online. Additionally, a significant number of comments related to the new requirements outlined in sections 265.01-d, 265.01-e, and 400.00 of the Penal Law, which were added by Chapter 371 and cannot be changed via administrative rule making.

These rules make the following amendments:

1) Amend the minimum age to obtain a rifle/shotgun permit to be consistent with the Administrative Code;

2) Codify the hearing procedures for licensees and permittees whose licenses and permits are suspended or revoked;

3) Add a new section 3-15 to Title 38 of the Rules of the City of New York, which will require that applicants attest that they have received the rules for revoking a license, the laws regarding sensitive and restricted locations, and the requirements for safe storage of a firearm;

4) Eliminate the "proper cause" and "good cause" standards;

5) Authorize electronic filing of documents relating to handgun licensure;

6) Add certain documents required to apply for and receive a carry license, including four character references and a list of current and former social media accounts from the last three years;

7) Require an interview prior to receiving a handgun license;

2

8)  Require a certification of completion of the live firearms safety course and training course pursuant to section 400.00(19) of the Penal Law;

9)  Repeal the pre-license exemption application for carry-license applicants who use a gun for instructional purposes, but retain the exemption for carry guard applicants who are required to obtain such an exemption;

10) Define how individuals who work and live in Times Square may transport a gun;

11) Add a two-hour live firearms training requirement in connection with renewal applications for carry licenses. This minimum proficiency standard furthers the compelling interest of preventing death and injury by firearms;

12) Require that when a handgun is outside the licensee's immediate possession or control, such handgun is safeguarded with a safety locking device and in a locked container. These protective measures will help prevent unauthorized access;

13) Authorize an application for pre-license exemption for carry guard training, if required.


As set forth in the attached finding of substantial need, these permanent rules will go into effect upon publication in the City Record in order to avoid any gap between the lapsing of the emergency rules and the effective date of the permanent ones.


New material is underlined.
[Deleted material is in brackets.]
* * * indicates omitted text.
Changes shown in text are made to the text of rules in effect on August 18, 2022, without showing changes made by emergency rules promulgated after such date.  All such emergency rules are repealed by § 28 of this Final Rule.

"Shall" and "must" denote mandatory requirements and may be used interchangeably in the rules of this department, unless otherwise specified or unless the context clearly indicates otherwise.

**Section 1. Subdivision (b) of section 3-02 of Chapter 3 of Title 38 of the Rules of the City of New York is amended to read as follows:**

**§ 3-02 Application for Permit.**

* * *

(b)   The minimum age for obtaining a permit is [18] 21 years of age.


**§ 2. The opening paragraph and subdivision (n) of section 3-03 of Chapter 3 of Title 38 of the Rules of the City of New York are amended to read as follows:**

**§ 3-03 Grounds for Denial of Permit.**

In addition to other bases for disqualification pursuant to federal, state, and local law and this chapter, an application for a rifle/shotgun permit may be denied where it is determined that an applicant lacks good moral character [or that other good cause exists for denial, pursuant to § 10-303 of the Administrative Code of the City of New York]. <u>For the purposes of this chapter, "good moral character" means having the essential character, temperament and judgment necessary to be entrusted with a weapon and to use it only in a manner that does not endanger oneself or others. For the purposes of the preceding sentence, the use of force that is reasonably necessary to protect oneself or others shall not be construed as endangering oneself or others.</u>  Such a determination shall be made based upon consideration of the following factors:

* * *

(n)   Other information <u>that</u> demonstrates <u>a lack of good moral character, including but not limited to</u> an unwillingness to abide by the law, a lack of candor towards lawful authorities, a lack of concern for the safety of oneself and/or other persons and/or for public safety, [and/or other good cause for the denial of the permit] <u>or an inability to maintain rifle/shotgun possession in a manner that is safe to oneself or others</u>. In evaluating incidents or circumstances pursuant to this section, the License Division shall consider all relevant factors, including but not limited to the number, recency and severity of incidents and the outcome of any judicial or administrative proceedings.

**§ 3. Subdivisions (a), (d) and (e) of section 3-05 of Title 38 of the Rules of the City of New York are amended to read as follows:**

**§ 3-05 Suspension or Revocation of Permit.**

(a)   The permittee shall immediately notify the Rifle/Shotgun Section by telephone, followed by written notice within ten (10) calendar days, of any incident or violation of law or rules of federal, state, or local jurisdictions <u>in which the permittee was involved</u>. For purposes of this subdivision, an incident includes:

(1)   arrest, indictment or conviction in any jurisdiction;

(2)   summons (except traffic infraction);

(3)   suspension or ineligibility order issued pursuant to § 530.14 of the New York State Criminal Procedure Law or § 842-a of the New York State Family Court Act;

4

(4)   the fact that the permittee is or becomes the subject or recipient of an order of protection or a temporary order of protection;

(5)   admission to any psychiatric institution, sanitarium and/or the receipt of psychiatric treatment;

(6)   receipt of treatment for alcoholism or drug abuse; [or]

(7)   the presence or occurrence of a disability or condition that may affect the handling of a rifle/shotgun, including but not limited to epilepsy, diabetes, fainting spells, blackouts, temporary loss of memory, or nervous disorder; [or]

(8)   unlawful discharge of a rifle/shotgun;

(9)   the licensee was involved in an incident of alleged or possible domestic violence or abuse involving a law enforcement response, or is otherwise notified that an incident has resulted in a "Domestic Incident Report" generated by the New York City Police Department or similar documentation generated by another police department or law enforcement agency; or

(10)  the licensee is directly involved in a situation concerning a potential violation of law or a threat to public safety which comes to the attention of any police department or other law enforcement agency, and the licensee knows or reasonably should know that such situation has come to the attention of such department or agency.

\* \* \*

(d)   If [her/his] their permit is suspended or revoked, the suspended/former permittee [shall be issued a Notice of Determination Letter by the Rifle/Shotgun Section, which shall state in brief the grounds for the suspension or revocation and notify the permittee of the opportunity for a hearing. The permittee shall have a right to submit a written request for a hearing within thirty (30) calendar days from the date of the Notice of Determination Letter to the Commanding Officer, License Division, One Police Plaza, Room 110A, New York 10038. Before a hearing is scheduled the permittee shall be required to submit the above documents and any additional documents requested in the suspension or revocation notice. A permittee whose arrest or summons resulted in suspension or revocation of her/his permit may only submit a written request for a hearing within thirty (30) calendar days after the termination of the criminal action, as defined in New York State Criminal Procedure Law §1.20(16)(c). If the suspension or revocation resulted from the permittee becoming the subject of an order of protection or a temporary order of protection, the permittee may only submit a written request for a hearing within thirty (30) calendar days after the expiration

or voiding of the order of protection or temporary order of protection. If the suspension or revocation was related to both a criminal action and an order of protection or temporary order of protection, then the later of the two waiting periods shall apply] has an opportunity to challenge, by mail, the suspension or revocation of the permit and vouchering of the rifle or shotgun by making a written submission to the License Division at DG_LIC-Hearings-Appeals@NYPD.ORG.

(1) Such submission shall be made within thirty (30) calendar days after receiving the "Notice of Determination (interim determination to suspend during investigation)" and must include the permit number, the reason for the challenge, and any documentation supporting such challenge. Such submission shall also confirm that the licensee has complied with subdivision (c) of this section.

(2) A determination shall be made whether measures short of continued vouchering would satisfy the interests of the city and shall be rendered within ten (10) business days after receipt of the submission pursuant to paragraph (1).

(e) After an investigation, the permittee shall be issued a Notice of Determination Letter by the License Division, which shall state in brief the grounds for the suspension or revocation and notify the permittee of the opportunity for a hearing, pursuant to § 15-22, which shall be in addition to the opportunity to be heard described in subdivision (d).

(1) The permittee shall have a right to submit a written request for a hearing within thirty (30) calendar days from the date of the Notice of Determination Letter to the Commanding Officer, License Division, One Police Plaza, Room 110A, New York 10038.

(2) Before a hearing is scheduled the permittee shall be required to submit the written request for a hearing and Notice of Determination Letter and any additional documents requested in the suspension or revocation notice.

(3) A permittee whose arrest or summons resulted in suspension or revocation of their permit may only submit a written request for a hearing within thirty (30) calendar days after the termination of the criminal action, as defined in New York State Criminal Procedure Law § 1.20(16)(c). If the suspension or revocation resulted from the permittee becoming the subject of an order of protection or a temporary order of protection, the permittee may only submit a written request for a hearing within thirty (30) calendar days after the expiration or voiding of the order of protection or temporary order of protection. If the suspension or revocation was related to both a

6

criminal action and an order of protection or temporary order of protection, then the later of the two waiting periods shall apply.

[(e)] (4) Upon receipt of the permittee's letter requesting a hearing on the Notice of Determination, the License Division shall schedule the permittee for a hearing and notify the permittee by postal mail or by electronic mail (email). Such hearing shall be in accordance with the procedures set forth in subchapter C of chapter 15.  However, requests for such hearings shall not be entertained, and a hearing shall not be scheduled, unless the permittee complies with the provisions of subdivision (c) [above], and forwards a Certificate of Final Disposition or Certificate of Relief from Disabilities, if applicable, to the License Division.


**§ 4. Chapter 3 of Title 38 of the Rules of the City of New York is amended by adding new sections 3-15 and 3-16 to read as follows:**


**§ 3-15 Attestations Prior to Receipt of Permit.**

Prior to receipt of the permit, the permittee must attest to the receipt of the following information and notifications: (a) the grounds for which the permit issued may be revoked, which shall include, without limitation, the areas and locations where a permittee may not lawfully carry the permitted rifle or shotgun; (b) that a conviction for unlawfully carrying a rifle or shotgun in such an area or location in violation of §265.01-d or §265.01-e of the New York State Penal Law is a felony for which such permit will be revoked; and (c) the requirements for safe storage of the licensed rifle or shotgun.


**§ 3-16 Times Square Sensitive Location Zone: Permitted Activities.**

A rifle/shotgun permittee whose residence identified on such license is located in the Times Square Sensitive Location Zone as defined in section 10-315 of the Administrative Code may carry such rifle/shotgun in a manner consistent with section 3-14(b) of this chapter.


**§ 5. Subdivision (d) of section 4-03 of Title 38 of the Rules of the City of New York is amended to read as follows:**


**§ 4-03 Requirements of Applicants.**

* * *

(d)   Each applicant shall be of good moral character, which means having the essential character, temperament and judgment necessary to be entrusted with a weapon and to use it only in a manner that does not endanger oneself or others. For the purposes of the preceding sentence, the use of force that is reasonably necessary to protect oneself or others shall not be construed as endangering oneself or others.


