

July 6, 2023

**VIA ECF**

Hon. John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:  <u>Joseph Srour v. City of New York, et. al.</u>,
              22-CV-0003 (JPC)

Your Honor:

      I represent the plaintiff, Joseph Srour, in the above-referenced matter.

      I respectfully ask that the Court reconsider its request for unredacted copies of the exhibits filed in support of Plaintiff's motion for summary judgment.

      The entire premise of Plaintiff's Second Amendment challenge is the fact that the City's firearm regulations are inconsistent the text, history, and tradition of firearm regulations in this Nation, which requires them to be stricken as unconstitutional, [see, *NYSRPA v. Bruen*, 142 S.Ct 2111, 2126 (2022)], including, for example, denying a handgun license and rifle/shotgun permit based on past "arrests" disconnected from any disqualifying conviction. [see, 38 RCNY 5-10(a) and 38 RCNY 3-03(a)].

      Apart from social security number, date of birth and other personal identifying information, the information redacted from Plaintiff's Exhibits 1-4 identifies the charges that Plaintiff was arrested for which, as Exhibit 1[1] indicates, were dismissed and thereafter sealed pursuant to an "order upon termination of criminal action in favor of the accused." CPL 160.50; Ex. 1 at pp. 4, 6 of 7.

      I bring this to the Court's attention because the information redacted from Plaintiff's exhibits – charges that (i) were terminated in his favor and (ii) did not result in a conviction at all, never mind a disqualifying conviction, are immaterial to a legal determination of the merits of Plaintiff's claims.

      Either the City has proven that its regulations are consistent with the plain text of the Second Amendment under *Bruen*, or it has not.

---

[1] Plaintiff's unsuppressed fingerprint-based criminal history report from the New York State Division of Criminal Justice Services.

2 Overhill Road, Suite 400        *info@bellantoni-law.com*        (914) 367-0090 (t)
Scarsdale, New York 10583        www.bellantoni-law.com        (888) 763-9761 (f)

My concern is that acknowledgment of the dismissed charges may lead to the "balancing of interests" the Supreme Court specifically rejected in *Heller*, *McDonald*[2], and *Bruen* and enter into a decision[3] that solely involves questions of constitutional law.

> "We know of no other enumerated constitutional right whose core protection has been subjected to a freestanding "interest-balancing" approach. The very enumeration of the right takes out of the hands of government—even the Third Branch of Government—the power to decide on a case-by-case basis whether the right is *really worth* insisting upon.
>
> A constitutional guarantee subject to future judges' assessments of its usefulness is no constitutional guarantee at all."

*D.C. v. Heller*, 554 U.S. 570, 634 (2008) (emphasis supplied).

> "The Second Amendment is the very *product* of an interest balancing by the people" and it "surely elevates above all other interests the right of law-abiding, responsible citizens to use arms" for self-defense. *Heller*, 554 U.S. at 635, 128 S.Ct. 2783. It is this balance—struck by the traditions of the American people—that demands our unqualified deference."

*Bruen*, 142 S. Ct. 2111, 2131 (2022) (emphasis in original).

Thank you for the Court's consideration in this matter.

Sincerely,

/s
Amy L. Bellantoni

cc:  Aimee Lulich (via ECF)

The request is denied. The Court's Individual Rules and Practices in Civil Cases require parties who seek to file redacted materials to provide the Court with unredacted versions so that the Court can assess the appropriateness of the redactions under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Plaintiff has cited no authority that would relieve the Court of that obligation or which would allow a party to file materials redacted from the Court itself. Therefore, by July 28, 2023, Plaintiff shall inform the Court whether he will file the unredacted materials under seal or whether he will instead refile his summary judgment briefing to remove the at-issue material. To be clear, these materials are to be provided to the Court and not publicly filed unless the Court determines that they cannot remain redacted.

SO ORDERED.
Date: July 25, 2023
New York, New York

_____
JOHN P. CRONAN
United States District Judge

---

[2] *McDonald v. Chicago*, 561 U.S. 742, 782 (2010) (Second Amendment is not the only constitutional right that has controversial public safety implications) (citing cases).

[3] Also concerning where, at the Court's request, the redacted information (dismissed charges) be 'highlighted' in the document.