

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**AIMEE K. LULICH**
Senior Counsel
Phone: (212) 356-2369
Fax: (212) 356-1148
Email: alulich@law.nyc.gov

October 25, 2023

**BY ECF**
Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Plaintiff shall respond to Defendants' letter by October 26, 2023, at 2:00 p.m. The temporary stay will remain in effect until October 26, 2023, at 11:59 p.m. for the time being.

SO ORDERED.
Date: October 25, 2023
New York, New York

_____
JOHN P. CRONAN
United States District Judge

      Re: Joseph Srour v. City of New York, et. al.,
           22-CV-0003 (JPC)

Your Honor:

      I am the Assistant Corporation Counsel assigned to represent defendants City of New York and New York City Police Department ("NYPD") Commissioner Edward A. Caban[1] in the above-referenced matter. I write, pursuant to Rule 8(a) of the Federal Rules of Appellate Procedure ("Fed. R. App. P.") and Rules 62(c) and (d) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), to respectfully request that this Court stay the declaratory judgment and permanent injunction of New York City Administrative Code ("Ad. Code") §§ 10-303(a)(2) and 10-303(a)(9)[2] pending appeal, or, in the alternative, extend the temporary stay of the injunction issued by the Court for 7 days to permit the City to seek leave from the Second Circuit.

      By way of background, the Court issued its Opinion and Order in this matter on October 24, 2023, in which the Court, inter alia, granted plaintiff's request for a declaratory judgment and permanent injunction of Ad. Code §§ 10-303(a)(2) and (a)(9) and directed that the injunction would be stayed for about 36 hours to permit the defendants time to "consider their appellate

---

[1] Commissioner Caban has replaced former Commissioner Keechant Sewell. Pursuant to Federal Rule of Civil Procedure 25(d), the successor of a public officer is automatically substituted as a party when the originally named public officer "ceases to hold office while the action is pending."

[2] Defendants notes that the "other good cause shown" language was removed from the Rules of the City of New York ("RCNY") as part of the post-Bruen amendments and is no longer being used by the NYPD in determining applications. See 38 RCNY § 3-03.

options and whether they wish to seek a stay pending any appeal." Opinion and Order at p. 46. Defendants intend to file a Notice of Appeal and wish to seek a stay pending appeal. As required under Fed. R. App. P. Rule 8(a)(1), defendants now move for a stay pending appeal as set forth below.

When deciding a motion for a stay under Rule 8, the Court should consider: (1) likelihood of success on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the other party will be irreparably injured by the stay; and (4) where the public interest lies. See, e.g., Hilton v. Braunskill, 481 U.S. 770 (1987); United States SEC v. Citigroup Global Mkts., Inc., 673 F.3d 158 (2d Cir. 2012). These factors are considered "somewhat like a sliding scale" with the required chance of success on the merits inversely proportional to the strength of the equities for a stay. Thapa v. Gonzales, 460 F.Supp. 323, 334 (2d Cir. 2006).

Here, defendants meet the standard for appeal. Indeed, those Second Amendment cases in which a District Court enjoined a gun licensing law or regulation post-Bruen have routinely been stayed pending appeal by the Second Circuit, and this matter is no different. See Antonyuk v. Hochul, 2022 U.S. App. LEXIS 36240, *2 (2d Cir. 2022), application to vacate stay den'd 143 S. Ct. 481 (2023); Order in Christian v. Nigrelli, 22-2987 (2d Cir.), Document No. 53 dated December 12, 2022 (staying order of the W.D.N.Y. enjoining enforcement of provisions of New York's Concealed Carry Improvement Act ("CCIA") pending appeal); Order in Hardaway v. Nigrelli, 22-2933 (2d Cir.), Document No. 53 dated December 7, 2022 (staying order of the W.D.N.Y. enjoining enforcement of provisions of the CCIA pending appeal). Most significantly, factors (2) through (4) of the standard overwhelmingly favor a stay pending appeal. An injunction may require the NYPD to amend the RCNY through the emergency rulemaking process to develop an interim procedure for applications for rifle/shotgun permits, complicating and slowing its ability to determine applications in the short term. Given the likelihood of success for defendants on appeal, this process would ultimately be in vain following an appellate decision and the determinations issued during the pendency of appeal might be inconsistent with those issued before and after. Further, a stay poses a risk to public safety and well-being because it directly implicates the City's ability to review firearm applicants to ensure that they are "responsible and law-abiding." District of Columbia v. Heller, 554 U.S. 570, 626 (2008); New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 142 S. Ct. 2111 (2022).

