UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
JOSEPH SROUR,                                                          :
:
Plaintiff,                                :
:            22 Civ. 3 (JPC)
-v-                                                                    :
:            ORDER
NEW YORK CITY, New York, and THOMAS G.                                 :
DONLON, In His Official Capacity as NYPD Police                        :
Commissioner,                                                          :
:
Defendants.                               :
:
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On October 24, 2023, the Court issued an Opinion and Order in No. 22 Civ. 3 (JPC) ("*Srour I*") in which it, *inter alia*, declared Subsections (a)(2) and (a)(9) of New York City Administrative Code Section 10-303 to be facially unconstitutional and also permanently enjoined Defendants New York City and Edward A. Caban in his then-official capacity as the Commissioner of the New York Police Department ("NYPD")[1] from enforcing these two provisions. *See Srour v. New York City, New York*, 699 F. Supp. 3d 258 (S.D.N.Y. 2023). The Court temporarily stayed the injunction until midnight on October 26, 2023. *Id.* at 288. Defendants filed a notice of interlocutory appeal of the Opinion to the United States Court of Appeals for the Second Circuit. *Srour I*, Dkt. 47. The Second Circuit granted Defendants' motion for a stay pending appeal. *Srour I*, Dkt. 22.

As noted in the Opinion, the Court bifurcated the questions of liability and damages in this matter. *See Srour*, 699 F. Supp. 3d at 289; *see also Srour I*, Minute Entry dated Nov. 3, 2022. On

---

[1] Thomas G. Donlon, the interim New York City Police Commissioner, is substituted for former Commissioner Edward A. Caban in accordance with Federal Rule of Civil Procedure 25(d).

October 30, 2023, the parties wrote to inform the Court that, in their view, it would be more efficient to postpone scheduling discovery on damages in this matter until a case management plan can be entered in *Srour v. New York City, New York, et al.*, No. 23 Civ. 9489 (JPC) ("*Srour II*"). *See Srour I*, Dkt. 50.  As the parties are aware, the Court stayed proceedings in *Srour II* pending the Second Circuit's decision in *Srour I*, and directed the parties to file status letters no later than seven days after the Second Circuit decided the appeal in *Srour I*.  *See Srour II*, Dkt. 43.

On September 9, 2024, the Second Circuit vacated the injunction and the declaration that Subsection 10-303(a)(2) is facially unconstitutional, dismissed the appeal in *Srour I* as moot, and remanded the case with instructions.  *Srour I*, Dkt. 53 at 30.  On October 25, 2024, the Second Circuit's mandate issued.  *Srour I*, Dkt. 54.  Therefore, the parties' status letters in *Srour II* are due by November 1, 2024.

The Clerk of Court is respectfully directed to lift the stay in this case.  Pursuant to the Second Circuit's instructions in *Srour I*, Plaintiff Joseph Srour's claims for injunctive and declaratory relief from New York City Administrative Code Section 10-303(a)(2) are dismissed without prejudice as moot.

SO ORDERED.

Dated: October 30, 2024
New York, New York

_____
JOHN P. CRONAN
United States District Judge