UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JOSEPH SROUR,

                Plaintiff,        1:22-cv-00003-JPC

    -against-

NEW YORK CITY, New York,
JESSICA TISCH, in her official
capacity as NYPD Police Commissioner,

                Defendants.
-------------------------------------------------------x

      Plaintiff Joseph Srour and Defendants New York City, New York and Jessica Tisch in her official capacity as the NYPD Police Commissioner hereby submit the following Proposed Findings of Fact and Conclusions of Law as follows:

## JOINT PROPOSED FINDINGS OF FACT

    1.    Plaintiff is a resident of Brooklyn, New York.

    2.    In 2018, Plaintiff filed an application with the NYPD License Division for the issuance of a Premise Residence Handgun license.

    3.    In 2019, Plaintiff filed an application with the NYPD License Division for the issuance of a Rifle/Shotgun License.

    4.    Each application was disapproved by the NYPD License Division.

    5.    Plaintiff filed an internal appeal of the disapprovals of his applications with the NYPD License Division, Appeals Unit.

    6.    Plaintiff's internal appeal of the disapprovals of both applications was denied by written Notice of Denial After Appeal dated November 7, 2019.

1

7. Without a valid license issued by the NYPD License Division, Plaintiff was prohibited from possessing handguns, rifles, and shotguns in New York City between November 2019 and March 2023.

8. Plaintiff filed the instant complaint challenging, pursuant to the Second Amendment, New York City Administrative Code § 10-303(a)(2) and § 10-303(a)(9) and 38 RCNY §§ 3-03(a), (e), (h) and (n) and 5-10 (a), (e), (h) and (n). The Complaint raised both facial and as-applied challenges.

9. Plaintiff withdrew the as-applied and pre-emption claims pled in the Complaint prior to commencement of discovery and moved for Summary Judgment on the facial Constitutional challenge.

10. 38 RCNY §§ 3-03 and 5-10 were amended effective December 16, 2022.

11. On October 24, 2023, this Court granted, in part, Plaintiff's motion for summary judgment finding that the enforcement of New York City Administrative Code § 10-303(a)(2), § 10-303(a)(9), and the pre-December 16, 2022 provisions of Sections 3-03 and 5-10 of Title 38 of the RCNY violate the Second Amendment (the "Decision").

12. The Decision also permanently enjoined New York City Administrative Code § 10-303(a)(2), § 10-303(a)(9).

13. On October 26, 2023, Plaintiff filed applications for a premises residence license and a rifle/shotgun permit with the NYPD License Division. On November 6, 2023, plaintiff filed an application for a Concealed Carry License with the NYPD License Division.

14. In March 2024, the NYPD License Division issued Plaintiff a Premise Residence Handgun License, a Concealed Carry Handgun License, and a Rifle/Shotgun License.

15. On September 9, 2024, the Second Circuit Court of Appeals vacated as moot that portion of this Court's October 24, 2023 Order declaring Administrative Code § 10-303(a)(2) facially unconstitutional and permanently enjoining New York City Administrative Code § 10-303(a)(2).

## JOINT PROPOSED CONCLUSIONS OF LAW

This trial is to determine plaintiff's claims for retrospective compensatory damages arising out of the Court's Decision finding that New York City Administrative Code § 10-303(a)(2), § 10-303(a)(9), and the pre-December 16, 2022 provisions of Sections 3-03 and 5-10 of Title 38 of the RCNY are facially unconstitutional under the Second Amendment.

Defendants sued under § 1983 are "responsible for the natural consequences of their actions." *Warner v. Orange Cty. Dep't of Probation*, 115 F.3d 1068, 1071 (2d Cir. 1997) (quoting *Malley v. Briggs*, 475 U.S. 335, 344 n.7 (1986). In order to recover compensatory damages, a plaintiff must establish that a violation of his rights proximately caused an injury that entitles him to compensatory damages. *Townes v. City of New York*, 176 F.3d 138, 146 (2d Cir. 1999).

Compensatory damages must be "fair compensation—no more and no less—for the loss, if any, which resulted from defendant's wrongful conduct. The purpose of these damages is to make the plaintiff whole…" Jury Instructions, *Elvis Sanchez v. Captain White, et. al.*, No 18-CV-1259 (JPC), ECF Document No. 175 at 17 (S.D.N.Y. Oct. 21, 2021). However, a plaintiff is not entitled to compensatory damages simply because the jury found a violation of his constitutional rights, rather, the plaintiff must also prove actual injury arising out of the violation sufficient to warrant an award of compensatory damages. *Randolph v. Metro. Transp. Auth.*, No. 17 Civ. 1433 (DLC), 2019 U.S. Dist. LEXIS 62148, at *23 (S.D.N.Y. Apr. 11, 2019).

