UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
JOSEPH SROUR,

                            Plaintiff,          1:22-cv-00003-JPC

    -against-

                                                   **JOINT PRETRIAL ORDER**
NEW YORK CITY, New York,                         **[PROPOSED]**
JESSICA TISCH, in her official
capacity as NYPD Police Commissioner,

                            Defendants.
--------------------------------------------------------x

**i. The full caption of the action is:**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
JOSEPH SROUR,

                            Plaintiff,          22 Civ. 3 (JPC)

    -against-

NEW YORK CITY, New York,
JESSICA TISCH, in her official
capacity as NYPD Police Commissioner,

                            Defendants.
--------------------------------------------------------x

1

**ii. Trial counsel are:**

*For Plaintiff*:

Amy L. Bellantoni
The Bellantoni Law Firm, PLLC
2 Overhill Road, Suite 400
Scarsdale, New York 10583
abell@bellantoni-law.com
Mobile: 914-393-2194
Facsimile: 888-763-9761


*For Defendants:*

MURIEL GOODE-TRUFANT
Corporation Counsel of the City of New York
By: Aimee Lulich
100 Church Street
New York, New York 10007
Tel: (212) 356-2369
Fax: (212) 356-1148
Email: alulich@law.nyc.gov

**iii. Basis of Subject Matter Jurisdiction**

      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, § 1343, § 2201, § 2202 and 42 U.S.C. § 1983 and § 1988. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

      Defendants do not contest jurisdiction or venue.

**iv. Summary of Claims**

*Claims*

      The issues to be decided by the Court at trial are Plaintiff's monetary damages claims for past harm caused by Defendants' enforcement of New York Administrative Code § 10-303(a)(2); (ii) New York Administrative Code § 10-303(a)(9); (iii) 38 RCNY § 3-03 (pre-December 16, 2022 version); and 38 RCNY § 5-10, in violation of the Second Amendment to the U.S. Constitution. See, 42 U.S.C. § 1983.[1]

---

[1] Plaintiff's claims for reasonable statutory attorney's fees and costs also remain to be determined by the Court. See, 42 U.S.C. § 1988.

*Defenses*

The Second Circuit has vacated as moot the Court's declaration that Admin. Code § 10-303(a)(2) violated the Second Amendment. *Srour v. New York City*, 117 F.4th 72, 85-86 (2d Cir. 2024).

Plaintiff is not entitled to compensatory damages because he cannot prove that the acts of defendants were the proximate cause of any injury. *See, e.g., Carey v. Piphus*, 435 U. S. 247, 98 S. Ct. 1042 (1978).

**v. Jury/Non-Jury and Trial Length**

The determination of Plaintiff's damages is to be tried without a jury. This trial is expected to last one day.

**vi.  Summary of the Nature of the Case**

This matter will not be tried before a jury, and, thus, no summary to be read to a jury is required.

**vii. People, Places and Institutions to Be Mentioned**
This matter will not be tried before a jury.

**viii. Consent to Magistrate Judge**
All parties have not consented to trial before a Magistrate Judge.

**ix. Stipulated Facts**

In 2018, Plaintiff applied to the NYPD License Division for a Rifle/Shotgun Permit.  In 2019, Plaintiff's application for a Rifle/Shotgun Permit was denied, and his administrative appeal was also denied.

In 2019, Plaintiff applied for a Premise (Residence) Handgun License.  In 2019, Plaintiff's application for a Premise Residence License was denied, and his administrative appeal was also denied.

Without a license, Plaintiff was prohibited from legally possessing handguns, rifles, and shotguns for self-defense between November 2019 and March 2023.

Plaintiff filed the instant complaint challenging, pursuant to the Second Amendment, New York City Administrative Code § 10-303(a)(2) and § 10-303(a)(9) and 38 RCNY §§ 3-03 and 5-10.

Plaintiff withdrew the as-applied and preemption claims pled in the Complaint prior to commencement of discovery.

38 RCNY §§ 3-03 and 5-10 were amended effective December 16, 2022.

On October 26, 2023, Plaintiff filed applications for a premises residence license and a rifle/shotgun permit with the NYPD License Division.  On November 6, 2023, plaintiff filed an application for a Carry License with the NYPD License Division.

On March 21, 2024, the License Division granted Plaintiff's applications for a premises residence license, rifle/shotgun permit, and carry license.

**x.  Witnesses**

*For Plaintiff:*

Joseph Srour (Plaintiff) (Case-in-Chief)
15 Dakota Place
Brooklyn, New York 11234
(917) 295-4635

Mr. Srour will testify in person.  Mr. Srour intends to testify to the facts giving rise to his claim for monetary damages caused by Defendants' violation of his Second Amendment rights including, inter alia,  the City's disarmament of Plaintiff from November 2019 to March 2024, the factual information underlying his monetary damages claims, the firearms-related training and practice he has engaged in since March 2024, reasons for seeking a firearms license in the first instance and the anxiety, worry, and stress experienced by not being able to be armed to protect himself, his family, and his home.