**§ 6.  Sections 5-01, 5-02, and 5-03 of Title 38 of the Rules of the City of New York are amended to read as follows:**


**§ 5-01 Types of Handgun Licenses.**

As used in this chapter, the term "handgun" shall mean a pistol or revolver. This section contains a description of the various types of handgun licenses issued by the Police Department. [Section 5-09 of this subchapter contains a description of the procedure for obtaining an exemption from New York State Penal Law Article 265, allowing pre-license possession of a handgun for the purpose of possessing and using a handgun for instructional purposes with a certified instructor in small arms at an authorized small arms range/shooting club.]

(a)   *Premises License – Residence or Business*. This is a restricted handgun license, issued for a specific business or residence location. The handgun shall be safeguarded at the specific address indicated on the license, except when the licensee transports or possesses such handgun consistent with these Rules. In addition to the safeguarding requirements set forth in subdivision (1) of section 265.45 and section 265.50 of the Penal Law (Failure to safely store rifles, shotguns, and firearms in the second degree), a licensee must safeguard their handgun in a locked container, and use a safety locking device, when such handgun is out of their immediate possession or control.

(b)   *Carry [Business] License.* This is [an unrestricted] a class of license which permits the carrying of a handgun concealed on the person. In the event that an applicant is not found by the License Division to be qualified for a Carry [Business] License, the License Division, based on its investigation of the applicant, may offer a [Limited Carry Business License or a Business] Premises License to an applicant.

(c)   [*Limited Carry Business License.* This is a restricted handgun license which permits the licensee to carry the handgun listed on the license concealed on the person to and from specific

locations during the specific days and times set forth on the license. Proper cause, as defined in §5-03, shall need to be shown only for that specific time frame that the applicant needs to carry a handgun concealed on her/his person. At all other times the handgun shall be safeguarded at the specific address indicated on the license, and secured unloaded in a locked container.

(d)] *Carry Guard License/Gun Custodian License.* These are restricted types of carry licenses, valid when the holder is actually engaged in a work assignment as a security guard or gun custodian.

[(e)] (d) *Special Licenses*. Special licenses are issued according to the provisions of § 400.00 of the New York State Penal Law, to persons in possession of a valid New York State County <u>Carry</u> License. The revocation, cancellation, suspension or surrender of such person's County License automatically renders [her/his] <u>their</u> New York City license void. The holder of a Special License shall carry [her/his] <u>their</u> County <u>Carry</u> License <u>and their Special License</u> at all times when possessing a handgun pursuant to such Special License.

(1) *Special Carry [Business] License.* This is a special license, permitting the carrying of a concealed handgun on the person while the licensee is in New York City.

(2) *Special Carry Guard License/Gun Custodian License.* These are restricted types of special licenses that permit the carrying of a concealed handgun on the person only when the licensee is actually engaged in the performance of [her/his] <u>their</u> duties as a security guard or gun custodian.

## § 5-02 Premises Licenses.

The requirements for the issuance of a Premises License are listed below<u>, which are in addition to any other bases for disqualification pursuant to federal, state, and local law</u>. The license application shall be investigated, including a review of the circumstances relevant to the information provided in the application. During the pendency of the application, the applicant shall notify the License Division of any necessary correction to or modification of the information provided in the original application, or any change in [her/his] <u>their</u> status or circumstances, which may be relevant to the application. The applicant shall:

(a) Be of good moral character<u>, which shall mean having the essential character, temperament, and judgment necessary to be entrusted with a weapon and to use it only in a manner that does not endanger oneself or another. For the purposes of the preceding sentence, the use of</u>

force that is reasonably necessary to protect oneself or others shall not be construed as endangering oneself or others;

(b)   Have no prior conviction for a felony or other serious offense, as defined in §265.00(17) of the New York State Penal Law, or of a misdemeanor crime of domestic violence, as defined in §921(a) of title 18 of the United States Code, or of a misdemeanor identified in §400.00(1)(n) of the New York State Penal Law;

(c)   Disclose whether [s/he] the applicant is or has been the subject or recipient of an order of protection, [or] a temporary order of protection, or an extreme risk protection order;

(d)   Have no prior revocation of a license [nor be the subject of a suspension or ineligibility order issued] pursuant to §530.14 of the New York State Criminal Procedure Law or §842-a of the New York State Family Court Act, nor be the subject of a suspension or an ineligibility order issued pursuant thereto;

(e)   Disclose any history of mental illness;

(f)   Be free from any disability or condition that may affect the ability to safely possess or use a handgun;

(g)   Reside or maintain a principal place of business within the confines of New York City;

(h)   [Be an applicant concerning whom no good cause exists for the denial of such license;

(i)]   Be at least 21 years of age.

## § 5-03 Carry and Special Handgun Licenses.

In addition to the requirements in §5-02 and §5-05, an applicant seeking a carry or special handgun license or a renewal shall [: be required to show "proper cause" pursuant to §400.00(2)(f) of the New York State Penal Law. "Proper cause" is determined by a review of all relevant information bearing on the claimed need of the applicant for the license. The following are examples of factors which will shall be considered in such a review.

(a)   Exposure of the applicant by reason of employment or business necessity to extraordinary personal danger requiring authorization to carry a handgun.

*Example:* Employment in a position in which the applicant routinely engages in transactions involving substantial amounts of cash, jewelry or other valuables or negotiable items. In these instances, the applicant shall furnish documentary proof that her/his employment actually

requires that s/he be authorized to carry a handgun, and that s/he routinely engages in such transactions.

(b)   Exposure of the applicant to extraordinary personal danger, documented by proof of recurrent threats to life or safety requiring authorization to carry a handgun.

*Example:* Instances in which Police Department records demonstrate that the life and well-being of an individual is endangered, and that s/he should, therefore, be authorized to carry a handgun. The factors listed above are not all inclusive, and the License Division will consider any proof, including New York City Police Department records, which document the need for a handgun license. It should be noted, however, that the mere fact that an applicant has been the victim of a crime or resides in or is employed in a "high crime area," does not establish "proper cause" for the issuance of a carry or special handgun license] meet in person with a licensing officer in the License Division for an interview and provide the documents listed below:

(1)   *References*.   The applicant must submit a minimum of four (4) character references who can attest to the applicant's good moral character and that the applicant has not engaged in any act or made any statement that suggests the applicant is likely to engage in conduct that would result in harm to themself or others.  Two (2) of these references must be non-family members.

(2) *Social Media*.  The applicant must submit all of their current and former social media accounts from the past three years. For the purposes of this paragraph, the term "social media" means a website, application or other electronic platform whose principal purpose is to facilitate the public exchange of information, messages, news or ideas among such website's, application's or platform's users.

(3) *Training Certification*. The applicant must submit a certification of completion of the training required by §400.00(1)(o)(iii) of the New York State Penal Law.  The applicant must complete such training and receive such certificate no more than six (6) months prior to submission of their application. Applicants whose renewal applications are not subject to such training requirement shall nevertheless, within six months of each renewal, submit a certification of completion of two hours of a live-fire range training course that meets the requirements of section 400.00(19)(b) of the Penal Law.

§ **7. Section 5-05 of Title 38 of the Rules of the City of New York is amended to read as follows:**

**§5-05  Application Form.**

An applicant for a license pursuant to this chapter must meet with a licensing officer in the License Division for an interview and must also provide the documents listed in this section. At the time of such applicant's interview, the applicant will be advised whether any additional forms or documents are required. Failure to provide the information requested may result in the disapproval of the application.

(a)   [An] The application form [shall] will be [distributed, one per person, at the License Division during normal business hours. Assistance in completing the form shall be made available at the License Division.  The application form shall be] available online and shall be completely filled out and submitted [in person, at the License Division, and only an original application form shall be accepted. Special license applicants should also specifically refer to paragraph (9) of subdivision (b) of this section for application requirements] electronically via the License Division's online application portal.

(b)   The applicant shall [furnish] upload the items listed below which are applicable, [either] at the time [s/he completes and submits her/his] they complete and submit their application [in person, or no later than fourteen (14) calendar days after the date of submission of the application, either in person or by mail. All]. Incomplete applications will not be reviewed.  Upon the License Division's request, applicants shall also make the originals of all documents, certificates, licenses, etc., [shall be submitted in the original] available to the License Division for inspection. A copy certified by the issuing agency as true and complete is also acceptable. [In addition, a legible photocopy of each item submitted shall accompany the original or certified copy.] Originals and certified copies shall be returned. The application shall not be accepted or processed without the required fee payments described in paragraph [(10)] (12) of this subdivision.

(1)   *[Photographs]* *Photograph.* [Two (2)] One (1) color photograph[s] of the applicant taken within the past thirty (30) days. [They should measure 1 1/2 × 1 1/2 inches] The photograph must be in a square aspect ratio with minimum acceptable dimensions of 600x600 pixels and maximum acceptable dimensions of 1200x1200 pixels and must show applicant from

the chest up. The wearing of any article of clothing or adornment that obscures identification is not acceptable. [Special license applicants should refer to paragraph (9) of this subdivision.]

(2) *Birth Certificate.* If there is no record of the applicant's birth on file with the New York City Department of Health <u>and Mental Hygiene</u> Office of Vital Statistics, some other proof of application's birth date, e.g., a military record, U.S. passport or baptismal certificate, shall be submitted.

(3) *Proof of Citizenship/alien registration.* If the applicant was born outside the United States, [s/he] <u>they</u> shall submit [her/his] <u>their</u> naturalization papers or evidence of citizenship if derived from [her/his] <u>their</u> parents.  Additionally, applicants who are [aliens] <u>non-citizens</u> and have resided in the United States for less than seven (7) years shall submit a good conduct certificate, or the equivalent thereof, from their country of origin and two (2) letters of reference which identify the writer's relationship to the applicant and which certify to the good character of the applicant<u>, provided that such letters shall not be required for carry license and special-carry license applicants otherwise required to submit character references pursuant to  § 5-03</u>. Inability to provide the documents mentioned in this paragraph shall not operate as an absolute bar to issuance of a handgun license.

(4) *Military discharge.* If the applicant served in the armed forces of the United States, [s/he] <u>they</u> shall submit [her/his] <u>their</u> separation papers (DD 214) and [her/his] <u>their</u> discharge papers.

(5) *Proof of residence.* The applicant shall submit proof of [her/his] <u>their</u> present address. Proof may consist of one of the following, but is not limited to: a real estate tax bill, a copy of a lease indicating ownership shares in a cooperative or condominium or a current residential lease. The License Division may request further documentation, *e.g.,* a New York State Driver's License, a New York State Income Tax Return, a current utility bill, etc.