From a practical perspective, the Second Circuit is already in the process of considering a challenge to the use of "good moral character" as a determination in issuing firearm licenses in Antonyuk, supra. The Second Circuit's impending decision in Antonyuk, 2022 U.S. Dist. LEXIS 201944 (N.D.N.Y. Nov. 7, 2022), is likely to be dispositive of the issues in this case. In Antonyuk, the District Court preliminarily enjoined the "good moral character" standard that was amended by the State Legislature through the CCIA under reasoning strikingly similar to this Court's Opinion and Order. Id. at *243-244. Specifically, the District Court in Antonyuk held that the CCIA's "good moral character" standard vests too much discretion in licensing officers, and such discretion lacks a historical antecedent. Id. at *133. The Court herein likewise reasoned that, "Defendants have not identified any historical analogue for investing officials with the broad discretion to restrict someone's Second Amendment rights based on determining the person to 'lack[] good moral character….'" Decision and Order p. 2. Indeed, the Second Circuit itself appears to contemplate that the decision in Antonyuk will resolve some or all of the pending challenges to local regulations following Bruen. For example, after recently hearing

oral arguments in a case originating from the Eastern District of New York, the Second Circuit decided to hold a decision in abeyance pending resolution of Antonyuk.  See Order in Giambalvo v. Suffolk Co., 23-208 (2d Cir.), Document No. 113 ("The parties are hereby advised that consideration of this appeal will be held in abeyance pending this Court's issuance of its decision in Antonyuk v. Hochul, 22-2908 (2d Cir.)."  Thus, the public interest lies in granting a stay pending appeal, and the defendants will be irreparably harmed without a stay.

By contrast, a stay of the injunction is unlikely to affect plaintiff, as the Court has not determined that the denial of his license was unconstitutional or contrary to law and plaintiff has not even re-applied for a firearm license.  As described above, 38 RCNY § 3-03, the regulation which outlines how the NYPD administers shotgun/rifle licenses, not include language permitting the denial for "other good cause."  Further, Chapter 3 of Title 38 has been amended to incorporate the definition of "good moral character" found in the CCIA. Id.  While the Court's Decision and Order herein found that Ad. Code §§ 10-303(a)(2) violates the Second Amendment because it affords too much discretion to the licensing officer, the Decision does not take into account the fact that 38 RCNY § 3-03 defines "good moral character" by setting forth 14 factors to be considered in making that determination, appropriately cabining the licensing officers' discretion in considering license applications. See 38 RCNY § 3-03(a) – (n).  For all these reasons, an injunction against future conduct by the NYPD's License Division is unwarranted.  The NYPD's removal of the "good cause" language and the inclusion of language setting out objective criteria for assessing "good moral character" address the Court's concern that license officials have unfettered discretion.  It should not be presumed that the License Division will act arbitrarily or inconsistently with the Supreme Court's direction.  In short, maintaining the status quo pending appeal is unlikely to affect plaintiff or other applicants.

Finally, defendants have a likelihood of success on the merits.  Briefly, the Court's decision that Ad. Code §§ 10-303(a)(2) and (9) unconstitutionally provide unbridled discretion to the licensing officer fails to account for the RCNY provisions by which NYPD ultimately evaluates firearm applications.  Title 38, § 3-03 defines "good moral character" and the factors which are to be used in making that determination, and does not include any consideration of "other good cause" not contained in the provision. See 38 RCNY § 3-03(a) – (n).  Further, the Supreme Court has made clear that the Second Amendment applies to "law-abiding" and "responsible" individuals; thus, the Court's conclusion that only applicants who are "dangerous" may be denied a license imposes a far more limited rule than the Supreme Court has endorsed.[3]  Bruen, 142 S. Ct. at 2133-34; Heller, 554 U.S. at 626, McDonald v. Chicago, 561 U.S. 742 (2010). In addition, given the current unsettled state of Second Amendment law, including how and what historical analogues should be considered and the parameters of "law-abiding" and "responsible," the Second Circuit's decision in this matter and the other Second Amendment cases pending before it are required in order to prevent inconsistent decisions among District Courts in this Circuit.  Accordingly, the likelihood of success on the merits weighs in favor of granting a stay pending appeal.

---

[3] Regardless, the License Division believes that Plaintiff is both "dangerous" and not law-abiding.

- 4 -

      For the reasons described above, defendants respectfully request a stay of the declaratory judgment and permanent injunction of Ad. Code §§ 10-303(a)(2) and (a)(9) pending appeal, or, in the alternative, a stay of seven days to permit defendants to seek a stay directly at the Second Circuit.

      I thank the Court for its consideration of this request.

                                      Respectfully submitted,

                                      /S
                                    Aimee K. Lulich
                                    Senior Counsel

**cc:**    Amy Bellantoni, Esq. (By ECF)