"To obtain emotional distress damages, a plaintiff must establish actual injury and the award must be 'supported by competent evidence' in addition to a plaintiff's subjective testimony." *Olsen v. Cty of Nassau*, 615 F.Supp. 2d 35, 46 (E.D.N.Y. May 7, 2009) (*quoting Patrolmen's Benevolent Ass'n of N.Y., Inc. v. City of New York,* 310 F.3d 43, 55 (2d Cir. 2002)).

Emotional distress awards within the Second Circuit can "generally be grouped into three categories of claims: 'garden-variety,' 'significant' and 'egregious.'" *Olsen v. Cnty. of Nassau*, 615 F. Supp. 2d 35, 46 (E.D.N.Y. 2009), quoting *Khan v. HIP Centralized Lab Services, Inc.*, No. CV–03–2411, 2008 WL 4283348, at *10, 2008 U.S. Dist. LEXIS 76721, at *30 (E.D.N.Y. Sept. 17, 2008). In "garden variety" emotional distress claims, "the evidence of mental suffering is generally limited to the testimony of the plaintiff, who describes his or her injury in vague or conclusory terms, without relating either the severity or consequences of the injury." *Id.* quoting, *Khan*, 2008 WL 4283348, at *11, 2008 U.S. Dist. LEXIS 76721, at *30–31 (citation omitted). Such claims typically "lack[ ] extraordinary circumstances" and are not supported by any medical corroboration." *Id.* quoting *Quinby v. WestLB AG*, No. 04 CIV.7406 WHP, 2008 WL 3826695 (S.D.N.Y. Aug. 15, 2008) at *3.

It is well-settled that nominal damages must be awarded where a plaintiff prevails on a claim for the violation of a constitutional right, but has not proven compensatory damages. See, *Robinson v. Cattaraugus Cnty.*, 147 F.3d 153 (2d Cir. 1998) (failure to instruct jury that it must award at least nominal damages if it found the defendants committed a constitutional violation was plain error); *Gibeau v Nellis*, 18 F.3d 107, 110 (2d Cir. 1994) (citing *Smith v. Coughlin*, 748 F.2d 783, 789 (2d Cir. 1984)); *see also, Carey v. Piphus*, 435 U.S. 247, 267 (1978).

4

**PLAINTIFF'S CONCLUSIONS OF LAW**

Plaintiff is not aware of any Second Amendment challenge where liability was found, and monetary damages were sought, let alone ruled on. It appears this case presents a matter of first impression, again.

Compensatory damages, if proven, are recoverable in cases where a constitutional violations has been proven – as is the case here. This Court held that New York City Administrative Code § 10-303(a)(2), 10-303(a)(9), and the pre-December 2022 versions of 38 RCNY § 3-03 and § 5-10 violate the Second Amendment. *Srour v. New York City, New York*, 699 F. Supp. 3d 258, 285 (S.D.N.Y. 2023), vacated in part, 117 F.4th 72 (2d Cir. 2024), *cert. denied sub nom. Srour v. New York, NY*, No. 24-844, 2025 WL 1151240 (U.S. Apr. 21, 2025).

This Court also ruled that the regulations it found facially unconstitutional were enforced by the City against Plaintiff to deny his applications for a handgun license and rifle/shotgun license. *Srour*, 699 F.Supp. 3d at 268-271, 273. No handgun, rifle, or shotgun may be possessed in New York City without a license issued by the NYPD License Division; therefore, the facially unconstitutional regulations violated Plaintiff's Second Amendment rights.

The City cites no case law or other authority for their proposition that a successful facial challenge is limited to an award of nominal damages. As-applied versus facial challenges fall on the liability side of the equation – whether the statute is unconstitutional in all of its applications or on 'as-applied' to this plaintiff - not a limitation on the type of damages that may be recovered, if proven. See, *Orthodox Jewish Coal. of Chestnut Ridge v. Vill. of Chestnut Ridge, New York*, No. 19-CV-443 (KMK), 2021 WL 1226930, at *11 (S.D.N.Y. Mar. 31, 2021), on reconsideration, No. 19-CV-443 (KMK), 2021 WL 3605041 (S.D.N.Y. Aug. 13, 2021) (citing cases regarding a plaintiff's ability to seek damages based on a facial challenge). Indeed, from a standing or

mootness perspective, nominal damages are the threshold, not the ceiling. See, e.g., *Marin v. Town of Se.*, 136 F. Supp. 3d 548, 561-562 (S.D.N.Y. 2015) ("with respect to the 2011 and 2013 Laws, even if Plaintiff has failed to offer sufficient evidence to substantiate actual damages, the fact of the suppression of protected speech alone confers standing" and "generally "so long as the plaintiff has a cause of action for damages, a defendant's change in conduct will not moot the case.").