Steve Kachtan (Case-in-Chief)
2 Emerson Lane
Warren, NJ 07059
(908) 432-5762

Mr. Kachtan intends to testify to his observations of Plaintiff and state of mind.

Defendants object to Mr. Kachtan's testimony pursuant to Fed. R. Evid. Rules 402, 403, 404, 602, and 802.

*For Defendants:*
Defendants do not intend to call any witnesses.

**xi. Deposition Testimony**

The parties do not intend to offer deposition testimony in their cases-in chief. Defendants reserve the right to use deposition testimony for impeachment.

**xii. Exhibit List**

| PX# | Exhibit | Objection |
| --- | --- | --- |
|  | Notice of Disapproval, dated November 7, 2019 | 402, 403 |
|  | Invoice from Tech Solutions dated 12/2/2019; | 402, 403, 901 |
|  | PayPal Account Ledger; | 402, 403, 901 |
|  | Photographs of protection canine. | 402, 403, 901 |
|  | NYPD License Division Approval, Dated March 21, 2024 | 402, 403 |

*For Defendants:*

Defendants do not intend to offer evidence in their case-in-chief but reserve the right to introduce any exhibits identified by plaintiff above.

**xiii. Damages Claimed by Plaintiff** [2]

    **a. Compensatory Damages for Second Amendment Violation**

The damages recoverable for a constitutional violation are separable from damages recoverable for injuries such as physical harm, embarrassment, or emotional suffering; even absent such other injuries. *Kerman v. City of New York*, 374 F.3d 93, 125–26 (2d Cir. 2004) (in Fourth Amendment violation for loss of liberty, court held that an "award of several thousand dollars may be appropriate simply for several hours' loss of liberty where no other injuries occurred).

Like the loss of liberty suffered in a Fourth Amendment false arrest claim, Plaintiff suffered the complete prohibition of his right to possess firearms under the Second Amendment from November 2019 through March 2024. Even if Plaintiff establishes no other injuries, he is entitled

---

[2] Defendants state that all of the purported damages described in subsections a, b, and c of this section are compensatory damages to which plaintiff must demonstrate entitlement. Defendants further state that Kerman v. City of N.Y. is inapplicable to the instant matter, as plaintiff was not detained or arrested.

5

to monetary damages for being disarmed by the City. *Kerman*, 374 F.3d at 26 ("Thus, a verdict that a plaintiff should not receive more than nominal damages for physical injury, economic loss, or mental suffering does not foreclose a more substantial award for his loss of liberty.").

### b. Emotional Damages (Garden Variety)
Section 1983 defendants are responsible for the natural consequences of their actions. *Wallace v. Suffolk Cnty. Police Dep't*, 809 F. Supp. 2d 73, 80 (E.D.N.Y. 2011).

### c. Financial Damages
Plaintiff seeks financial damages for the installation of home security system after receiving the Appeals Unit determination denying his firearm license applications, as well as a guard dog and related personal protection training.

Defendants sued under § 1983, are responsible for the natural consequences of their actions. *Kerman v. City of New York*, 374 F.3d 93, 126 (2d Cir. 2004) (citation omitted). And plaintiff may recover financial damages by showing that his actions were reasonably foreseeable. *Wallace*, 809 F. Supp. 2d at 82 (in lost income claim, defendants may be held responsible for financial damages it was reasonably foreseeable that their misconduct would cause plaintiff to file his own retirement application).

### d. Presumed Nominal Damages
Plaintiff is entitled to, at least, nominal damages, which are presumed where a plaintiff has suffered a constitutional violation. See, *Robinson v. Cattaraugus Cnty.*, 147 F.3d 153 (2d Cir. 1998) (failure to instruct jury that it must award at least nominal damages if it found the defendants committed a constitutional violation was plain error).

### xiv. Consent to a Unanimous Verdict
This matter will not be tried before a jury.

Dated:   May 9, 2025

**THE BELLANTONI LAW FIRM, PLLC**                              **MURIEL GOODE-TRUFANT**
                                                                Corporation Counsel for the
                                                                City of New York

By: *Amy L. Bellantoni*                                         By:   /s/ Aimee K. Lulich
   Amy L. Bellantoni                                                Aimee K. Lulich
   2 Overhill Road, Suite 400                                       100 Church Street
   Scarsdale, New York 10583                                        New York, New York 10007
   (914) 367-0090                                                   (212) 356-2369
   abell@bellantoni-law.com                                         alulich@law.nyc.gov
   *Attorneys for Plaintiff*                                        *Attorneys for Defendants*