(6) *Arrest information.* If the applicant was ever arrested for any reason [s/he] <u>they</u> shall submit a Certificate of Disposition showing the offense and disposition of the charges. Also, the applicant shall submit a detailed statement describing the circumstances surrounding each arrest. This statement shall be affirmed in writing. The applicant shall do this even if the case was dismissed, the record sealed or the case nullified by operation of law. The New York State Division of Criminal Justice Services shall report to the Police Department every instance involving the arrest of an applicant. The applicant shall not rely on anyone's representation that [s/he] <u>they</u> need

not list a previous arrest. If [the applicant was] they were ever convicted or pleaded guilty to a felony or a serious offense, as defined in New York State Penal Law § 265.00(17), an original, signed Certificate of Relief from Disabilities shall be submitted.

(7) *Proof of business ownership.* If the applicant is making application for a license in connection with a business, [s/he] they shall submit proof of ownership for that business. Such proof shall clearly state the name(s) of the owner(s), or, if a corporation, the name(s) of the corporate officer(s). A corporation shall submit its corporate book to include Filing Receipt, Certificate of Incorporation and minutes of the corporate meeting reflecting current corporate officers; others shall provide their business certificate or partnership agreement, whichever is applicable. If the business requires a license or permit from any government agency, *e.g.,* alcohol or firearms sales, gunsmith, private investigation and guard agencies, [the applicant] they shall submit the license or permit or a certified copy thereof.

(8) [*Letter of necessity.* (i) A letter of necessity explains the need for the license. It shall be typewritten on current letterhead stationery; signed by a corporate officer, partner, or in the case of a sole proprietorship, the owner of the business. Self-employed applicants may submit such letter under their own signature. The letter of necessity shall be affirmed. A letter of necessity shall be submitted by the following applicants:

(A) All applicants except applicants for a Premises Residence License.

(B) All employees seeking a Premises Business License for use in connection with their employment shall submit a letter of authorization signed by the owner of the business.

(ii) Regardless of whether a handgun license was previously issued by the New York City Police Department or any other issuing authority, the letter of necessity shall contain the following information:

(A) A detailed description of the applicant's employment and an explanation of why the employment requires the carrying of a concealed handgun.

(B) A statement acknowledging that the handgun shall only be carried during the course of and strictly in connection with the applicant's job, business or occupational requirements, as described herein.

(C) A statement explaining the manner in which the handgun shall be safeguarded by the employer and/or applicant when not being carried.

14

(D) A statement indicating that the applicant has been trained or shall receive training in the use and safety of a handgun.

(E) A statement acknowledging that the applicant's employer or, if self-employed, the applicant, is aware of its or her/his responsibility to properly dispose of the handgun and return the license to the License Division upon the termination of the applicant's employment or the cessation of business.

(F) A statement indicating that the applicant, and if other than self-employed, a corporate officer, general partner or proprietor, has read and is familiar with the provisions of New York State Penal Law Articles 35 (use of deadly force), 265 (criminal possession and use of a firearm), and 400 (responsibilities of a handgun licensee).

(G) At the time of the applicant's interview, the applicant shall be advised whether any additional forms or documents are required. Failure to provide the information requested may result in the disapproval of the applicant's application.] _References_.  The applicant must submit a minimum of two (2) character references who can attest to the applicant's good moral character and that the applicant has not engaged in any act or made any statement that suggests the applicant is likely to engage in conduct that would result in harm to themself or others. These references must be non-family members. The requirement set forth in this paragraph does not apply to applicants for carry and special carry licenses, who must submit character references in accordance with section 5-03.

(9) _Contact information._ The applicant must submit names and contact information for their current spouse or domestic partner, and any other adults residing in the applicant's home, including any adult children of the applicant. The applicant must also indicate whether a minor resides, either full-time or part-time, in the applicant's home.

(10)  _Special_ _carry_ license applicants shall _also_ submit [the items listed below:

(i) All applicants shall submit two (2) application forms, to be filled out completely and presented by the applicant in person. The applicant shall not mail the application forms.

(ii) All applicants shall submit three (3) $1^1/_2 \times 1^1/_2$ inch color photographs showing the applicant from the chest up, taken within the past 30 days. The wearing of any article of clothing or adornment that obscures identification is not permitted.

(iii) The applicant shall bring her/his] <u>via the online application portal their</u> current County Handgun License [with her/him to have her/his application processed].

<u>(11)  The applicant must maintain and provide to the License Division a functional email address to serve as the applicant's primary means of communication with the License Division.</u>

[(10)] <u>(12)</u> Upon application, required fees are payable to the New York City Police Department and the New York State Division of Criminal Justice Services. Fees to the New York City Police Department shall be paid by certified check or money order made payable to the N.Y.C. Police Department. <u>Fees may also be paid via the online application portal by credit card or e-check.</u>

*Note:* The fee payable to N.Y.S. Division of Criminal Justice Services applies to all applicants. These fees shall be paid separately. Only U.S. Postal or bank drawn money orders shall be accepted. If the applicant has any questions concerning [her/his] <u>their</u> application, [s/he] <u>the applicant</u> may [call (212) 374-5553] <u>email DG_LIC-HandgunNewApps@NYPD.org</u>. Applications shall be submitted [in person at the License Division, Room 110A, Monday through Friday, 8:30 A.M. to 4:00 P.M.] <u>via the online application portal.</u> The License Division is closed on all legal holidays. All fees are non-refundable.

<u>(c)  An applicant applying for a renewal of their license must submit the items listed in subdivision (b), except that the references requirement set forth in paragraph (8) shall not apply.</u>

**§ 8. Title 38 of the Rules of the City of New York is amended by adding a new section 5-05.1 to read as follows:**

<u>**§ 5-05.1 Non-electronic Communication and Submissions.**</u>
<u>Notwithstanding any provision of this chapter to the contrary, a person unwilling or unable to submit documents electronically pursuant to this chapter, or to otherwise communicate electronically with the License Division pursuant to this chapter, may contact the License Division by telephone at (646) 610-5560 to arrange a practicable non-electronic alternative.</u>

**§ 9. Subdivision (a) of section 5-06 of Title 38 of the Rules of the City of New York is amended to read as follows:**

**§ 5-06 Gun Custodian, Carry Guard and Special Licenses; Established Company Needed for Handgun Licensing.**

(a)   An applicant shall initially <u>electronically</u> submit a [typed] license application, which shall be affirmed in writing, in accordance with general handgun license rules, including all personal and business documentation requested. Examples of business documentation would be a company's corporate book, including filing receipt; certificate of incorporation; minutes of the corporate meeting reflecting current corporate officers; business certificate or partnership agreement, whichever is applicable.

**§ 10. Section 5-07 of Title 38 of the Rules of the City of New York is amended to read as follows:**

**§ 5-07 License Approval/Disapproval Procedures.**

(a)   [It takes approximately six months to process an application] If [her/his] <u>the</u> application is approved the applicant shall receive a "Notice of Application Approval" [in the mail. If the applicant moves during the time her/his application is being processed, the applicant shall immediately notify the License Division's Handgun License Application Section, Room 110A, One Police Plaza, New York, New York 10038, (212) 374-5553, and be guided by their instructions] <u>at the email address provided in the application. The applicant must immediately notify the License Division of any change to their email address by emailing the License Division at DG_LIC-HandgunNewApps@NYPD.org</u>. Failure to make timely notification may result in the disapproval/cancellation of the applicant's application.

(b)   To receive [her/his] <u>a</u> license the applicant shall <u>make an appointment in accordance with the instructions on the licensee "Notice of Application Approval" and</u> report in person with [her/his] <u>the</u> "Notice of Application Approval" letter, to the Issuing Unit – Room 152, One Police Plaza, New York, New York 10038 -- within thirty (30) calendar days of the date on the "Notice of Application Approval" letter.  [Licenses shall only be issued between the hours of 9 a.m. and 12 p.m., Monday through Thursday.] The applicant should note that the Issuing Unit is closed on all legal holidays.  <u>The date of issuance shall be the date that the applicant receives the license from the License Division.</u>

17

(c)      If the applicant does not appear to pick up [her/his] their license within thirty (30) calendar days of the date on the "Notice of Application Approval," [her/his] their license and application [shall] will be cancelled.

(d)      [With her/his] Along with the license, the applicant [shall] will receive a copy of the "New York City Handgun License Rules" [Subchapter B of this chapter]. The applicant shall become knowledgeable regarding these handgun rules, as any violation of these rules may result in the suspension or revocation of [her/his] their handgun license.

(e)      If [her/his] the license application is disapproved the applicant shall receive a written "Notice of Application Disapproval" from the License Division indicating the reason(s) for the disapproval. If the applicant wishes to appeal the decision [s/he] they shall submit a sworn written statement, which shall be known as an "Appeal of Application Disapproval," to the [Division Head] Director, License Division, within thirty (30) calendar days of the date on the "Notice of Application Disapproval" requesting an appeal of the denial, and setting forth the reasons supporting the appeal. The Appeal of Application Disapproval shall become part of the application. It shall state the grounds for the appeal and shall contain the following statement to be signed by the applicant and notarized: "Under penalty of perjury, deponent being duly sworn, says that [s/he is] they are familiar with all of the statements contained herein and that each of these statements is true, and no pertinent facts have been omitted." Appeals that are unsworn by the applicant or submitted by individuals or business entities other than the applicant or her/his New York State licensed attorney shall not be accepted. Appeals submitted by an applicant's attorney must contain a sworn verification by the applicant.

(f)      All timely appeals [shall] will receive a complete review of the applicant's entire file by the [Division Head] Director, License Division, who shall notify the applicant of [her/his] their determination. The [Division Head] Director, License Division shall not consider any documentation that was not submitted during the initial background investigation. There shall be no personal interviews to discuss appeals. If the appeal of [her/his disapproval] the determination is denied, the applicant [shall] will receive a "Notice of Disapproval After Appeal" letter from the [Division Head] Director, License Division. This notice concludes the Police Department's administrative review procedure.