A fact-specific inquiry on issues relating to damages does not morph a facial challenge into an 'as-applied' one; liability, which is wholly separate from the damages phase of litigation, has already been established by this Court.

The City's citation to *NYSRPA v. City of New York* – Justice Alito's dissenting opinion - is inapposite, as the plaintiffs there had no claim for *any* monetary damages, even nominal. The dissenting Justices, arguing that the case should not have been dismissed as moot, noted that a court may *sua sponte* award nominal damages where a constitutional violation has occurred.

While Plaintiff could identify no Second Amendment-specific damages cases, the following set forth the availability and appropriateness of damages for constitutional violations.

As for causation, the evidence will bear out that Plaintiff has never been convicted of a crime and has no prohibitors to firearm possession under 18 U.S.C. § 922(g). The City regulations enforced on Plaintiff's firearms license applications, which this Court held violate the Second Amendment, are not only the proximate cause of Plaintiff's disarmament and resulting harms, they are the *sole* cause.

**a. Compensatory Damages**

The damages recoverable for a constitutional violation are separable from damages recoverable for injuries such as physical harm, embarrassment, or emotional suffering; even absent such other injuries. *Kerman v. City of New York*, 374 F.3d 93, 125–26 (2d Cir. 2004) (in Fourth

Amendment violation for loss of liberty, court held that an "award of several thousand dollars may be appropriate simply for several hours' loss of liberty where no other injuries occurred; "a verdict that a plaintiff should not receive more than nominal damages for physical injury, economic loss, or mental suffering does not foreclose a more substantial award for his loss of liberty."). See also, *Ford v. McGinnis*, 198 F. Supp. 2d 363, 366 (S.D.N.Y. 2001) (holding that the "plaintiff may be awarded an amount to compensate him for the denial of his religious meal," an award separate from any award of damages based on plaintiff's "mental anguish, depression, increased anxiety, difficulty sleeping, and psychological suffering"); citing *Bryant v. McGinnis*, 463 F.Supp. 373, 388 (W.D.N.Y.1978) (awarding prevailing § 1983 plaintiffs $3,000 each for violations of their First Amendment rights to practice their religion in prison). The damages resulting from the constitutional violation itself may be assessed value greater than a nominal amount, depending on the plaintiff's circumstances.

### b. Emotional Damages (Garden Variety)

If proven, Plaintiff is also entitled to emotional distress damages.

Emotional distress awards within the Second Circuit can "generally be grouped into three categories of claims: 'garden-variety,' 'significant' and 'egregious.'" *Olsen v. Cnty. of Nassau*, 615 F. Supp. 2d 35, 46 (E.D.N.Y. 2009), quoting *Khan v. HIP Centralized Lab Services, Inc.*, No. CV–03–2411, 2008 WL 4283348, at *10, 2008 U.S. Dist. LEXIS 76721, at *30 (E.D.N.Y. Sept. 17, 2008). In "garden variety" emotional distress claims, "the evidence of mental suffering is generally limited to the testimony of the plaintiff, who describes his or her injury in vague or conclusory terms, without relating either the severity or consequences of the injury." *Id.* quoting, *Khan*, 2008 WL 4283348, at *11, 2008 U.S. Dist. LEXIS 76721, at *30–31 (citation omitted). Such claims typically "lack[ ] extraordinary circumstances" and are not supported by any medical

7

corroboration." *Id.* quoting *Quinby v. WestLB AG*, No. 04 CIV.7406 WHP, 2008 WL 3826695 (S.D.N.Y. Aug. 15, 2008) at *3.

"Garden variety" emotional distress claims "generally merit $30,000 to $125,000 awards." *Id.* quoting *Quinby*, at *3 (remitting damages in the amount of $300,000 for a "garden variety" claim and noting that it was "at or above the upper range of reasonableness"); see also *Lynch v. Town of Southampton*, 492 F.Supp.2d 197, 207 (E.D.N.Y.2007) (collecting cases); *Watson v. E.S. Sutton, Inc.*, No. 02 CIV. 2739 (KMW), 2005 WL 2170659 (S.D.N.Y. Sept. 6, 2005), aff'd, 225 F. App'x 3 (2d Cir. 2006) at *16 ("The range of acceptable damages for emotional distress in adverse employment action cases lacking extraordinary circumstances seems to be from around $30,000 to $125,000.").