§ 11. Section 5-09 of Title 38 of the Rules of the City of New York is amended to read as follows:

**§ 5-09 Application for Pre-License Exemption.**

Each applicant for a carry guard license desiring to obtain the exemption set forth in New York State Penal Law § 265.20(a)(7-b),  allowing pre-license possession of a handgun for the purpose of possessing and using a handgun for instructional purposes with a certified instructor in small arms at an authorized small arms range/shooting club, shall make such request in writing to the Division Head, License Division at the time the application for a handgun license is filed, when such pre-license exemption is required. Such request shall include a signed and verified statement by the person authorized to instruct and supervise the applicant, that [s/he has] they have met with the applicant and [s/he has] they have determined that, in [her/his] their judgment, said applicant does not appear to be or pose a threat to be a danger to [her/himself] themself or others. [S/he] The instructor shall include a copy of [her/his] their certificate as an instructor in small arms, if [s/he is] they are required to be certified, and state [her/his] their address and telephone number. [S/he] The instructor shall specify the exact location by name, address and telephone number where such instruction shall take place. The Division Head, License Division shall, no later than ten (10) business days after such filing, commence an investigation and ascertain whether the applicant has a criminal record. The Division Head, License Division shall no later than ten (10) business days after the completion of such investigation determine if the applicant has been previously denied a license, been convicted of a felony, been convicted of a serious offense as defined in Penal Law § 265.00(17), been convicted of a misdemeanor crime of domestic violence, as defined in § 921(a) of Title 18 of the United States Code, been the subject or recipient of an order of protection or a temporary order of protection, been the subject of a suspension or ineligibility order issued pursuant to § 530.14 of the New York State Criminal Procedure Law or § 842-a of the New York State Family Court Act, or appears to be, or poses a threat to be, a danger to [her/himself] themself or others, and either approve or disapprove the applicant for exemption purposes based upon such determinations. If the applicant is approved for the exemption, the Division Head, License Division shall notify the applicant. Such exemption shall terminate if the application for the license is denied, or at any earlier time based upon any information obtained by the Division Head, License

Division which would cause the application to be rejected. The applicant shall be notified of any such rejection.

**§ 12. Section 5-10 of Title 38 of the Rules of the City of New York is amended to read as follows:**

**§ 5-10 Grounds for Denial of Handgun License.**

In addition to other bases for disqualification pursuant to federal, state, and local law and this chapter, an application for a handgun license may be denied where it is determined that an applicant lacks good moral character [or that other good cause exists for denial], pursuant to New York State Penal Law § 400.00 (1). Such a determination shall be made based upon consideration of the following factors:

(a)   The applicant has been arrested, indicted or convicted for a crime or violation except minor traffic violations, in any federal, state or local jurisdiction.

(b)   The applicant has been other than honorably discharged from the Armed Forces of this country.

(c)   The applicant has or is reasonably believed to have a disability or condition that may affect the ability to safely possess or use a handgun, including but not limited to alcoholism, drug use or mental illness.

(d)   The applicant is or has been an unlawful user of, or addicted to, a controlled substance or marijuana.

(e)   The applicant made a false statement on [her/his] their application, or failed to disclose [her/his] their complete arrest history, including sealed arrests. Sealed arrests are made available to the License Division pursuant to Article 160 of the Criminal Procedure Law when an application has been made for a license to possess a gun.

(f)   The applicant is the subject of an order of protection, [or] a temporary order of protection, or an extreme risk protection order.

(g)   The applicant has a history of one or more incidents of domestic violence.

(h)   The applicant has a poor driving history, has multiple driver license suspensions or has been declared a scofflaw by the New York State Department of Motor Vehicles.

(i)   The applicant has failed to comply with federal, state or local law or with Police Department rules governing possession and use of firearms, rifles, shotguns or ammunition.

(j)   The applicant has been terminated from employment under circumstances that demonstrate lack of good judgment or lack of good moral character.

(k)   The applicant has demonstrated an inability to safely store firearms, such as through a history of lost/stolen firearms.

(l)   The applicant has failed to pay legally required debts [such as] including but not limited to child support, taxes, fines or penalties imposed by governmental authorities.

(m)   The applicant fails to cooperate with the License Division's investigation of [her/his] their application or fails to provide information requested by the License Division or required by this chapter.

(n)   Other information that demonstrates the lack of good moral character, including but not limited to an unwillingness to abide by the law, a lack of candor towards lawful authorities, a lack of concern for the safety of oneself and/or other persons and/or for public safety, and/or [other good cause for the denial of the license] an inability to maintain handgun possession in a manner that is safe to oneself or others.

**§ 13. Section 5-11 of Title 38 of the Rules of the City of New York is amended to read as follows:**

**§ 5-11   Grounds for Suspension for Defined Period or Revocation of Handgun License.**
A handgun license may be suspended for a defined period or revoked upon evidence of any disqualification pursuant to this chapter. A handgun license shall be revoked upon [the] a conviction in this state or elsewhere of a felony or a serious offense, as defined in subdivision seventeen (17) of section 265.00 of the penal law, a determination that the applicant knowingly made a material false statement on the application, or as set forth in section 5-30. Evidence of disqualification may be demonstrated by an investigation, by a licensee's failure to cooperate with such an investigation, or by other evidence.

**§ 14. Title 38 of the Rules of the City of New York is amended by adding a new section 5-12 to read as follows:**

**§ 5-12 Modifications to Review of Pending Applications Filed On or Before August 31, 2022, and Certain Previously Denied Applications.**

(a) Notwithstanding any provision in this chapter to the contrary, any pending application for a carry business license, limited carry business license or special license submitted pursuant to subdivisions (b), (c) or (e) of section 5-01 that was submitted on or before August 31, 2022 shall be evaluated in accordance with the version of Chapter 5 of Title 38 of the Rules of the City of New York in effect on August 18, 2022, subject to the following modifications:

(1) The proper cause requirements in section 5-03 shall not apply;

(2) The Department shall not consider any letter of necessity submitted pursuant to paragraph (8) of subdivision (b) of section 5-05, or require that such letter be submitted, provided that an application filed after August 19, 2022, but on or before August 31, 2022 shall contain a statement with the following information:

(i) A statement that the applicant has read and is familiar with the provisions of New York State Penal Law Articles 35 (use of deadly force), 265 (criminal possession and use of a firearm), and 400 (responsibilities of a handgun licensee);

(ii) A statement describing the manner in which the handgun shall be safeguarded by the applicant when not being carried; and

(iii) A statement indicating that the applicant has been trained or will receive training in the use and safety of a handgun.

(3) An application for a limited carry business license pursuant to subdivision (c) of section 5-01 shall be treated as an application for a carry business license, subject to the modifications set forth in this subdivision;

(4) Prior to the issuance of a license, the applicant must affirm that they have completed the live firearms safety course required pursuant to subdivision 19 of section 400.00 of the Penal Law.

(b) Notwithstanding any provision in this chapter to the contrary, an individual who applied for a carry business license, limited carry business license or special license pursuant to subdivisions (b), (c) or (e) of section 5-01 after June 23, 2019, and was denied or was offered a more restrictive license solely on the grounds that such individual did not show proper cause as such term was defined in section 5-03, may within 60 days of August 19, 2022 resubmit their

application without being subject to additional fees. Such resubmission shall be evaluated in accordance with subdivision (a) of this section.

**§ 15. Section 5-22 of Title 38 of the Rules of the City of New York is amended to read as follows:**

**§ 5-22 Conditions of Issuance.**

(a) A handgun license is issued under the following conditions:

(1)  It is revocable at any time consistent with the procedures set forth in section 5-30.

(2)  It is not transferable to any other person or location.

(3)  Any mutilation, alteration, or lamination of the license shall render it void.  The licensee may not make any additions, deletions, or other changes on [her/his] their license.  Only License Division personnel may make changes on the license.

* * *

(5)  When the license expires, and if the licensee has not renewed it, or if it is suspended, or revoked, the licensee shall immediately surrender the license with the handgun(s) to the precinct of [her/his] their place of business or residence.

(6)  The licensee shall be in possession of [her/his] their license at all times while carrying, transporting, possessing at residence, business, or authorized small arms range/shooting club, the handgun(s) indicated on said license.

(7)  If the licensee has a "Carry" or "Special Carry" type license only one (1) handgun may be carried on [her/his] their person at any time.

(8)  The licensee is authorized to own only the handgun(s) that are listed on [her/his] their license.

* * *

(13)  To assure maximum safety, proper safeguards shall be taken at all times to keep handguns away from unauthorized persons, especially children, consistent with § 10-312 of the Administrative Code and § 5-01(a) of this chapter. [Pursuant to New York City Administrative Code § 10-312, it shall be a criminal violation for any person who is the lawful owner or lawful custodian of a handgun to] A licensee shall not store or otherwise place or leave [such weapon]

their handgun in such a manner or under circumstances that it is out of [her/his] their immediate possession or control, without having rendered such weapon inoperable by employing a safety locking device as defined in [38 RCNY] § 5-25(a)(2) of this chapter. Such offense shall constitute a misdemeanor, pursuant to § 10-312 of the Administrative Code, if the offender has previously been found guilty of such violation or if the violation is committed under circumstances which create a substantial risk of physical injury to another person.

(14)   [The licensee should endeavor to engage in periodic handgun practice at an authorized small arms range/shooting club.] Reserved.

\* \* \*

(16)   Except for licensees with [unrestricted] Carry [Business] licenses or Special Carry [Business] Licenses, a licensee wishing to transport [her/his] their handgun to a gunsmith or a dealer in firearms shall request permission in writing from the Division Head, License Division. Authorization shall be provided in writing. The licensee shall carry this authorization [with her/him] on their person when transporting the handgun to the gunsmith or the dealer in firearms, and shall transport the handgun directly to and from the gunsmith or the dealer in firearms. The handgun shall be secured unloaded in a locked container during transport.

\* \* \*

(b)   [In the following instances the] The licensee shall make an immediate report to the License Division – Incident Section [, telephone # (212) 374-5538, 5539] by emailing DG_LIC-Incidents@NYPD.org, and to the precinct [where the] when an incident, as set forth in § 5-30, has occurred. [(See additional requirements under "Incident Section" – §5-30).

(1) Theft/loss of handgun.

(2) Discharge of handgun other than during practice at an authorized small arms range/shooting club.

(3) Theft/loss of handgun license.

(4)   Improper use/safeguarding of handgun(s).

(5)   Public display of an unholstered handgun.]

(c) In the following instances, the licensee shall make an immediate report to the License Division [Incident Section (see Incident Section—§5-30)] (see License Amendments § 5-29).

(1) [Arrest, indictment, or conviction in any jurisdiction; summons other than traffic infraction; suspension or ineligibility order issued pursuant to §530.14 of the New York State Criminal Procedure Law or §842-a of the New York State Family Court Act.

(2)] Change of business or residence address (see Address Changes—§5-29).

[(3)] (2) Change of business, occupation or employment (see Name Changes—§5-29).

[(4)] (3) Any change in the circumstances for which the licensee received the license. The licensee shall immediately notify the License Division and shall then be instructed on how to proceed. The licensee may be required to report to the License Division with required documentation to have the change reviewed and effected by License Division personnel.

[(5) Alteration, mutilation, destruction of handgun license.

(6) Intent to dispose of handgun. Failure to notify in writing the Division Head, License Division prior to disposing of handgun is a Class A Misdemeanor pursuant to New York State Penal Law §265.10(7).