### c. Financial Damages

Section 1983 defendants are responsible for the natural consequences of their actions. *Wallace v. Suffolk Cnty. Police Dep't*, 809 F. Supp. 2d 73, 80 (E.D.N.Y. 2011); *Kerman v. City of New York*, 374 F.3d 93, 126 (2d Cir. 2004) (citation omitted). A plaintiff may recover financial damages by showing that his actions were reasonably foreseeable. *Wallace*, 809 F. Supp. 2d at 82 (in lost income claim, defendants may be held responsible for financial damages where it was reasonably foreseeable that their misconduct would cause plaintiff to file his own retirement application).

It is reasonably foreseeable that an individual denied the right to possess handguns, rifles, and shotguns in his home for the protection of himself and his family would take other measures to compensate for his disarmament, including installing home security and obtaining a home protection canine.

8

## **DEFENDANTS' CONCLUSIONS OF LAW**

Plaintiff's citation to *Kerman v. City of New York*, 374 F.3d 93, 125 (2d Cir. 2004) is inapposite because plaintiff was not subject to arrest or detention, and, thus, did not suffer "the fundamental loss of freedom implicated" such as the value of time lost during a period of detention. *See Nibbs v. Goulart*, 822 F.Supp.2d 339, 345 (S.D.N.Y. Sept. 16, 2011) (*citing Kerman*, 374 F.3d); *see also Raysor v. Port Authority of New York & New Jersey*, 768 F.2d 34 (2d Cir. 1985) (describing "loss of liberty damages" as "the loss of time… involved in a case of false arrest"). Plaintiff has alleged no such injury here, and there is no legal basis for plaintiff's contention that a denial of a firearm license is a loss of liberty akin to arrest or detention.

Based on the Opinion and Order, plaintiff may receive only nominal damages, because he has not, and cannot, demonstrate that his 2018 firearm applications were unconstitutionally denied and, thus, cannot demonstrate that he suffered any compensatory damages as a proximate result of review under the facially unconstitutional provisions. Plaintiff's summary judgment motion was granted with respect to a facial Second Amendment claim upon the Court's determination that Administrate Code §§ 10-303(a)(2) and (a)(9) and 38 RCNY §§ 3-03 and 5-10 afforded too much discretion to the licensing officer. Plaintiff withdrew his as-applied claims prior to discovery or summary judgment, and, thus, there is no finding here that *plaintiff's* application denials were the result of unconstitutional conduct. The Decision finds only that plaintiff's applications were reviewed under licensing regulations that afforded too much discretion to the licensing officer, not that plaintiff's applications were improperly denied because of that discretion. "Nominal damages are 'the appropriate means of vindicating rights whose deprivation has not cause actual, provable injury.' And they are particularly important in vindicating constitutional interests." *N.Y. State*

9

*Rifle & Pistol Ass'n v. City of N.Y.*, 590 U.S. 336, 355 (2020) (Alito, J., *dissenting*) (citations omitted); *see also, Carey v. Piphus*, 435 U.S. 247, 263, 266-67 (1978)); *Zinermon v. Burch*, 494 U.S. 113, 126 (1990). Accordingly, plaintiff can establish only nominal damages. *Yellow Cab Drivers Ass'n v. Safir*, 98 Civ. 3670 (WHP), 2002 U.S. Dist. LEXIS 4866, at *31-32 (S.D.N.Y. Mar. 22, 2002) ("A plaintiff who proves a mere violation of constitutional rights without proving both causation and actual injury are, at most, entitled only to nominal damages") (*citing Carey, 435 U.S. at 263).*

To the extent plaintiff sets forth specific dollar jury awards for emotional damages above, defendants note that all of the cited cases involve employment discrimination claims and are not comparable to the claims herein. Emotional damages, like all compensatory damages, are awarded as compensation for the injuries a plaintiff proves at trial were the proximate cause of the alleged wrongful act. *Olsen v. Cty of Nassau*, 615 F.Supp. 2d at 46. This determination is fact-specific, and any argument regarding the value of purported emotional damages is premature.

Dated:

| | |
|---|---|
| **THE BELLANTONI LAW FIRM, PLLC** | **MURIEL GOODE-TRUFANT**<br>Corporation Counsel for the<br>City of New York |
| By: *Amy L. Bellantoni*<br>   Amy L. Bellantoni<br>   2 Overhill Road, Suite 400<br>   Scarsdale, New York 10583<br>   (914) 367-0090<br>   abell@bellantoni-law.com<br>   *Attorneys for Plaintiff* | By: /s/ *Aimee K. Lulich*<br>   Aimee K. Lulich<br>   100 Church Street<br>   New York, New York 10007<br>   (212) 356-2369<br>   alulich@law.nyc.gov<br>   *Attorneys for Defendants* |