(7)  Receipt of psychiatric treatment or treatment for alcoholism or drug abuse, or the presence or occurrence of any disability or condition that may affect the ability to safely possess or use a handgun.

(8) Licensee is or becomes the subject or recipient of an order of protection or a temporary order of protection.]

(4) Change of email address (see Address Changes – §5-29).

(d) The licensee must make an immediate report to the License Division – Incident Section if they intend to dispose of their handgun. Failure to notify in writing the Division Head, License Division prior to disposing of handgun is a Class A Misdemeanor pursuant to New York State Penal Law § 265.10(7).

**§ 16. Section 5-23 of Title 38 of the Rules of the City of New York is amended to read as follows:**

**§ 5-23 Types of Handgun Licenses.**

(a) *Premises License – Residence or Business.* This is a restricted handgun license, issued for the protection of a business or residence premises.

\* \* \*

(3)  The licensee may transport the handgun(s) listed on [her/his] their license, unloaded, in a locked container, the ammunition to be carried separately, directly to and from the following locations:

\* \* \*

(4) A licensee may transport [her/his] their handgun(s) directly to and from an authorized area designated by the New York State Fish and Wildlife Law and in compliance with all pertinent hunting regulations, unloaded, in a locked container, the ammunition to be carried separately, after the licensee has requested and received a "Police Department – City of New York Hunting Authorization" Amendment attached to [her/his] their license.

(5) A licensee may transport [her/his] their handgun(s), unloaded, in a locked container, without ammunition, to or from the offices of the License Division, or the licensee's local police precinct, as authorized by these Rules.

\* \* \*

(b) *Carry [Business] License.* This is [an unrestricted] a class of license [which] that permits the [carrying of a handgun] licensee to carry a handgun listed on the license concealed on the person.

(c) [*Limited Carry Business License.* This is a restricted handgun license which permits the licensee to carry a handgun listed on the license concealed on the person to and from specific locations during the specific days and times set forth on the license. Proper cause, as defined in §5-03, shall need to be shown only for that specific time frame that the applicant needs to carry a handgun concealed on her/his person. At all other times the handgun shall be safeguarded at the specific address indicated on the license and secured unloaded in a locked container.

(d)  *Carry Guard License/Gun Custodian License.* These are restricted types of carry licenses, valid when the holder is actually engaged in a work assignment as a security guard or gun custodian.

[(e)] (d)  *Special Licenses.* Special licenses are issued according to the provisions of §400.00 of the New York State Penal Law, to persons in possession of a valid County Carry License. The revocation, cancellation, suspension or surrender of [her/his] their County Carry License automatically renders [her/his] the licensee's New York City license void. The holder of

a Special License shall carry [her/his] their County Carry License and their Special License at all times when possessing a handgun pursuant to such Special License.

(1) *Special Carry [Business]*. This is a class of special license permitting the carrying of a concealed handgun on the person while the licensee is in New York City.

(2) *Special Carry Guard License/Gun Custodian License.* These are restricted types of Special Carry Licenses. The handgun listed on the license may only be carried concealed on the licensee's person while the licensee is actively on duty and engaged in the work assignment which formed the basis for the issuance of the license. The licensee may only transport the handgun concealed on [her/his] their person when travelling directly to and from home to a work assignment.

**§ 17. Subdivisions (a) and (b) of section 5-24 of Title 38 of the Rules of the City of New York are amended to read as follows:**

**§ 5-24 Gun Custodians and Carry Guards.**

(a) *Gun Custodian.*

\* \* \*

(2) Each designee shall submit [to the License Division] through the License Division's online application portal an additional handgun license application for gun custodian [, which shall be typed and affirmed in writing, along with two (2) color photos, 1 1/2 × 1 1/2 inches, taken within the past thirty (30) days, showing the applicant from the chest up, and the necessary fees].

(3) The responsibilities of the gun custodian and alternate custodian are as follows:

\* \* \*

(viii) Where a licensee becomes involved in an incident or suffers a condition which shall be reported to the License Division and/or the precinct of occurrence pursuant to paragraphs 2 and 3 of subdivision (b) of this section, the gun custodian or alternate custodian shall ensure that such report is made immediately.

\* \* \*

(6) After the gun custodian or alternate custodian has purchased the handgun, [s/he] they shall return to the License Division within 72 hours to have the handgun inspected.  This

handgun shall be unloaded in a locked container and accompanied by the purchase order authorization and a photocopy of the bill of sale.  This handgun may not be carried or transported except as indicated in this paragraph before it has been inspected.

(7) If the gun custodian or alternate custodian makes [her/his] their purchase from other than an authorized dealer, the seller shall be either a New York City or New York State licensee, Police Officer or a Peace Officer.

(b)   *Carry Guard Licensee*.

(1) The license is restricted to the days and hours that the licensee is actually engaged in employment, or when a licensee is travelling from [her/his] their residence to their place of employment, or from their place of employment to [her/his] their residence. These restrictions shall be strictly interpreted by the New York City Police Department and violation of these rules shall result in the immediate suspension of the [pistol] handgun license. This means that the handgun may be carried only when the licensee is actually engaged in employment by the security company the name of which appears on the face of the license. This does not permit "freelancing" on the licensee's day off. The handgun may only be carried from the licensee's residence as listed on the application, to the licensee's place of employment or assignment for that particular day. The licensee may carry [her/his] their handgun from employment back to [her/his] their residence. This means that there shall be no unreasonable delay in returning to the licensee's residence where the handgun shall be secured.

*Example:* If the licensee does not intend to stay at [her/his] their residence the evening prior to working at [her/his] their place of employment or assignment, [s/he] they will be obligated to return home to pick up [her/his] their handgun just prior to going to work. Carrying [her/his] the handgun [with her/him] for the entire evening preceding [her/his] their next work day is a distinct violation of license restrictions. *Example:* If the licensee finishes a 4 p.m. to midnight shift and takes action involving the handgun at 3:30 a.m. in a local tavern, [s/he is] they are in violation of license restrictions and the New York State Penal Law.

\* \* \*

(3) An immediate report shall be made in the following instances to the Division Head, License Division and the gun custodian or alternate custodian:

\* \* \*

(vi) Change of email address.

28

**§ 18. Section 5-25 of Title 38 of the Rules of the City of New York is amended to read as follows:**

**§ 5-25 Handgun Purchase Authorizations <u>and Safety Locking Device Requirements</u>.**

(a)   The licensee may not obtain a handgun without prior written authorization from the Division Head, License Division.  This authorization shall be provided in the nature of a "Handgun Purchase Authorization" form.  The following are the rules concerning handgun acquisition:

\* \* \*

(6)   Once the licensee has purchased the handgun, [s/he] <u>they</u> shall [return to the License Division – Room 152, One Police Plaza, New York, New York 10038,] <u>make an appointment</u> within 72 hours to have the handgun and safety locking device inspected. The handgun may not be utilized before it has been inspected by License Division personnel and entered on the license.

(7) Handgun inspections are conducted <u>by appointment</u> only [between the hours of 12 to 2 p.m., Monday through Friday] <u>and can be scheduled via e-mail at LIC-PurchaseOrders@NYPD.org</u>.

\* \* \*

(9)   If the licensee purchases a handgun from a licensed New York State Firearms Dealer, [s/he] <u>the licensee</u> shall submit the following documents when [s/he] <u>they</u> present the handgun for inspection:

(i)   Completed "Handgun Purchase Authorization" form.

(ii)   Original Bill of Sale and a clear carbon copy or photocopy of same.

(10)   If the licensee purchases a handgun from the holder of a valid New York State or New York City handgun license, [s/he] <u>the licensee</u> shall also submit the following documents when [s/he presents] <u>they present</u> the handgun for inspection:

(i)   Completed "Handgun Purchase Authorization" form.

(ii)   A signed and notarized Bill of Sale and a clear photocopy by the seller which includes the following information: make, model, calibre, and serial number of handgun sold; Seller's: name, address, license number; Buyer's: name, address, license number, date of sale.

(iii)   Clear photocopy of the seller's valid, current Handgun License, listing the handgun to be purchased thereon. The front and back of the license shall be photocopied.

(11)   If the licensee purchases a handgun from a New York State or New York City Police Officer or Peace Officer, [s/he] the licensee shall submit the following documents when [s/he] the licensee presents the handgun for inspection:

* * *

(14)   If the licensee wishes to purchase a handgun from the Estate of a deceased New York State/New York City licensee, [s/he] the licensee shall provide the below specified documents prior to obtaining a "Handgun Purchase Authorization" form. This transaction shall be conducted in person at the License Division, Room 152, [between the hours of 9 a.m. and 12 noon, Monday through Thursday only] by appointment only via e-mail at LIC-PurchaseOrders@NYPD.org.

(i)   A written request for purchase authorization for the desired handgun(s) including make, model, calibre and reason for request; the licensee's name, address, and license number.

(ii)   The license is required for this transaction.

(iii)   A copy of the voucher for the handgun(s).

(iv)   The decedent's license, if not previously surrendered, showing registration of the handgun(s) in question.

(v)   A copy of the death certificate.

(vi)   If there is a Will: The License Division requires a short certificate of Letters Testamentary, that gives the Executor or Executrix the authority to dispose of the property. Letters can be obtained from the Surrogate's Court, of the borough in which the deceased lived.

(vii)   If there is no Will: The License Division requires a short certificate of Letters of Administration that gives the administrator the authority to dispose of the property. Letters can be obtained from the Surrogate's Court, of the borough in which the deceased lived.

(viii)   A notarized Bill of Sale from the Executor or Administrator of the decedent's estate, indicating the weapon, make, model, calibre and serial number, and stating that they are being sold to: the licensee's name, address and license number.

(ix)   Once purchased, the [handgun shall be presented] <u>licensee shall make an appointment</u> for inspection within seventy-two (72) hours [Monday through Friday 12 to 2 p.m.] <u>only via e-mail at LIC-PurchaseOrders@NYPD.org.</u>

\* \* \*

(c) *Purchasing an additional handgun.*

(1)   Requests for the purchase of an additional handgun shall be made [in writing to the License Division – Issuing Unit – One Police Plaza, Room 152, New York, New York 10038. Pre-printed request forms are available at the Reception Desk in Room 152] <u>via email to DG_LIC-Purchaseorders@NYPD.org.</u>

(2)   The written request shall include: the licensee's name, address and license number, and the make, model and calibre of the handgun [s/he wishes] <u>they wish</u> to purchase.

(3)   The licensee shall be notified in writing of the approval or disapproval of [her/his] <u>the</u> request for an additional handgun. If the request has been approved, the licensee shall receive by mail, a "Notice of Handgun Purchase Authorization Approval." To receive the purchase document<u>,</u> the licensee shall appear at the License Division, Room 152, by the date indicated on the notice. The licensee shall bring the approval notice and [her/his] <u>their</u> license [with her/him] <u>to the License Division, Room 152 on their appointment date</u> to receive [her/his] <u>their</u> purchase document.

(4)   Purchase documents are issued only [between the hours of 9 a.m. to 12 noon, Monday through Thursday] <u>by appointment.</u>

\* \* \*

(d) *Number of handguns allowed on a handgun license.*

(1)   [When the total number of handguns possessed by licensee(s) residing in or located in the same household/business exceeds four, the licensee(s)] <u>All licensees</u> shall utilize a safe when handguns are stored <u>out of their possession</u> at [the] <u>a</u> premises.

(2)   [Requests for handguns in excess of four shall not be entertained without] <u>All licensees must provide</u> proof<u>, upon approval of initial application or upon renewal,</u> of the ownership of a safe in which the handguns shall be safeguarded when not in use. Proof of ownership consists of a Bill of Sale for the safe and two <u>(2)</u> color photos of the safe, one with the door open and one with the door closed.  <u>Photos may not be stock images and must depict the entirety of the safe, not merely a portion thereof.</u>

(3)   The Division Head, License Division reserves the right to accept or reject the type of safe proposed for safeguarding the handguns.

(4)   The number of handguns allowed under each type of handgun license is listed below. Requests for additional handguns shall be reviewed on an individual basis. [More than four handguns requires satisfactory evidence of safeguarding to prevent theft, as approved by the Division Head, License Division – see above.]

(i)   Carry [Business] and Special Carry [Business] – Two handguns. The Division Head of the License Division may, in [her/his] their discretion and in accordance with applicable law, limit [to one] the number of handguns that appear on the carry handgun license [when the licensee's needs do not require possession of two handguns].

(ii)   [Limited Carry Business – One handgun.] Reserved.

(iii)   Carry Guard and Special Carry Guard – One handgun.

(iv)   Gun Custodian – Number of handguns shall be determined by the Division Head, License Division, consistent with the demonstrated needs of the applicant.

(v)   Premises Business – One handgun.

(vi)   Premises Residence – One handgun, except that additional handguns shall be approved upon request after the licensee shows evidence of appropriate safeguarding and establishes compliance with the mandatory waiting periods pursuant to subdivision (b) of section 10-302.1 of the Administrative Code and section 400.20 of the Penal Law.

(e) *Requests for additional handguns for "Special Handgun Licenses."*

\* \* \*

(2) Inquiries concerning this type of transaction may be made to the Issuing Unit at telephone [numbers (212) 374-5522 or 5523] number (646) 610-5550.

**§ 19. Section 5-26 of Title 38 of the Rules of the City of New York is amended to read as follows:**

**§ 5-26 Disposal of a Handgun Listed on the License.**

(a)   Any person lawfully in possession of a handgun who disposes of the same without first notifying the License Division in writing shall be guilty of a Class A Misdemeanor in accordance with the provisions of New York State Penal Law § 265.10(7). Pursuant to New York

City Administrative Code § 10-311(a), it shall be unlawful for any person or business enterprise to dispose of any handgun which does not contain a safety locking device, defined as a design adaptation or attachable accessory that will prevent the use of the weapon by an unauthorized user. The following types of safety locking devices will be deemed to comply with this provision:

* * *

      *Note:* The license becomes invalid if the licensee sells the one and only handgun on [her/his] <u>their</u> license. Should the licensee wish to sell it without cancelling [her/his] <u>their</u> license, [s/he] <u>they</u> shall first follow the instructions to add a handgun.

* * *

      (c)   Pursuant to [New York City] Administrative Code § 10-311(c), any person who applies for and obtains authorization to purchase, or otherwise lawfully obtains, a handgun shall be required to purchase or obtain a safety locking device at the time [s/he purchases] <u>they purchase</u> or [obtains] <u>obtain</u> the handgun.

* * *

      (f)   If the licensee sells to a licensed New York State Firearms Dealer the following documentation shall be required to process the transaction:

      (1)   The "Original Bill of Sale" from the dealer and photocopy.

      (2)   The "Bill of Sale" shall show the Dealer's License number, name, address; the make, model, caliber and serial number of the handgun sold; the licensee's name, address, license number and expiration date of the license; the date of sale; the bill shall clearly indicate that the Dealer purchased the handgun(s).

      (3)   The licensee shall appear at the License Division, Room 152, with [her/his] <u>their</u> license to process this transaction.

      (g)   If the licensee sells to a New York State/New York City Handgun license holder, the following documentation shall be required to process the transaction:

      (1)   An "Original Bill of Sale," signed by the seller and the purchaser, with both signatures notarized.

      (2)   The "Bill of Sale" shall include: the seller's name, address and license number, expiration date of license; the purchaser's name, address, license number and expiration date; the make, model, calibre, and serial number of the handgun(s) sold, the date of sale.

      (3)   A copy of the purchaser's handgun license, front and back.

(4)   A copy of the buyer's "Handgun Purchase Authorization form."

(5)   The licensee shall be required to appear at the License Division – Room 152, with [her/his] their license, to process this transaction.

(h)   Once the licensee has sold [her/his] their handgun(s), [s/he] they shall appear in person to delete them from [her/his] their license within ten (10) calendar days of the transaction.

(i)   If the licensee wishes to sell [her/his] their handgun to a New York State/New York City Police Officer or Peace Officer the following documentation shall be required to process the transaction:

(1)   A notarized "Bill of Sale" showing the make, model, calibre and serial number of the handgun sold; the name, address, shield number, Agency and Command of the Police Officer/Peace Officer. The bill of sale shall be signed by both the seller and the purchaser, dated, and each signature shall be notarized.

(2)   If the purchaser is a New York City Police Officer or Peace Officer, the License Division requires prior written notification relative to the purchaser so that verification of employment, etc., can be obtained.

(3)   Once the licensee has sold [her/his] their handgun(s), [s/he] they shall appear at the License Division, Room 152, with [her/his] their license and the aforementioned documentation to process this transaction.

(j)   If the licensee wants to transfer [her/his] their handgun(s) to another New York State/New York City license [s/he] they also [s/he] possesses, they shall make a written request to the Division Head, License Division. The request shall include the following information:

* * *

(k)   If the licensee wishes to sell all of [her/his] their handguns and cancel [her/his] their license, [s/he] they may do so by submitting the applicable documentation and [her/his] their handgun license, by [mail] emailing DG_LIC-Cancellations@NYPD.org. (See Cancellation Procedures below.)


**§ 20. Section 5-27 of Title 38 of the Rules of the City of New York is amended to read as follows:**


**§ 5-27   Cancellation of the Handgun License.**

(a)   Anyone cancelling a New York City Handgun License shall:

(1)   Legally dispose of handgun(s). To legally dispose of [her/his] <u>their</u> handgun(s) the licensee shall either:

(i)   Voucher the handgun at [her/his] <u>their</u> local precinct, or

(ii)   Sell to a licensed Firearms Dealer, or

(iii)   Sell to a Police Officer or Peace Officer, or

(iv)   Transfer handgun(s) to another license [s/he] <u>they</u> may possess, if authorized to do so, or

(v)   Sell to a licensee, if the licensee is authorized to purchase.

\* \* \*

(b)   If the licensee intends to relocate out of State, the License Division requests verification from the local authorities of that particular jurisdiction that the licensee has notified them that [s/he is] <u>they are</u> in possession of the handgun listed on [her/his] <u>their</u> N.Y. license.

(c)   To document proper disposal of the handgun, follow the rules listed in 38 RCNY § 5-26 concerning "Disposal of a Handgun Listed on the License."

(d)   All documents and the license shall be returned to the License Division – Cancellation Unit – One Police Plaza, Room 152, New York, New York 10038, <u>by appointment,</u> within ten (10) calendar days of the disposal of handguns, relocation, etc. [If] <u>To make an appointment, or if</u> the licensee has any questions concerning these procedures, [s/he] <u>they</u> may [call telephone number (212) 374-5531 or 5532] <u>email DG_LIC-Cancellations@NYPD.org</u>.

*Note:* If the licensee relocates out of New York City or New York State, [s/he shall] <u>they should</u> immediately contact [her/his] <u>their</u> new local Police Department and receive instructions on how to legally possess [her/his] <u>their</u> handgun(s) in their jurisdiction.

**§ 21. Sections 5-28 of Title 38 of the Rules of the City of New York is amended to read as follows:**

**§ 5-28 Renewal of the Handgun License.**

The licensee is required to renew [her/his] <u>their</u> handgun license every three (3) years. The license expires on the licensee's birthday.

(a)   The renewal process generally begins sixty (60) calendar days prior to the licensee's month of birth. The licensee shall receive [her/his] the renewal application, instructions, and other required forms [and her/his invalidated license in the mail] electronically. As part of the renewal process, the License Division may require that the licensee produce all licensed handguns for inspection, either using a random selection procedure or when a review of the renewal package discloses the need for such an inspection, as directed by the Commanding Officer, License Division. The licensee shall receive appropriate instructions and a form Affidavit of Handgun Possession, to be completed and affirmed in writing as part of the renewal package. If so directed, the licensee shall transport all licensed handguns to the License Division, One Police Plaza, Room 152, New York, New York or otherwise make the handguns available for inspection, in the manner directed by the instructions. The licensee shall examine the license, complete all required forms including providing color photos, forwarding fees (payable online or by certified check or money order only), etc., and [return] complete and submit the renewal package to the License Division [by mail,] via the online application portal as soon as possible. Upon receipt of the renewal material, the License Division shall process the renewal and return the validated license to the licensee by mail.

(b)   [The renewal license is not valid unless stamped and sealed by the License Division. The licensee shall sign her/his license in the designated area on the back of the license.

(c)]   The renewal application and related documents shall be [mailed] emailed to the address on record for the license. It is the responsibility of the licensee to ensure that they maintain a current and functioning email address on file with the License Division.   If the licensee has moved and/or changed their email address and has not notified the License Division thereof as required by this chapter, the renewal documents shall be returned to the License Division and [her/his] their license shall be cancelled for failure to notify the License Division of an address change (see Address Change – §5-29).

[(d)] (c)   If the licensee has not received [her/his] their renewal documents thirty (30) calendar days prior to [her/his] their birth date, [s/he] they shall contact the Renewal Unit [at telephone number (212) 374-5531, or 5532,] for instructions by emailing DG_LIC-HandgunRenewals@NYPD.org.

[(e)] (d)   If the licensee has extenuating circumstances which prevent [her/him] them from renewing prior to [her/his] their birth date, [s/he] they shall submit a notarized letter to the Renewal

Unit explaining the circumstances. The License Division shall contact the licensee and advise [her/him] on how to proceed. However, if the licensee is not notified by the License Division by [her/his] their birth date, [s/he] they shall voucher [her/his] their handgun(s) at [her/his] their local precinct until the matter is resolved.

[(f)] (e)   Licensees shall carefully read and comply with the instructions on their renewal documents.

[(g)] (f)   Incomplete or incorrectly prepared renewal documents shall not be processed, and shall be returned to the licensee for completion/correction, with a letter indicating the problem, information omitted, etc. Consequently, if as a result of the licensee's error, the licensee fails to submit the required material, fees, etc., by [her/his] their birthday, [s/he] they shall be required to voucher [her/his] their handgun(s) at [her/his] their local precinct until the renewal process is completed.

[(h)] (g)   If the licensee's birthday has passed and [s/he has] they have not yet renewed, [s/he] they shall immediately voucher [her/his] their handgun(s) at [her/his] their local precinct. The License Division shall not process any late renewals unless a copy of the voucher is attached to the complete renewal application which is to be [submitted by mail] electronically via the License Division's online application portal.

[(i)] (h)   Failure to renew the license on time is cause for cancellation of the license.

[(j)   Possession of any unlicensed handgun is a violation of Article 265 of the New York State Penal Law, and may subject the licensee to arrest.

(k)] (i)   Renewal fees shall be payable online or in the form of a money order or a certified check made payable to the N.Y.C. Police Department. Cash and personal checks shall not be accepted.


**§ 22. Section 5-29 of Title 38 of the Rules of the City of New York is amended to read as follows:**


**§ 5-29 License Amendments.**

(a)   All verifying documents shall be submitted via the License Division's online application portal. Originals of all verifying documents shall, upon the License Division's request,

be [presented along with photocopies] made available to the License Division for review. After the original documents have been reviewed, they shall be returned to the licensee.

(1)  *Premises Residence License – address changes.*

(i)  If the licensee has moved, [s/he] they shall change the address listed on [her/his] their license. To do so the licensee shall come to the License Division no later than ten (10) calendar days after [her/his] their change becomes effective. [S/he] The licensee shall bring [her/his] their license and verifying documents such as current utility bills. Any and all verifying documents shall include the licensee's name and the licensee's new address.

(ii)  If the licensee has relocated outside of New York City, [s/he] they shall follow the instructions for "Cancellation."

(2)  *All Carry/Premises Business Licenses – address changes.* If the licensee's business name, principals, corporate officers (if a corporation), and the nature of [her/his] their business remain the same, but [s/he has] they have changed [her/his] their business location, the licensee shall within ten (10) calendar days, provide the License Division with a copy of a current utility bill verifying the name and new address of the business, and other verifying documents substantiating the move. This transaction shall be conducted in person. If the nature of the licensee's business has changed, [s/he] the licensee shall follow the instructions for "Cancellation."

(3)  *Premises/business name changes.*

(i)  If the licensee has a Premises Business License and changes [her/his] their business name, but [her/his] their business is of the same nature and at the same location, [s/he] they shall provide the License Division with Amended Business Certificate, verifying documents, etc., within ten (10) calendar days.

(ii)  If the licensee is an employee of a company, in addition to the documentation required in subparagraph (i) above, the licensee shall submit a letter on company stationery signed by the company president or owner, which states that the licensee is still employed by them in the same capacity for which the license was issued, and that the licensee still requires the handgun license for [her/his] their employment.

(iii)  If the nature of the licensee's business has changed [s/he] they shall follow the instructions for Cancellation.

(4)  *Carry Business License name changes.* If the licensee has a Carry Business License and [s/he changes his/her] they change their business name – but not the nature of the

business, the corporate officers, or the location, [s/he] they shall contact the License Division immediately at telephone [#(212) 374-5531 or 5532] number (646) 610-5560 for instructions on how to proceed.

      (5)  *"Special" Carry Handgun License Changes.* Licensees shall call telephone number [(212) 374-5531 or 5532] (646) 610-5560, for specific instructions. However, the licensee's basic County Handgun License shall be amended prior to requesting any amendment of [her/his] their New York City "Special Handgun License."

      (6)  *Individual name changes.*

      (i)  If the licensee has changed [her/his] their name because of marriage, registration of a domestic partnership, or for other reasons, [s/he] they shall provide the License Division with a Marriage Certificate, affidavit or legal court documents verifying the change. Where an affidavit is provided, the Department may require additional evidence that the affiant has changed [her/his] their name, including but not limited to a certificate of domestic partnership registration, credit cards issued to the affiant, or bills addressed to the affiant. For purposes of this subparagraph, "domestic partnership" shall mean a domestic partnership registered in accordance with applicable law with the City Clerk, or a domestic partnership registered with the former City Department of Personnel pursuant to Executive Order 123 (dated August 7, 1989) during the period August 7, 1989 through January 7, 1993. (The records of domestic partnerships registered at the former City Department of Personnel have been transferred to the City Clerk.)

      (ii)  The aforementioned document(s) shall be submitted [in the original, with a copy attached] electronically via the online application portal and the original(s) made available to the License Division for inspection upon the License Division's request. The License Division shall return the original document to the licensee.

      (iii)  The licensee shall appear in person at the License Division – Room 152, by appointment, with the required documents and [her/his] their license to effect this change.

    (b)  *New business.*

      (1)  If the licensee has changed [her/his] their business from the one for which [s/he was] they were originally licensed, or [her/his] their current business has had a change of name and/or corporate officers, owners, etc., or the nature of [her/his] their business or responsibilities have changed; or if [s/he has] they have ended [her/his] their association with the business, *i.e.,* retired, terminated, resigned, the licensee shall within ten (10) calendar days of the

change surrender [her/his] <u>their</u> handgun(s) and license to [her/his] <u>their</u> local precinct for safekeeping. [Her/his] <u>The licensee's</u> license may be subject to cancellation. (See 38 RCNY §5-27 – Cancellation of the Handgun License.) Questions may be directed to the Incident Section [(212) 374-5538 or 5539] <u>by emailing DG_LIC-Incidents@NYPD.org</u>.

(2) Handgun licenses are not transferable to new businesses.  The licensee shall re-apply for a new handgun license for [her/his] <u>their</u> new business.

\* \* \*

(5)   <u>*All License Types – Email address changes.*</u> All licensees shall immediately notify the License Division via the online application portal of any change in their email address.

**§ 23. Section 5-30 of Title 38 of the Rules of the City of New York is amended to read as follows:**

**§ 5-30 <u>Reporting of</u> Incidents [Involving Suspension].**

(a)     Whenever a handgun licensee is involved in an "Incident," the licensee shall immediately report said incident to the License Division's Incident Section – [Telephone number (212) 374-5538 or 5539 –] <u>by emailing DG_LIC-Incidents@NYPD.org</u>. Certain "Incidents" shall also be reported to the "Precinct of Occurrence" (where the incident took place).

\* \* \*

(c) The following "incidents" shall be immediately reported to the License Division's Incident Section:

\* \* \*

(5)   Licensee is or becomes the subject or recipient of an order of protection [or]<u>,</u> a temporary order of protection<u>, or an extreme risk protection order</u>.

\* \* \*

(7) <u>Licensee is involved in an incident of alleged or possible domestic violence or abuse involving a law enforcement response, or is otherwise notified that an incident has resulted in a "Domestic Incident Report" to be generated by the New York City Police Department or similar documentation generated by another police department or law enforcement agency.</u>

(8) <u>Licensee intends to dispose of handgun.</u>

\* \* \*

(d)   In addition to the aforementioned "Incidents," whenever the [holder of a handgun license becomes] <u>licensee is directly</u> involved in a situation <u>concerning a potential violation of law or a threat to public safety</u> which comes to the attention of any police department, or other law enforcement agency, <u>and the licensee knows or reasonably should know that such situation has come to the attention of such department or agency,</u> the licensee shall immediately notify the License Division's Incident Section of the details.

(e)   All "Incidents" shall be reviewed and evaluated by License Division investigators. If, as a result of the "Incident" the License Division finds it necessary to suspend or revoke the license, the licensee shall receive notification by mail. Said notification shall advise the licensee of the status of [her/his] <u>their</u> license and the reason for the suspension/revocation.

(f)   [The] <u>Upon receipt of a suspension or revocation order, the</u> licensee shall be directed to immediately voucher for safekeeping all handguns, rifles and/or shotguns listed on any license and any rifle/shotgun permit [s/he] <u>the licensee</u> possesses. <u>Provided that if a licensee is arrested and their handgun or rifle/shotgun is in their possession at the time of the arrest, or if during a police stop a licensee uses or threatens to use physical force or the officer learns that the licensee is subject to an order of protection, temporary order of protection or extreme risk protection order, such weapon and license or permit may be vouchered by the officer at the time of the arrest or stop, and such licensee may seek the return of such handgun or rifle/shotgun in accordance with the procedures set forth in subdivisions (h) and (i).</u> After the handguns, rifles and/or shotguns have been vouchered, the licensee shall immediately send [her/his] <u>their</u> handgun license and any rifle/shotgun permit [s/he possesses] <u>they possess</u> and a copy of the "Voucher" to the License Division's Incident Section.

(g)   Failure to comply with these [directions is a violation of the New York State Penal Law, and shall] <u>rules may</u> result in [summary action by the Police Department] <u>suspension or revocation of the license</u>. Possession of an unlicensed handgun is a crime. If a license is suspended or revoked, the handgun(s) listed thereon are no longer considered licensed. Failure to comply with the License Division's directions may result in the permanent revocation of the licensee's handgun license.

(h)   If [her/his] <u>a licensee's</u> license is suspended or revoked, the licensee <u>has an opportunity to challenge, by mail, the interim suspension or revocation of the license during</u>

investigation of an incident and vouchering of the handgun by making a written submission to the License Division at DG_LIC-Hearings-Appeals@nypd.org .

(1) Such submission shall be made within thirty (30) calendar days after receiving the "Notice of Determination (interim determination to suspend during investigation)" and must include the license number, the reason for the challenge, and any documentation supporting such challenge.   Such submission shall also confirm that the licensee has complied with the requirements of subdivision (f).

(2)  A determination shall be made whether measures short of continued vouchering would satisfy the interests of the city and shall be rendered within ten (10) business days after receipt of the submission pursuant to paragraph (1).

(i)  A licensee whose license is suspended or revoked shall, after an investigation, be issued a written Notice of Determination Letter, which shall state in brief the grounds for the suspension or revocation of the license and notify the licensee of the opportunity for a hearing, which shall be in addition to the opportunity to be heard described in subdivision (h).  The suspended[/] or former licensee has the right to submit a written request for a hearing to appeal the [decision] Notice of Determination.

(1) This request shall be made within thirty (30) calendar days of the date of the Notice of Determination Letter. The written request shall be submitted to the Commanding Officer, License Division, One Police Plaza, Room 110A, New York, New York 10038.

(2) A licensee whose arrest or summons resulted in suspension or revocation of [her/his] their license may only submit a written request for a hearing within thirty (30) calendar days after the termination of the criminal action, as defined in New York State Criminal Procedure Law § 1.20(16)(c). If the suspension or revocation resulted from the licensee becoming the subject of an order of protection or a temporary order of protection, the licensee may only submit a written request for a hearing within thirty (30) calendar days after the expiration or voiding of the order of protection or temporary order of protection. If the suspension or revocation was related to both a criminal action and an order of protection or temporary order of protection, then the later of the two waiting periods shall apply.

(3) [However, requests] A request for [hearings] a hearing challenging the Notice of Determination shall not be entertained, nor shall such a hearing be scheduled until the licensee:

[(1)]   a.   Complies with the provisions of subdivision (f) [above]; and

[(2)]   <u>b.</u>   Provides a Certificate of Final Disposition, if applicable; and

[(3)]   <u>c.</u>   Provides a Certificate of Relief from Disabilities, if applicable,

to the License Division.

[(i)] <u>(j)</u>   The written request for a hearing <u>challenging the Notice of Determination</u> shall include:

(1)   License number.

(2)   Reason(s) for the request.

(3)   Disposition of license(s) and handgun(s).

[(j)] <u>(k)</u>   Upon receipt of the licensee's [letter] <u>written request for a hearing challenging the Notice of Determination</u>, the License Division shall schedule the licensee for a hearing and notify the licensee by mail <u>and/or email</u>. <u>Such hearing shall be in accordance with the procedures set forth in subchapter C of chapter 15.</u>

**§ 24. Section 5-31 of Title 38 of the Rules of the City of New York is amended to read as follows:**

**§ 5-31 Mutilated, Lost or Stolen Licenses.**

(a)   If [her/his] <u>the licensee's</u> license was lost or stolen, the licensee shall report the loss/theft to the "Precinct of Occurrence" and obtain a "Complaint Report Number."

(1)   *If the licensee's license was lost, [s/he]* <u>*the licensee*</u> *shall:*

(i)   Obtain a "Complaint Report Number" from the precinct of occurrence.

(ii)   Report in person<u>, by appointment,</u> to the License Division – Room 152.

(iii)   Bring a ten ($10) dollar money order or certified check. Cash and personal checks shall not be accepted. Make instrument payable to "N.Y.C. Police Department.

(iv)   Bring two current color photos – 1 1/2 × 1 1/2 inches, front view, from the chest up, taken within the past thirty (30) days. [S/he] <u>The licensee</u> shall not wear anything which would obstruct identification, *e.g.,* hats, sunglasses, etc.

(v)   Bring the "Complaint Report Number."

(vi)  Bring personal identification – driver's license, credit card, old Handgun License.

(vii)  The licensee shall be required to prepare a duplicate application and have it notarized.

(2)  *If [her/his]* <u>*the licensee's*</u> *license was stolen, the licensee shall:*

(i)  Obtain a Complaint Report Number from the precinct of occurrence.

(ii)  Report in person<u>, by appointment,</u> to the License Division – Room 152.

(iii)  Bring two color photos – 1 1/2 × 1 1/2 inches, front view, from the chest up, taken within the past thirty (30) days. [S/he] <u>The licensee</u> shall not wear anything which would obstruct identification, *e.g.,* hats, sunglasses, etc.

(iv)  Bring the "Complaint Report Number."

(v)  Bring personal identification – driver's license, credit card, old Handgun License.

(vi)  [S/he] <u>The licensee</u> shall be required to prepare a duplicate application and have it notarized.

(b)  If [her/his] <u>the licensee's</u> license was altered, laminated or mutilated, the licensee shall: Report in person<u>, by appointment,</u> to the License Division – Room 152 with the following:

(1)  A ten ($10) dollar money order or certified check. Cash and personal checks shall not be accepted. Make instrument payable to "N.Y.C. Police Department."

(2)  Two color photos – 1 1/2 × 1 1/2 inches, front view, from the chest up, taken within the past thirty (30) days. [S/he] <u>The licensee</u> shall not wear anything which would obstruct identification, *e.g.,* hats, sunglasses, etc.

(3)  [S/he] <u>The licensee</u> shall be required to prepare a duplicate application and have it notarized.

(4)  [S/he] <u>The licensee</u> shall bring with [her/him] <u>them</u> the remnants of [her/his] <u>their</u> license.

## § 25.  Section 5-32 of Title 38 of the Rules of the City of New York is amended to read as follows:

## § 5-32 Transfer of Records.

44

New York City handgun licensees who have moved out of New York City may request a transfer of their records to their new licensing jurisdiction, in accordance with § 400.00, Subdivision 5, of the New York State Penal Law.

(a)   This request shall be made in writing by the new licensing agency and accompanied by a five ($5.00) dollar money order, made payable to the N.Y.C. Police Department.  Cash and personal checks shall not be accepted.

(b)   The request shall not be processed unless the License Division has received the licensee's New York City handgun license; documentation of the legal disposition of [her/his] the licensee's handgun(s), *i.e.,* Bill Of Sale or Voucher (see Cancellation and Disposal of Handgun(s) – 38 RCNY §§ 5-26 and 5-27), [her/his] the licensee's new address, and the name and address of [her/his] their new licensing authority.

(c)   Requests for a records transfer may be [mailed] emailed to the New York City Police Department License Division – Records Unit[, One Police Plaza, Room 152, New York, New York 10038] at DG_LIC-Cancellations@NYPD.org. The License Division shall process [her/his] the licensee's request as expeditiously as possible once the License Division has received the necessary information, documentation, fee, etc. If the licensee has any questions concerning this matter contact [(212) 374-5522 or 5523] (646) 610-5560.

**§ 26. Section 5-33 of Title 38 of the Rules of the City of New York is amended to read as follows:**

**§ 5-33 Familiarity with Rules and Law and Other Attestations.**

(a) All licensees shall be required to sign an acknowledgment that they shall be responsible for compliance with all laws, rules, regulations, standards, and procedures promulgated by federal, state, or local jurisdictions, and by federal, state, or local law enforcement agencies, that are applicable to this license. The License Division shall provide the licensee with the acknowledgment statement. This acknowledgment statement shall be affirmed in writing. Failure to affirm the acknowledgment statement shall result in denial of the license application.

(b) Prior to receipt of the license, the licensee must attest to the receipt of the following information and notifications: (i) the grounds for which the license issued may be revoked, which shall include, without limitation, the areas and locations where a licensee may not lawfully carry

45

the licensed handgun; (ii) that a conviction for unlawfully carrying a handgun in such an area or location in violation of §265.01-d or §265.01-e of the New York State Penal Law is a felony for which such license will be revoked; and (iii) the requirements for safe storage of the licensed handgun.

**§ 27. Subchapter B of Chapter 5 of Title 38 of the Rules of the City of New York is amended by adding new section 5-34 to read as follows:**

**§5-34 Times Square Sensitive Location Zone: Permitted Activities**.
The following licensees may carry a licensed handgun in the Times Square sensitive location zone, as such zone is described in section 10-315 of the Administrative Code:

(a)   A carry licensee who resides in such zone may carry such handgun only directly to or from their dwelling and an area outside of such zone, provided that such transport must be continuous and uninterrupted;

(b)   A business premises licensee whose place of business that is identified on such license is located in such zone, or a residence premises licensee whose residence identified on such license is located in such zone, may carry a handgun to and from their place of business or residence, respectively, in accordance with the standards set forth in section 5-23(a) and such handgun must be unloaded and carried in a locked container and the ammunition for such handgun must be carried separately; and

(c)   A carry licensee or a premises licensee may transport such handgun directly through such zone while operating, or while a passenger within, a motor vehicle, provided that such transport must be continuous and uninterrupted; such handgun must be unloaded and carried in a locked container; and the ammunition for such handgun must be carried separately.

**§ 28.** The emergency rule, promulgated on August 19, 2022, adding section 5-12 of Title 38 of the Rules of the City of New York; the emergency rule, promulgated on August 23, 2022, amending sections 5-01, 5-02, 5-03, 5-05, 5-06, 5-07, 5-10, 5-11, 5-22, 5-23, 5-24, 5-25, 5-26, 5-27, 5-28, 5-29, 5-30, 5-32 and 5-33 of Title 38 of the Rules of the City of New York and adding sections 3-15, 5-05.1, 5-34 and 5-35 of such Title; and the emergency rule, promulgated on

September 15, 2022, amending section 5-12 of Title 38 of the Rules of the City of New York are REPEALED.

**FINDING OF SUBSTANTIAL NEED FOR EARLIER IMPLEMENTATION**

In accordance with Section 1043(f)(1)(d) of the New York City Charter, the New York Police Department ("NYPD") has determined there is a substantial need for the implementation of the NYPD rule amending the firearm licensing standards set forth in Chapter 3 and Chapter 5 of Title 38 of the Rules of the City of New York immediately upon its final publication in the City Record, thereby waiving the requirement that thirty days elapse prior to the effective date of the rule.

On June 23, 2022, the United States Supreme Court ruled in N.Y. State Rifle & Pistol Ass'n v. Bruen, 142 S. Ct. 2111 (2022), that New York State's "proper cause" standard, requiring applicants of concealed carry firearm licenses to demonstrate a special need for self-protection, distinguishable from that of the general community, was an unconstitutional restriction on an individual's Second Amendment right to bear arms for self-defense. In light of the decision, on July 1, 2022, New York State enacted new statewide licensing standards removing the "proper cause" standard and including additional criteria (Chapter 371 of the Laws of 2022). The City promulgated rules on an emergency basis to implement the recent State law and make the City's licensing standards for handgun and rifle/shotguns consistent with the new standards enacted by Chapter 371. Components of the emergency rules expire on December 17, 2022.

As a result, there is a substantial need for the immediate implementation of this rule to maintain New York City's ability to regulate handgun and rifle/shotgun use and ownership within its jurisdiction through a firearm licensing scheme that is consistent with New York State law and the Supreme Court ruling in Bruen. To ensure that there is no gap between the expiration of the emergency rules and the effectiveness of these permanent rules, these rules must take effect immediately upon publication in the City Record.

Therefore, I find pursuant to section 1043(f)(1)(d) of the New York City Charter that there is a substantial need for this rule's earlier implementation.


*/s/ Eric Adams*                                    */s/ Keechant L. Sewell*
_____          _____
Eric Adams                                          Keechant L. Sewell
Mayor                                               Police Commissioner

12/13/22                                            12/8/22
_____          _____
                  Date                                              Date